IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

RENEE L. McCRAY                    :

    Plaintiff                    :

        v.                    :  Case 1:13-cv-01518 GLR

FEDERAL HOME LOAN MORTGAGE        :

CORPORATION, et al                :

    Defendants                :

## SAMUEL I WHITE AND SUBSTITUTE TRUSTEES MEMORANDUM IN SPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

Comes now Robert H. Hillman and Daniel J. Pesachowitz, attorneys for the Defendants, Samuel I. White, PC ("SIWPC"), John E. Driscoll, II, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, Deena Reynolds (that SIWPC and the individuals named are collectively hereinafter referred to as "the SIWPC Defendants"), and in support of their Motion to Dismiss pursuant to Fed R Civ. P (FRCP)  Rule 12(b)(6) ) and Rule 56, to dismiss all claims, or in the alternative to enter summary judgment with respect to all claims asserted in the Plaintiffs 'Amended' Complaint[1] against the SIWPC Defendants and assert the following memorandum  in support of their Motion to Dismiss and states as follows:

## INTRODUCTION

Renee L. McCray, (the "Plaintiff") filed a pro se "Amended" Complaint against Freddie Mac and Wells Fargo, as well as the law firm (SIWPC) and attorneys employed by the firm(the individual SIWPC Defendants), who are the Substitute Trustees in the State foreclosure action of a residential property securing McCray's mortgage loan. The foreclosure matter (the

---

[1] While the Complaint is entitled "Amended Complaint" the Docket does not indicate that the original Complaint of May 23, 2013 was ever amended. Clearly, the Plaintiff has used the Internet to locate some complaint and tried to tailor it to her needs  in filing the  instant matter  in a 'pro se' capacity. As such these Defendant's will refer to the Amended Complaint for the purposes of this Motion as the Complaint.

L:\1\00621 McCray\Motion Dismiss  Memorandum F Ver.docx

"Foreclosure Action") is pending in the Circuit Court for Baltimore City, Maryland, Civil Action Case No. 24013000528.  The Substitute Trustees who are all attorneys for the law firm of the Defendants Samuel I White P.C. in that matter are John E. Driscoll, III, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane and Deena L. Reynolds.  All are named as defendants in this lawsuit and are alleged to be attorneys at the law firm of Samuel I. White, P.C. Complaint, ¶¶6(d) through 6(i) (they are collectively referred to  here as the SIWPC Defendants). In the instant matter the SIWPC Defendants have been sued in the five (5) Amended Complaint which asserts violations of various federal and Maryland consumer protection statutes  for three (3) Counts in the following causes of action:

- Count I—Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.

- Count II—Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann. Com. Law §14-201

- Count III—Maryland Consumer Protection Act (MCPA), Md. Code Ann. Com. Law §13-101, et seq.

For the most part, the Amended Complaint contains nothing more than recitation of the legal elements of the various statutory claims followed by conclusory assertions that the statutes were violated by these Defendants.  However, the gist of the Amended Complaint is that all the Defendants, through the use of "false, deceptive and misleading means" are attempting to collect a debt by prosecution of the foreclosure. Again the Plaintiff concedes that she is in default of the loan by not denying same.

This case fails to state a legal claim under federal or Maryland law.  Indeed, the Plaintiff fails to state a cognizable claim or cause of action against the SIWPC Defendants or any of the

named Defendants and thus the Complaint should be dismissed with without leave to amend or that the entry of summary judgment should be granted.

Initially, the individually named SIWPC Defendants  have never acted in this or any other matter involving this Plaintiff in their individual capacities, but have acted solely as designated and appointed "Substitute Trustees" pursuant to their appoint as same under a deed of Substitution of Trustee duly recorded among the Land Records of Baltimore City in Liber 14955 at folio 311 (Exhibit 1 supra). They are successor trustees to those originally named in the original security interest and are so named solely for the enforcement against the collateral securing the underlying refinance money loan which the Plaintiff has defaulted on. As such there is no basis to bring an action against these defendants in to the instant action in their individual capacity. See Exhibit 1 Substitution of Trustee. Indeed these individuals are named as mandated in the recorded deed of trust (which the Plaintiff does not dispute is a valid security interest) and Md. Rule of Civil Procedure 14-214 et seq.

Secondly, the Court should be cognizant that no where in the Complaint does the Plaintiff take issue with or dispute the fact shat she was at all times in default under her loan, nor does she allege that there was any error or discrepancy with regard to the amount of the default or the nature of the proceedings filed in the Circuit Court for Baltimore City in the State foreclosure action, *John E. Driscoll, III, et al v. Renee L. McCray*, civil action 24O13000528.  See Exhibit 2, Docket entries of the Maryland State foreclosure action ("Foreclosure Action").In this regard, and for the purposes of the instant motion,  these Defendants request this Court take judicial notice of same.  Indeed, it is perplexing that despite the alleged allegations of wrongdoing, the Plaintiff has sought and requested in the Foreclosure Action, mediation seeking a loan

modification, which is contradictory to the allegations set forth in her Complaint.  See  Exhibit 2
Foreclosure Action Docket entry #15.

Put in plain terms, it should be very clear from the outset-despite the rhetoric of the
Complaint-what this Complaint fails to allege:

A.   Any error or discrepancy with regard to the fact or amount of any debt due from the
Plaintiff-the mortgagor/debtor.  There is no factual pleading of any issue relating in
any way to the alleged errors in the amount of the debt that was due or the history or
nature of any existing default.  There is no claim that the Plaintiff as debtor is (and
has not in fact been in) default and does not in fact owe the amount of debt that was
stated in the Order to Docket, the Notice of Intent to Foreclose or other foreclosure
documents provided the Plaintiff/debtor in the State Action.

