# EXHIBIT "M"



Consumer Financial
Protection Bureau

1700 G Street, N.W., Washington, DC 20552

CFPB Bulletin 2013-07

Date:       July 10, 2013
Subject:    Prohibition of Unfair, Deceptive, or Abusive Acts or Practices in the
            Collection of Consumer Debts

Under the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), all covered persons or service providers are legally required to refrain from committing unfair, deceptive, or abusive acts or practices (collectively, UDAAPs) in violation of the Act. The Consumer Financial Protection Bureau (CFPB or Bureau) is issuing this bulletin to clarify the contours of that obligation in the context of collecting consumer debts.

This bulletin describes certain acts or practices related to the collection of consumer debt that could, depending on the facts and circumstances, constitute UDAAPs prohibited by the Dodd-Frank Act. Whether conduct like that described in this bulletin constitutes a UDAAP may depend on additional facts and analysis. The examples described in this bulletin are not exhaustive of all potential UDAAPs. The Bureau may closely review any covered person or service provider's consumer debt collection efforts for potential violations of Federal consumer financial laws.

## A. Background

UDAAPs can cause significant financial injury to consumers, erode consumer confidence, and undermine fair competition in the financial marketplace. Original creditors and other covered persons and service providers under the Dodd-Frank Act involved in collecting debt related to any consumer financial product or service are subject to the prohibition against UDAAPs in the Dodd-Frank Act.[1]

In addition to the prohibition of UDAAPs under the Dodd-Frank Act, the Fair Debt Collection Practices Act (FDCPA) also makes it illegal for a person defined as a "debt collector" from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt,"[2] to "use

---

[1] *See* Dodd-Frank Act, §§ 1002, 1031 & 1036(a), codified at 12 U.S.C. §§ 5481, 5531 & 5536(a). It is also prohibited for any person, even if not a covered person or service provider, to knowingly or recklessly provide substantial assistance to a covered person or service provider in violating section 1031 of the Dodd-Frank Act. *See* Dodd-Frank Act, § 1036(a)(3), 12 U.S.C. § 5536(a)(3). The principles of "unfair" and "deceptive" practices in the Act are informed by the standards for the same terms under Section 5 of the Federal Trade Commission Act (FTC Act). *See* CFPB Examination Manual v.2 (Oct. 2012) at UDAAP 1 (CFPB Exam Manual). To the extent that this Bulletin cites FTC guidance or authority, such references reflect the views of the FTC, and are not binding upon the Bureau in interpreting the Dodd-Frank Act's prohibition on UDAAPs.
[2] FDCPA § 806, 15 U.S.C. § 1692d.

EXHIBIT M
Page 1 of 6

any false, deceptive, or misleading representation or means in connection with the collection of any debt,"[3] or to "use any unfair or unconscionable means to collect or attempt to collect any debt."[4]  The FDCPA generally applies to third-party debt collectors, such as collection agencies, debt purchasers, and attorneys who are regularly engaged in debt collection.[5]  All parties covered by the FDCPA must comply with any obligations they have under the FDCPA, in addition to any obligations to refrain from UDAAPs in violation of the Dodd-Frank Act.

Although the FDCPA's definition of "debt collector" does not include some persons who collect consumer debt, all covered persons and service providers must refrain from committing UDAAPs in violation of the Dodd-Frank Act. [6]

## B.  Summary of Applicable Standards for UDAAPs

### 1.  *Unfair Acts or Practices*

The Dodd-Frank Act prohibits conduct that constitutes an unfair act or practice.  An act or practice is unfair when:

(1)     It causes or is likely to cause substantial injury to consumers;

(2)     The injury is not reasonably avoidable by consumers; and

(3)     The injury is not outweighed by countervailing benefits to consumers or to competition.[7]

A "substantial injury" typically takes the form of monetary harm, such as fees or costs paid by consumers because of the unfair act or practice.  However, the injury does not have to be monetary.[8]  Although emotional impact and other subjective types of harm will not ordinarily amount to substantial injury, in certain circumstances emotional impacts may amount to or contribute to substantial injury.[9]  In addition, actual injury is not required; a significant risk of concrete harm is sufficient.[10]

---

[3] FDCPA § 807, 15 U.S.C. § 1692e.  This provision also imposes affirmative obligations on "debt collectors" under the FDCPA when collecting consumer debts.

[4] FDCPA § 808, 15 U.S.C. § 1692f.  This provision also imposes affirmative obligations on "debt collectors" under the FDCPA when collecting consumer debts.

[5] *See* FDCPA § 803(6), 15 U.S.C. § 1692a(6). The FDCPA also covers, as a "debt collector," a creditor who, in collecting its own debts, uses any name other than its own which would indicate that a third person is attempting to collect the debts.