B.  The Plaintiff, while make making pure conclusory statements which, without any
predicate factual basis, does not allege, nor factually plead, actual damages resulting
from the alleged deceptive or alleged materially false statements in a "collection
process".  Indeed, the Plaintiff does not and can not show actual damages, and in fact,
has not pled any.  The Plaintiff is still in her home, as the State Action foreclosure
sale has not occurred and has been further delayed by the Plaintiff's request for a loan
modification under the State Action mediation process.[2]

C.  That there has in fact not been a violation of either the Federal Fair Debt Collection
Practices Act, nor the Maryland Fair Debt Collection Act, or the Maryland Consumer
Protection Act by the SIWPC Defendants or by any of the named Defendants in this

---

[2] The Court should note the Plaintiff requested mediation on May 3, 2013, some
three (3) weeks before she filed the instant Complaint in this Court.

L:\1\00621 McCray\Motion Dismiss  Memorandum F Ver.docx

action. The instant action is clearly a veiled attempt to delay the foreclosure proceeding in the Foreclosure Action.

In summary the SIWPC Defendants for the reasons set forth are entitled to have the Complaint filed against them (Counts 1,II and III) dismiss without leave to amend.

## <u>RESTATEMENT OF UNDISPUTED FACTS</u>

The instant matter arises out of a money loan that originated on October 7, 2005 with the original lender, American Home Mortgage Corporation. Complaint, ¶11-12. The Deed of Trust is recorded among the Land Records of Baltimore City in Liber 6830 at folio 938 et seq. The Promissory Note of October 7, 2005, (the "Note"),  evidences an endorsement, without recourse, by American Home Mortgage, payable to the order of Wells Fargo Bank, N.A.   The Note also evidences a blank endorsement by Wells Fargo Bank, N.A., making the Note payable to the holder. The loan went into default in May 2012 for non-payment and the instant action was thereafter filed. It is undisputed that the Defendant is in default under the obligations and does not dispute the allegations set forth in the Notice of Intent to Foreclose that was sent to the Defendant before the instant action was docketed. At that juncture the Defendant did not seek any declaratory action prior to the institution of the instant action.  The Foreclosure Action was filed by the Substitute Trustees on February 12, 2013 in the Circuit Court for Baltimore City Maryland..

The Note is in the possession of the secured parties and is properly and duly  indorsed.

Prior to the initiation of the action, and after the Notice of Intent to Foreclose the NOI) was sent to the Plaintiff, the Plaintiff sent on or about October 6, a request for validation of the debt. SIWPC responded to her on or about December 3, 2012 prior to proceeding with any addition action in the Foreclosure Action (See Exhibit 4) . After the response to the validation

the Foreclosure Action was docketed in the Circuit Court for Baltimore City Maryland on February 12, 2013.

The Order to Docket was served on the Defendant on February 28, 2013 . See Exhibit 2 Docket entry 9.

Thereafter the Plaintiff file some pleading denying the obligation, which the Circuit Court stuck as being improper as there is no answers filed in "in rem" quasi judicial proceeding in Maryland.See Exhibit 2 Docket entry 13/1

The Plaintiff herein requested mediation pursuant to the Real Property Article of the Annotated Code of Maryland ("RP Art") §7-105.1(j)(ii)(1) on May 1, 2013. Exhibit 2 Docket entry 18.  The mediation was set to occur on June 26, 2013. Interestingly enough, the Plaintiff sought a waiver of the mediations $50.00 cost (Exhibit 3 Docket entry 16) claiming a lack of means to afford mediation, thus questioning how she can afford the repayment of the loan for a loan modification  under the mediation she requested for which as of November 12, 2012  the balance due was  approximately $62,068.39 which has since continued to increase  on a per diem basis as well as for all the costs she continued to create with her litigious behavior[3]

On or about May 23, 2013, the Plaintiff filed the instant action in this Court

Due to the requested mediation, no sale has been set in the Foreclosure Action..

### STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint See *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). The United States Supreme Court set forth the standard of review for Rule 12(b)(6) motions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), as follows:

---

[3] Based upon Exhibit 3-F, supra, the Affidavit of Debt and the Right to Foreclose  filed as part of the Order to Docket  and served on the Plaintiff on February 28, 2013. The debt has continued to accrue while the Plaintiff continues to reside in the premises.

L:\1\00621 McCray\Motion Dismiss  Memorandum F Ver.docx

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted], a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. See _Papasan V. Allain_, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, [citation omitted], on the assumption that all the allegations in the complaint are true (even if doubtful in fact) [citations omitted].

Elaborating further, in _Ashcroft v. Iqbal_, 129 S. Ct. 1937, 1949-50 (2009) (internal citations omitted), the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief "

Two working principles underlie our decision in _Twombly_. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Thus bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second,

only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not `showing' that the pleader is entitled to relief.'

Likewise, the Court need not accept unsupported legal allegations, legal conclusions couched as factual allegations (_Revene v. Charles County Comm's_, 882 F.2d 870, 873 (4th Cir. 1989)), or conclusory factual allegations devoid of any reference to actual events  (_Papasan v. Allain_, 478 U.S. 265, 286, n.1 (1986)).  The court "need not accept the [plaintiffs] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." _Wahi v. Charleston Area Med. Ctr., Inc_., 562 F.3d 599, 616 n.26 (4th Cir. 2009).

A Court may consider facts outside the contents of a complaint on a motion to dismiss without converting the motion to one for summary judgment in certain instances. _Secretary of State for Defence v. Trimble Navigation Ltd._, 484 F.3d 700, 705 (4th Cir. 2007). In reviewing a request for dismissal of a complaint under Rule 12(b)(6), a district court may properly take judicial notice of matters of public record. _Hall v. Virginia_, 385 F.3d 421, 424, 11.3 (4th Cir. 2004) (citing _Papasan v. Allain_, 478 U.S. 265, 268 n.1 (1986)). A district court may consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic. See _Blankenship v. Manchin_, 471 F.3d 523, 526 n.1 (4th Cir. 2006).