[6] The FDCPA also reaches any person who designs, compiles, or furnishes forms knowing such forms would be used to create the false belief in a consumer that a person other than the creditor is participating in collecting the creditor's debts.  *See* FDCPA § 812, 15 U.S.C. § 1692j.

[7] Dodd-Frank Act §§ 1031, 1036, 12 U.S.C. §§ 5531, 5536.

[8] CFPB Exam Manual at UDAAP 2; *see also FTC v. Accusearch, Inc.*, 06-cv-105-D, 2007 WL 4356786, at *7-8 (D. Wyo. Sept. 28, 2007); FTC Policy Statement on Unfairness (Dec. 17, 1980), *available at* http://www.ftc.gov/bcp/policystmt/ad-unfair.htm.

[9] CFPB Exam Manual at UDAAP 2.

[10] *Id.*

An injury is not reasonably avoidable by consumers when an act or practice interferes with or hinders a consumer's ability to make informed decisions or take action to avoid that injury.[11]   Injury caused by transactions that occur without a consumer's knowledge or consent is not reasonably avoidable.[12]   Injuries that can only be avoided by spending large amounts of money or other significant resources also may not be reasonably avoidable.[13]   Finally, an act or practice is not unfair if the injury it causes or is likely to cause is outweighed by its consumer or competitive benefits.[14]

Established public policy may be considered with all other evidence to determine whether an act or practice is unfair, but may not serve as the primary basis for such determination.[15]

### 2.   *Deceptive Acts or Practices*

The Dodd-Frank Act also prohibits conduct that constitutes a deceptive act or practice.  An act or practice is deceptive when:

> (1) The act or practice misleads or is likely to mislead the consumer;
> (2) The consumer's interpretation is reasonable under the circumstances; and
> (3) The misleading act or practice is material.[16]

To determine whether an act or practice has actually misled or is likely to mislead a consumer, the totality of the circumstances is considered.[17]   Deceptive acts or practices can take the form of a representation or omission.[18]   The Bureau also looks at implied representations, including any implications that statements about the consumer's debt can be supported.  Ensuring that claims are supported before they are made will minimize the risk of omitting material information and/or making false statements that could mislead consumers.

To determine if the consumer's interpretation of the information was reasonable under the circumstances when representations target a specific audience, such as older Americans or financially distressed consumers, the communication may be considered from the perspective of a reasonable member of the target audience.[19]   A statement or information can be misleading even if not all consumers, or not all consumers in the targeted group, would be misled, so long as a significant minority

---

[11] *Id.*
[12] *Id.*
[13] *See id.* at 2-3.
[14] Dodd-Frank Act § 1031(c)(1)(B), 12 U.S.C. § 5531(c)(1)(B); *see also* CFPB Exam Manual at UDAAP 2.
[15] Dodd-Frank Act § 1031(c)(2), 12 U.S.C. § 5531(c)(2); *see also* CFPB Exam Manual at UDAAP 3.
[16] The standard for "deceptive" practices in the Dodd-Frank Act is informed by the standards for the same terms under Section 5 of the FTC Act.  *See* CFPB Exam Manual at UDAAP 5.
[17] CFPB Exam Manual at UDAAP 5.
[18] *Id.*
[19] *See id.* at 6.

EXHIBIT M
Page 3 of 6

would be misled.[20]  Likewise, if a representation conveys more than one meaning to reasonable consumers, one of which is false, the speaker may still be liable for the misleading interpretation.[21]  Material information is information that is likely to affect a consumer's choice of, or conduct regarding, the product or service. Information that is likely important to consumers is material.[22]

Sometimes, a person may make a disclosure or other qualifying statement that might prevent consumers from being misled by a representation or omission that, on its own, would be deceptive.  The Bureau looks to the following factors in assessing whether the disclosure or other qualifying statement is adequate to prevent the deception: whether the disclosure is prominent enough for a consumer to notice; whether the information is presented in a clear and easy to understand format; the placement of the information; and the proximity of the information to the other claims it qualifies.[23]

3.    *Abusive Acts or Practices*

The Dodd-Frank Act also prohibits conduct that constitutes an abusive act or practice.  An act or practice is abusive when it:

> (1) Materially interferes with the ability of a consumer to understand a term or condition of a consumer financial product or service; or
> (2) Takes unreasonable advantage of –
> > (A) a consumer's lack of understanding of the material risks, costs, or conditions of the product or service;
> > (B) a consumer's inability to protect his or her interests in selecting or using a consumer  financial product or service; or
> > (C) a consumer's reasonable reliance on a covered person to act in his or her interests.[24]

It is important to note that, although abusive acts or practices may also be unfair or deceptive, each of these prohibitions are separate and distinct, and are governed by separate legal standards.[25]

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*; *see also* CFPB Bulletin 12-06, Marketing of Credit Card Add-On Products (July 12, 2012), *available at* http://files.consumerfinance.gov/f/201207_cfpb_bulletin_marketing_of_credit_card_addon_products.pdf.