In federal cases involving both federal jurisdictional claims and pendent jurisdiction state law claims, while there is a practice among federal courts to dismiss the state claims without prejudice in the event claims over which the court holds original jurisdiction are eliminated, when the state claims are clearly without merit, the court should dispose of them in the interest of judicial economy and to avoid the futility of meritless state court litigation. _Thomas v. Lamanque_, 986 F. Supp. 336, 338 (W.D. Va. 1997) (if an interpretation of state law that defeats the plaintiffs state claim is obviously correct, the federal judge "should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case"); _Jordahl v. Democratic Party of Virginia_, 122 F.3d 192, 203 (4th Cir. 1997) (court has "wide latitude" in how to address pendent state claims); _Sullivan v. Conway_, 157 F.3d 1092, 1095 (7th Cir. 1998) (federal court should not prolong "doomed litigation" by sending it back to the state court to be dismissed there); _Brazinski v. Amoco Petroleum Additives Co.,_ 6 F.3d 1176, 1182 (7th Cir. 1993); _Crumble v. New Directions Mortg. Co.,_ 77 Fed. Appx. 665, 2003 U.S. App. LEXIS 20750 (4th Cir. 2003) (denying plaintiff request to voluntarily dismiss state claims that the district court had dismissed with prejudice).

Furthermore, Rule 12(d), FRCP, provides that if, on a motion brought under Rule 12(b)(6), matters outside the pleadings are presented to the court, the motion must be treated as one for summary judgment under Rule 56, FRCP.  However, an exception is made for authentic documents which are referred to in the complaint and upon which the plaintiff relies in bringing the action (i.e. if they are integral to the complaint). _Philips v. Pitt Cnty. Mem. Hosp._, 572 F.3d 176, 180 (4th Cir. 2009); _Youssefi v. Renaud_, 749 F.Supp.2d 585, 590-591 (D. Md. 2011).  In this case, the Plaintiff attached to her original Complaint the promissory note, Deed of Trust and Corporate Assignment of Deed of Trust and refers to correspondence and other alleged

communications with the Defendants   Accordingly, this Court may consider these documents without converting the Motion to Dismiss to a Motion for Summary Judgment. See also, _Brown v. Chase Bank, N.A._, 2013 WL 1278523 (E.D. Mich. 2013) and authorities cited therein, Report and Recommendation of Magistrate Judge adopted in 2013 WL 1281919 (E.D. Mich. 2013) (noting that a court may consider a document that is not formally incorporated by reference or attached to a complaint if the document is referred to in the complaint and is central to the plaintiff's claim without converting the motion to dismiss into one for summary judgment.)

Regardless, in the instant matter, this Court must dismiss the Plaintiff's Complaint without leave to amend.

## ARGUMENT

### I The Complaint Must be Dismissed under Rule 12(b)(1) as There is no Justiciable "Case" or "Controversy" and Thus Plaintiffs Lack Standing and this Court Lacks Jurisdiction

The United States Constitution limits federal court jurisdiction to resolution of actual "cases" and "controversies." U.S. Const., Art. III, § 2. Standing is a threshold matter with respect to subject matter jurisdiction. See _Valley Forge Christian College v. Americans United for Separation of Church & State, Inc._, 454 U.S. 464, 476 (1982) ( "this Court has always required that a litigant have 'standing' to challenge the action sought to be adjudicated in the lawsuit" and that "[t]hose who do not possess Art. III standing may not litigate as suitors in the courts of the United States"); _Warth v. Seldin_, 422 U.S. 490, 498 (1975). A party's standing may be challenged by means of a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. _Dash v. FirstPlus Home Loan Trust_ 1996-2, 248 F. Supp. 2d 489, 501 (M.D.N.C. 2003). Plaintiffs bear the initial burden of pleading sufficient facts to demonstrate that subject matter jurisdiction exists and that they have standing to bring this action. _Lujan v. Defenders of Wildlife_, 504 U.S. 555, 561 (1992).

To have standing Plaintiffs must have suffered a specific, actual injury; there must be a causal connection between the injury and Defendants' conduct; and it must be likely, rather than merely speculative, that the injury will be redressed by a favorable decision. _Lujan_, 504 U.S. at 560-61; _Motor Coach Industries, Inc. v. Dole_, 725 F.2d 958, 963 (4th Cir. 1984) ("The focus of the constitutional inquiry must always be the party's 'injury in fact' -- whether he has suffered a sufficiently concrete injury to justify the invocation of the judiciary's remedial powers.").

In this case the Plaintiff presents the Court with no justiciable case or controversy to decide.  As to the Plaintiff, the issues complained of relate to a state foreclosure proceeding that was initiated, and are stayed pending the mediation request made by the Plaintiff herself. She by requesting mediation to obtain a modification of her loan, admits that the action was properly brought and seeks on one hand a modification of the loan she contends on the other has been wrongfully enforced. Again she has not sustained any damages or injury. In fact the Plaintiff has not previously and does not now contest the fact that the debt underlying the secured collateral on which Defendants instituted foreclosure in the State Action was in default and due and owing in the amount stated and in fact is subject to a foreclosure. To this day despite defaulting on the loan the Plaintiff remains, to this day, in her home and has sought a loan modification in the State Action. Notices of foreclosure have been given because - as is uncontested by her – that she is in default on the loan secured by her home. It is not alleged that foreclosure notices in the present, pending State foreclosure are deficient in any way and regardless of any deficiency, absent action to finalize the foreclosure, the Plaintiff can state actual damages or an actual case or controversy from a foreclosure process, which is wholly governed by state law and procedure, that has not actually occurred.