[24] Dodd-Frank Act § 1031(d), 12 U.S.C. § 5531(d); *see also* CFPB Exam Manual at UDAAP 9; Stipulated Final Judgment and Order, Conclusions of Law ¶ 12, 9:13-cv-80548 and Compl. ¶¶ 55-63, *CFPB v. Am. Debt Settlement Solutions, Inc.*, 9:13-cv-80548 (S.D. Fla. May 30, 2013), *available at* http://files.consumerfinance.gov/f/201305_cfpb_proposed-order_adss.pdf and http://files.consumerfinance.gov/f/201305_cfpb_complaint_adss.pdf.  The Stipulated Final Judgment and Order was signed by U.S. District Judge Middlebrooks and entered on the court docket on June 6, 2013.  *See* Stipulated Final J. & Order [ECF Docket Entry No. 5], 9:13-cv-80548 (S.D. Fla.).

[25] CFPB Exam Manual at UDAAP 9.

EXHIBIT M
Page 4 of 6

## C. Examples of Unfair, Deceptive and/or Abusive Acts or Practices

Depending on the facts and circumstances, the following non-exhaustive list of examples of conduct related to the collection of consumer debt could constitute UDAAPs.  Accordingly, the Bureau will be watching these practices closely.

- **Collecting or assessing a debt and/or any additional amounts in connection with a debt (including interest, fees, and charges) not expressly authorized by the agreement creating the debt or permitted by law.[26]**

- **Failing to post payments timely or properly or to credit a consumer's account with payments that the consumer submitted on time and then charging late fees to that consumer.[27]**

- **Taking possession of property without the legal right to do so.**

- **Revealing the consumer's debt, without the consumer's consent, to the consumer's employer and/or co-workers.[28]**

- **Falsely representing the character, amount, or legal status of the debt.**

- **Misrepresenting that a debt collection communication is from an attorney.**

- **Misrepresenting that a communication is from a government source or that the source of the communication is affiliated with the government.**

- **Misrepresenting whether information about a payment or non-payment would be furnished to a credit reporting agency.[29]**

- **Misrepresenting to consumers that their debts would be waived or forgiven if they accepted a settlement offer, when the company does not, in fact, forgive or waive the debt.[30]**

- **Threatening any action that is not intended or the covered person or service provider does not have the authorization to pursue, including**

---

[26] *See* Compl. ¶¶ 34-38 & 43-44, *FTC v. Fairbanks Capital Corp.*, 03-12219 (D. Mass. Nov. 12, 2003) (alleging that the charging of late fees and other associated charges was unfair practice under Section 5 of the FTC Act and a violation of §§ 807 and 808 of the FDCPA), *available at* http://www.ftc.gov/os/2003/11/0323014comp.pdf.

[27] *Id.* ¶¶ 22-25.

[28] *See, e.g.*, Compl. ¶¶ 24 & 30-31, *FTC v. Cash Today, Ltd.*, 3:08-cv-590 (D. Nev. Nov. 12, 2008), *available at* http://www.ftc.gov/os/caselist/0723093/081112cmp0923093.pdf, (asserting that Cash Today engaged in unfair collection practices in violation of Section 5 of the FTC Act by, among other things, disclosing the existence of consumer's debt to employers, co-workers, and other third parties despite being told by consumers not to contact their workplaces); *FTC v. LoanPointe, LLC.*, 2:10 CV 00225-DAK, 2011 WL 4348304, at *5 -6 (D. Utah Sept. 16, 2011) (finding that disclosure of existence and amount of debt to consumer's employer without consumer's prior approval constitutes an unfair practice under the FTC Act).

[29] *See, e.g., In re Am. Express Centurion Bank*, Joint Consent Order at 3 (Oct. 1, 2012), *available at* http://files.consumerfinance.gov/f/2012-CFPB-0002-American-Express-Centurion-Consent-Order.pdf.

[30] *Id.*

**false threats of lawsuits, arrest, prosecution, or imprisonment for non-payment of a debt.**

Again, the obligation to avoid UDAAPs under the Dodd-Frank Act is in addition to any obligations that may arise under the FDCPA.  Original creditors and other covered persons and service providers involved in collecting debt related to any consumer financial product or service are subject to the prohibition against UDAAPs in the Dodd-Frank Act.  The CFPB will continue to review closely the practices of those engaged in the collection of consumer debts for potential UDAAPs, including the practices described above.  The Bureau will use all appropriate tools to assess whether supervisory, enforcement, or other actions may be necessary.

6