As such the lack of a justiciable controversy validates the right to have the 'Amended' Complaint dismissed without leave to amend.

## II COUNT I FAILS TO FACTUALLY ALLEGE
## A VIOLATION OF THE FDCPA AS TO THE SIWPC  DEFENDANTS

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d addresses, generally, harassment and abuse of debtors by debt collectors.  15 U.S.C. § 1692e addresses, generally, false or misleading representations by debt collectors. 15 U.S.C. § 1692f addresses, generally, unfair practices by debt collectors.  And, 15 U.S.C. § 1692g addresses, generally, proper validation of debts by debt collectors.  See 15 U.S.C. § 1692 et seq.

In the instant matter the Plaintiff make conclusory assertions as to the applicability of the FDCPA and clearly it is inapplicable to the SIWPC Defendants[4].

### 1.  Defendants are not "debt collectors" within the meaning of the FDCPA.

All of the pled actions by the SIWPC Defendants occurred in connection with the enforcement of security interests in real property and are excluded from application of the FDCPA. Initially, these Defendants are mere successors in interest to the original named trustees under the original recorded Deed of Trust and thus are entitled to the same position under the original debt obligation as though they were originally named therein, regardless of the subsequent transfers by interest by the secured parties.  The SIWPC Defendants, in seeking to foreclose solely on security interests, do not meet the statutory definition of "debt collectors" and were not engaged in "debt collection activity" in the context of their performance as substitute trustees and are required to be appointed under the Maryland quasi judicial proceeds rules to proceed with a foreclosure sale in Maryland See Md. Rule 14-214 et seq.. In *Blagogee v. Equity*

---

[4] There is no factual allegation contained in the Complaint, nor can one be inferred from any exhibit, that avers the SIWPC Defendants demanded payment of the debt. Indeed the Plaintiff specifically alleges  that the individual SIWPC Defendants were acting as substitute trustees. See Complaint¶¶6(d)-(i)

*Trustees, LLC*, 2010 U.S. Dist. LEXIS 114233 (ED. Va. July 26, 2010), the Court held that a complaint alleging FDCPA violations by a mortgagor in default against a lawyer was insufficient to withstand a motion to dismiss for its failure to allege actions on the part of the lawyer, other than those required to enforce a security interest in his capacity as substitute trustee appointed by a secured lender. Id. at 1346

   *Blagogee* distinguished earlier decisions that a substitute trustee was also a debt collector subject to FDCPA because, under the facts of *Blagogee*, the lawyer did not focus his efforts on debt collection by making payment demands and communicating deadlines and penalties for failure to pay. Rather, he gave only those notices required under the deed of trust note and foreclosure statutes, and the allegations of the Complaint made clear that the activity complained of was a series of steps taken to exercise a foreclosure remedy as is the instant case. Id[5]. The Court concluded that actions taken to enforce a security interest in real property are fundamentally distinct from debt collection activity covered under the FDCPA. Id. Most recent cases are in accord with this analysis. See, e.g., *Moore v. Commonwealth Trustees, LLC*, 2010 U.S. Dist LEXIS 113724, at 10, 2010 WL 4272984 (E.D. Va. Oct. 25, 2010) ("foreclosing on property is not a debt collection activity");17 *Bolourz v. Bank of America, NA.*, 2010 U.S. Dist. LEXIS 87170, at *16-17, 2010 WL 3385177, at *5 (ED. Va. Aug. 24, 2010) (citing *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 2009 WL 2477764 (11th Cir. Aug. 14, 2009) ("[S]everal courts have held that an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property. .. . falls outside the ambit of the FDCPA ."));  *Ruggia v. Washington Mutual*, 2010 U.S. Dist LEXIS 47373, 2010 WL 1957218 (ED. Va. May 13, 2010) (citing *Horvath*, and *Warren*); *Horvath v. Bank of New York*, 2010 U.S. Dist

---

[5] Clearly the affidavit of Debt, the right tof foreclose  and the notice of intent to foreclose are all signed by the secured party Wells Fargo Bank NA not the individual named substitute trustees or the law firm SIWPC.

L:\1\00621 McCray\Motion Dismiss  Memorandum F Ver.docx

LEXIS 19965, at *9, 2010 WL 538039, at *3 (ED. Va. Jan. 29, 2010) (citing 15 U.S.C. §

1692a(6)(F)(0) ("[t]he term [debt collector] does not include any person collecting or attempting

to collect any debt owed or due or asserted to be owed or due another to the extent such activity

is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement") (emphasis

added).

As in _Blagogee_ and the other cited cases, Plaintiff here alleges violations of the FDCPA

based on actions taken solely with regard to and in furtherance of Defendants' duties as substitute

trustees and attorneys enforcing security interests in real property. There is no alleged debt

collection activity by any of the SIWPC Defendants including the law firm itself.

### 2.   The alleged violations of the FDCPA were not material and are thus not actionable.

The Plaintiff fails to assert what, is any, misrepresentations were allegedly made and by

whom in the Complaint and thus the actions does not meet any legal threshold requirement for

materiality. _Smith v. Transworld Systems, Inc.,_ 953 F.2d 1025, 1028 (6th Cir. 1992) (it is for the

Court to rule on the issue of whether the action of a debt collector is deceptive to the least

sophisticated consumer as a matter of law). Despite the Plaintiff contending that the SIWPC

Defendants failed to validate the October 6, 2012 demand for debt validation (Complaint ¶27)

the SIWPC Defendants clearly provided a response to same  on December 3, 2012 (Exhibit 4)

both by certified mail and regular prepaid postage first class mail, prior to undertaking any

further action in the State Action as is required under the FDCPA. Regardless the contention of

the validation of the debt is not material relative to the information previously provided the

Plaintiff by the other named Defendants and the subsequent service of the Order to Docket

(Exhibit 3 et seq.) by these Defendants. Clearly there was no false representations made to

mislead the Plaintiff ever made by any Defendant and none is factually alleged.

L:\1\00621 McCray\Motion Dismiss  Memorandum F Ver.docx

Federal courts throughout the country have held that false but non-material representations are not likely to mislead even the least sophisticated consumer and therefore are not actionable under 15 U.S.C. §§ 1692e or 1692f of the FDCPA. _Donohue v. Quick Collect, Inc.,_ 592 F.3d 1027, 1033 (9th Cir. 2010) ("We agree with the approach adopted by the Sixth and Seventh Circuits. We have consistently held that whether conduct violates §§ 1692e or 1692f requires an objective analysis that considers whether 'the least sophisticated debtor would likely be misled by a communication. We now conclude that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f.") (citations omitted) (following _Hahn v. Triumph P'shtps LLC_, 557 F.3d 755 (7th Cir. 2009) and _Miller v. Javitch, Block & Rathbone,_ 561 F.3d 588 (6th Cir. 2009) (materiality required to establish a FDCPA violation)).

The sole allegation unsupported by any factual allegations is that that "[D]efendants violated USC Title 15 §1692e(2)(A)by _falsely representing the character, amount or legal status of the debt_." Complaint at ¶44. Besides this conclusory allegation nothing has been factually pled to substantiate same.

In _Hahn v. Triumph Partnerships LLC_, 557 F.3d 755 (7th Cir. 2009), Chief Judge Easterbrook concluded for a panel of the Seventh Circuit that a false statement is not actionable under § 1692e unless it is material. Chief Judge Easterbrook observed that "[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement." Id. at 757 (citing _Carter v. United States_, 530 U.S. 255 (2000); _Neder v. United States_, 527 U.S. 1 (1999)). Accordingly, there is no "reason why materiality should not equally be required in an action based on § 1692e." Id. The purpose of the FDCPA, "to provide information that helps consumers to choose intelligently," would not be furthered by creating liability as to immaterial information

because "by definition, immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." Id. at 757-58. The Seventh Circuit framed materiality as a corollary to the well- established proposition that "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act] -- even if it is false in some technical sense." Id. at 758 (quoting _Wahl v. Midland Credit Mgmt., Inc._, 556 F.3d 643, 646 (7th Cir. 2009) (alterations in original)). Thus, "[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable." Id. The Sixth and Eleventh Circuits have reached the same conclusion. See _Miller v. Javitch, Block & Rathbone_, 561 F.3d 588, 596 (6th Cir. 2009); _Starosta v. MBNA America Bank, NA._, 244 Fed. Appx. 939, 2007 WL 2007944 (11th Cir. 2007) (debt collection firm use of acronym "PA." not a violation, even when collection firm is not a professional services corporation because, among other reasons, its use cannot be said to have either misled, confused or deceived the plaintiff).

In the instant case, contrary to the assertion that the Plaintiff never received a response to her October 6, 2012 letter seeking a validation of the debt, a response was in fact sent to her on December 3, 2012 by regular and certified mail. In that response the debt was validated in compliance with the FDCPA. Furthermore  the Plaintiff was serviced with the  Order to Docket (Exhibit 3) in the Foreclosure Action  which further contained the information that the Plaintiff claims she did not have, which documents were served upon her (February 28 2013)  some THREE (3) months before the instant actions was filed in this Court[6]. Clearly the Plaintiff mis-states the factual truth. As such,  the misstatements of the Plaintiff asserting conclusory

---

[6] Again the Order to Docket Package (Exhibit 3) contained affidavits signed by the secured party opining as to ownership (Exhibit 3 B) ; copies of the promissory note and recorded Deed of Trust(Exhibit 3  A  & C respectively); the affidavit of the right to foreclose  which set forth the itemization of the debt due (Exhibit 3-F) ; the affidavit of default (Exhibit 3-G)  and another copy and affidavit that the Notice of Intent to Foreclose (NOI) was sent (Exhibit 3-H). Again all these documents evidence the information the Plaintiff claims she never was provided or that was validated and same is done under oath and signed by the agent of the secured party.
L:\1\00621 McCray\Motion Dismiss  Memorandum F Ver.docx

allegations must be  view especially in light of the Plaintiff seeking a loan modification in the

Foreclosure Action of the very debt she contends is in error and in violation of the FDCPA, in a

light not to the Plaintiffs benefit. As such Count I the FDCPA violation by SIWPC and the

SIWPC Defendants must be dismissed again without leave to amend.

### III The Complaint Fails to State Any Claims Under the Maryland Fair Debt Collection Act (Second Cause of Action)

Section 14-202(8) of the  Maryland Commercial Law Art. provides:

In collecting or attempting to collect an alleged debt a collector …….

(8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not

exist. Complaint ¶ 52.

The Statute is nothing more than a piggy back mirror the Federal counterpart. Sections

14-202 and 14-203 apply only when a "collector" is attempting to collect "an alleged debt." A

"collector" is "a person collecting or attempting to collect an alleged debt arising out of a

consumer transaction." Section 14-201(b). A "consumer transaction" is "any transaction

involving a person seeking or acquiring real or personal property, services, money, or credit for

personal, family, or household purposes." Section 14-201(c). Again, as advanced in the argument

under the FDCPA rebuttal, the SIWPC Defendants and SIWPC itself are not debt collectors

under the circumstance. In this regard, these Defendants adopt and reassert those arguments

advanced under the federal counterpart , the FDCPA, and incorporate them herein as though they

were recited at length herein.

In the instant case the Plaintiff again makes a mere conclusory baseless assertions as to a

violation of the Maryland Fair Debt Collections Act by alleging that the Defendants  are

attempting to collect a debt that they had no right to and did not exist, thereby giving rise to a

cause of action under the Maryland Act (Md. Code, Corn. Law., §§ 13-101 et seq.). Complaint

¶¶ 52-53. The allegations are replete with implausible inferences and unsupportable legal conclusions especially since the Plaintiff was served  with validating proof of the right to proceed under the Order To Docket (Exhibit 3) and  has since being served in the Foreclosure Action all signed under oath by the secured party opining to the debt and the amount due and the notices provided of the default. The Plaintiff seeking a mediation in the Foreclosure Action for a loan modification of the debt that is undisputed of a default amount in not to a an admission that the debt is due, but further as a waiver or an estoppel to claim otherwise

As in the case of her FDCPA claim, Plaintiff's MCDCA claim is entirely unsupported by any factual predicates and  consists entirely of naked legal conclusions. Clearly the Count fails to state a viable cause of action.   In this regard, if the Plaintiff is arguably attempting to contest the legitimacy of the debt under the MCDCA,  such a claim is not permitted under the Act. See _Fontell v. Hassett_, 870 F.Supp2d 395 (D.Md. 2012) (the prohibitions contained in the MCDCA are interpreted as proscribing certain methods of debt collection and not the collection of the debt itself).  Even if the MCDCA did permit such a challenge, the Plaintiff  has not alleged any factual  basis which plausibly support the proposition that the debt does not exist and that the lien is not enforceable by the secured party in the State Foreclosure Action. Again the Plaintiff sought validation of the debt after receiving the Notice of Intent to Foreclose (dated October 2, 2012) and then again questioned this debt a few days later on October 6, 2012. She received a response validating the debt pursuant to a validation letter dated December 3, 2012. The Plaintiff  then again received this information after the debt had been validated  when she was served with the Order to Docket package  on February 28, 2013  which  package she admits receiving. Again the Order to Docket Package (Exhibit 3) contained affidavits signed by the secured party opining as to ownership (Exhibit 3 B) ; copies of the promissory note and recorded Deed of Trust(Exhibit 3

A  & C respectively); the affidavit of the right to foreclose  which set forth the itemization of the debt due (Exhibit 3-F) ; the affidavit of default (Exhibit 3-G)  and another copy and affidavit that the NOI was sent (Exhibit 3-H). Again all these documents evidence the information the Plaintiff claims she never was provided or that was validated and same is done under oath and signed by the agent of the secured party. As such the Plaintiff is factually incorrect with regard to the assertions  that she makes in the Court and in under the Complaint, that the Defendants never properly responded to her or attempted to enforce the obligations.

Again the Plaintiff does not allege that she is current in her loan, and is not in default of the obligations under the Note.  As noted by several courts in this District, the right to initiate foreclosure proceedings arises from the borrower's default.  *Currie v. Wells Fargo Bank*, 2013 WL 2295695 at *11 (D.Md. 2013); *Piotrowski v. Wells Fargo Bank, N.A.,* 2013 WL 247549 at *9 (D.Md. 2013); *Stewart v. Bierman*, 859 F.Supp.2d 754, 770 (D.Md. 2012) (holding that the MCDCA does not allow for recovery in errors or disputes in the process or procedure of collecting legitimate, undisputed debts); *Stovall v. Suntrust Mortgage, Inc*., 2011 WL 4402680 at *9 (D.Md. 2011).  As a result, the Plaintiffs claims cannot and are not factual based claims under the MCDCA  and must be dismissed.

## IV The Complaint Fails to State Any Claims Under the Maryland Consumer Protection Act (Third Cause of Action)

The Plaintiff  alleges liability under the Maryland Consumer Protection Act (the "MCPA") (Md. Code Comm. Law, §13-301 et seq.) for the following alleged violations:

a. Refusing to provide her with "necessary information pertaining to the Plaintiff's Promissory Note and Deed of Trust. §13-301(1).

b. Stating that Freddie Mac is the Owner of Plaintiff's Mortgage Note when the Defendants have refused to provide information proving the chain of custody of Plaintiff's Promissory Note to Freddie Mac. §13-301(2)(ii).

c. Refusing to provide Plaintiff notices of the sales, transfers and assignments of Plaintiff's Promissory Note, §13-301(3).

d. Initiating a foreclosure action to sell Plaintiff's property by concealing sales, transfers and assignments concerning her promissory note.  §13-301(9)(i).

e. Concealing material facts pertaining to Plaintiff's Promissory Note and Deed of Trust. §13-302, and

f. Failing or refusing to validate the alleged debt and continuing the foreclosure action. §13-303(4).

 Plaintiff again make mere conclusory assertions as to a violation of the Maryland Consumer Protection Act by alleging that they  are attempting to collect a debt that they had no right to and did not exist, thereby giving rise to a cause of action under the Maryland Consumer Protection Act (Md. Code, Corn. Law., §§ 13-101 et seq.). Complaint ¶¶ 52-53. The allegations are replete with implausible inferences and unsupportable legal conclusions especially since the Plaintiff has since sought a mediation in the Foreclosure Action for a loan modification. Clearly she has been provide with all the documentation she has requested and the validation of the debt on numerous occasions.

Initially, the issue as to SIWPC and the SIWPC Defendants has been address by this very court in _Stewart v. Bierman_, 859 F. Supp. 2d 759, 768 (D. Md. 2012) (citing _Lloyd v. Gen. Motors Corp._, 397 Md. 108, 916 A.2d 257, 277 (2007). In the action against the Substitute Trustees, § 13–104 exempts various professional services from the MCPA, including lawyers

and hence law firms. See Md.Code Ann. Com. Law § 13–104(1); *Robinson v. Fountainhead Title Group Corp.,* 447 F.Supp.2d 478, 490 (D.Md.2006). While the Plaintiff may attempt to avoid the exemption by arguing that the Substitute Trustees "were not acting within the scope of their license as attorneys" when they were appointed as "trustees" in the foreclosure proceedings "and therefore are not entitled to claim any exemption from liability." Am. Compl. ¶ 199. As Judge Titus made clear in *Stewart*, the Substitute Trustees are exempt, because the Court has applied the exemption to dismiss MCPA claims against the enumerated professionals even when plaintiffs have alleged that they were acting in some way other than their professional capacity. Id at 768 quoting *Robinson*, 447 F.Supp.2d at 490 (…"Plaintiff contends that she did not sue Long & Foster because of its activities as a realtor, but because it worked in conjunction with the other defendants to establish the sham company-Assurance Title. Plaintiff's allegations, nonetheless, concern the "professional services" of Defendants and this claim will be dismissed"). Thus there is no viable action against the Substitute Trustees, all of whom are lawyers or the law office of Samuel I White PC for whom they are attorneys.

To state a valid claim under the Maryland Consumer Protection Act (hereafter referred to as the "MCPA") requires a showing of a deceptive practice or misrepresentation that is (a) material, (b) relied upon and (c) causes actual damage to the consumer. *Citramanis v. Hallowell*, 328 Md. 142, 151, 613 A.2d 964, 968 (1992) ("It is manifest from the language employed in subsection (a) [of the MCPA] that the General Assembly intended that a plaintiff pursuing a private action . . . prove actual injury or loss sustained."); *Got v. Phillips*, 308 Md. 1, 10-12, 517 A.2d 328, 332-33 (1986) ("An omission is considered material if a significant number of unsophisticated consumers would attach importance to the information in determining a choice of action . . . . [I]n determining the damages due the consumer, we must look only to his actual

loss or injury caused by the unfair or deceptive trade practices"); *McGraw v. Loyola Ford, Inc.,* 124 Md. App. 560, 723 A.2d 502 (1999). Thus, unlike a public enforcement action by the Maryland Attorney General, a private action pursuant to the MCPA can only be maintained when the plaintiff has properly pleaded a material misrepresentation or act on the part of the defendant that caused an actual loss. *Legg v. Castrucci*°, 100 Md. App. 748, 642 A.2d 906 (1994). The limitations on private actions to only those in which actual damage can be shown is intended to "prevent aggressive consumers who were not personally harmed by the prohibited conduct . . . from instituting suit 'as self-constituted private attorneys general' over relatively minor statutory violations." *Citraman*s, cited above, 328 Md. at 151-52 (quoting 1 H. Alperin & R. Chase, Consumer Law: Sales Practices and Credit Regulation § 136, at 193 (1986)). The basic requirements for a private right of action under the MCPA are not met here and the Count as to the SIWPC Defendants must be dismissed without leave to amend..

## V The "prior exclusive jurisdiction doctrine" bars the complaint and mandates dismissal of this case.

 It is well-settled that, "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." *Marshall v. Marshall*, 547 U.S. 293, 311, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006). The Supreme Court of the United States has explained:

> Where the action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.

*Kline v. Burke Const. Co*., 260 U.S. 226, 229, 43 S.Ct. 79, 67 L.Ed. 226 (1922); see also *City of Orangeburg v. So. Ry. Co*., 134 F.2d 890, 892 (4th Cir.1948) ("[T]he court, state or federal, which first acquires jurisdiction of the subject matter of a suit in rem holds it to the exclusion of any other court until its duty is fully performed."). The purpose of this rule is to prevent two courts from issuing contradictory and incompatible rulings regarding the same res.

In order for the "prior exclusive jurisdiction" doctrine to apply, and for the Court to be without jurisdiction, all of the following must be true: (1) the state action must be an action in rem or quasi in rem; (2) the federal action must be in rem or quasi in rem, under the law of the forum state; and (3) the state action must have commenced prior to the federal action and proceeded to a degree sufficient to cause the state court to have asserted jurisdiction over the res. See Seitz v. Federal National Mortgage Assoc., 2012 WL 5523078 (E.D.Va.).

In this case it is clear that the state action was commenced prior (the action was docket on February 12, 2013) to the federal action (filed May 23, 2013), as the state court proceeding has been ongoing since its docketing and continues to do so.  Although the Plaintiff filed a suit with this Court, the effect and apparent attempt is to remove the ongoing Maryland State court foreclosure proceedings from jurisdiction of the state court to this Court Yet contrary to her desire, she sought mediation in the State Foreclosure Action and thus this case should be dismissed. prior to the filing of the instant case.

The analysis then turns on whether the present action and the action currently pending in the state court are in rem or quasi in rem actions under the law of the forum state. The Maryland foreclosure case which the Plaintiff seeks relief from, by virtue of this instant action, is a quasi in rem proceeding pursuant to Maryland courts.. *D'Aoust v. Diamond* 424 Md. 549, 595, 36 A.3d 941, 968 Fn16 (2012) (in discussing the status of immunity of a court appointed trustee in a

contract lien case).  A foreclosure action is a quasi in rem procedure to determine not only the

right to foreclose but also the amount due on the mortgage. *Associates Home Equity Services,*

*Inc. v. Troup*, 343 N.J. Super. 254, 778 A.2d 529 (App. Div. 2001); See also *Bates v Cohn* 417

Md. 309, 319, 9A. 3d. 846, 853((2010).

Because both the pending state court action and the action before this Court should

be considered quasi in rem, and because the action still pending in the state court was

commenced first, the prior exclusive jurisdiction doctrine serves to prevent this Court from

exercising its jurisdiction over this action and this case must be dismissed.

### VI THE PLAINTIFF LACKS THE AUTHORITY
### TO SUE THE INDIVIDUAL SIWPC DEFENDANTS

Maryland's foreclosure process is governed by state statutes and court rules. See,

e.g., Md. REAL PROPERTY Code Ann., § 7-105; Maryland Rule 14-201. Indeed, it is well

established that state regulation of the foreclosure process is so pervasive that foreclosures, no

matter how conducted, constitute "state action" for Constitutional due process purposes. *Griffin*

*v. Bierman*, 403 Md. 186, 197 n.8, 941 A.2d 475, 481 (2008). Because of the nature of the state

court involvement, in all judicial and foreclosure sales, regardless of how conducted, the

supervising Maryland state court in which the foreclosure proceeding is docketed is considered

the "vendor" of the foreclosure sale property, and the person or persons appointed by the parties

or the court to serve as trustee to carry out the sale is considered to be acting for and the agent of

the court for that purpose. In Maryland, judicial sales must be conducted by an individual who is

named as a trustee in the security instrument. Maryland Rule 14-214 et seq. When the sale is

commenced, if the named individual named in the security instrument is unavailable, then the

secured party may substitute them, and in doing so, files a deed of Substitution of Trustee among

the land records where the in rem proceeding is to occur against the subject property, and

replaces those named with a person to act on behalf of the secured party to foreclose the collateral so it can be applied to outstanding default obligation. In *Merryman v. Bremmer*, 250 Md. 1, 241 A.2d 558 (1968) and *Lurman v. Hubner,* 75 Md. 268, 23 A. 646 (1892), the Maryland Courts have held that "where there is a judicial sale of property, the court itself is a vendor and any trustee appointed to make the sale is an agent of the court for that purpose." Indeed, pursuant to *Rice v. Dunn*, 81 Md.App. 510, 568 A.2d 1125 (1990), "judicial officers are immune from civil actions if the action in question that was performed by the judicial officer was discretionary and not ministerial and [was] within the jurisdiction of the officer's authority." Further, the Court of Special Appeals decision in *Tucker v. Woolery*, 99 Md.App. 295, 637 A.2d 482 (1994), supports the conclusion that trustees are entitled to immunity in their performance of judicial acts. See *D'Aoust v. Diamond* 424 Md. 549, 36 A.3d 941 (2012).

Initially, the Plaintiff does not indicate that they are suing the SIWPC individuals in their individual capacity thought she alludes to them being attorneys of SIWPC and ("substitute trustees"). Nowhere does the Plaintiff factually assert what action, if any, any of the individuals undertook in the instant action in the alleged violations of Counts I-III. In the instant action there is nothing factually plead  that any of the SIWPC individual Defendants did "anything beyond the scope of their authority which would lead to their losing the immunity that they have as trustees and to justify them being held personally liable to the Plaintiff.  Subject to the review of the court, trustees perform various functions in connection with judicial sales for which they exercise personal discretion and judgment. In general, "trustees have 'discretion to outline the manner and terms of the sale[.] ". *Fagnani*, 418 Md. at 385, 15 A.3d at 290.   A court-appointed trustee's duties have been described in the following way:

[A trustee] has not by virtue of his office any title to the property decreed to be sold, or any interest in it, or in the proceeds of sale. He is not appointed to protect the rights of the different claimants to the money in his hands, or to represent them in any controversy. His functions are prescribed and limited by the decree which appointed him. *Lurman*, 75 Md. at 274, 23 A. at 648. In general, a trustee is charged with acting in a diligent manner to perform the functions for which he or she was appointed. See *Standish Corp. v. Keane*, 220 Md. 1, 7, 150 A.2d 728, 731 (1959); *Talbert v. Seek*, 210 Md. 34, 45, 122 A.2d 469, 474 (1956). Trustees have a duty to perform these functions without fraud or bad faith. See *Woelfel v. Tyng*, 221 Md. 539, 544, 158 A.2d 311, 313 (1960); *Standish Corp*., 220 Md. at 9, 150 A.2d at 732; *Righter v. Clayton*, 173 Md. 138, 144, 194 A. 819, 821–22 (1937) Accordingly there is noting factually plead that the SIWPC individual Defendant's did anything wrong nor that they in any way acted improperly or without authority or in dereliction of the duties.

As such, Counts I through III as to the individual named SIWPC Defendants must be dismissed without leave to amend.

## CONCLUSION

For each of the foregoing reasons, the allegations contained in the Complaint fail to state claims upon which relief can be granted, and Defendants request that this Court dismiss all stated causes of action with prejudice.

Respectfully Submitted:

Samuel I. White, PC

/s/ Robert H. Hillman

_____

Robert H. Hillman, MD 06910


/s/ Daniel J. Pesachowitz

_____

Daniel J. Pesachowitz  MD14930
611 Rockville Pike #100
Rockville, MD 20852
        301-804-3385
        Fax 301-838-1954
rhilllman@siwpc.com
dpeascho@siwpc.com
Attorney for Samuel I White
P.C. and the SIWPC Individuals


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on <u>July 1 </u>, 2013, I mailed, by first class mail, postage prepaid, a copy of the foregoing to: Renee L. McCray, 109 North Edgewood Street, Baltimore, MD 21229, Plaintiff;  and electronically served Michael S. Barranco Esq, Treaner Pope and Hughes PA 500 York Road, Towson, Maryland 21204, for Defendants FHLMC, Wells Fargo Bank NA


/s/ Robert H. Hillman

_____

Robert H. Hillman