IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| RENEE L. McCRAY | : |
| Plaintiff | : |
| v. | : Case 1:13-cv-01518 GLR |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, et al | : |
| Defendants | : |

## SAMUEL I WHITE AND SUBSTITUTE TRUSTEES RESPONSE TO PLAINTIFFS MOTION TO STRIKE EXHIBIT 4 AND FOR SANCTIONS

Comes now Robert H. Hillman and Daniel J. Pesachowitz, attorneys for the Defendants, Samuel I. White, PC ("SIWPC"), John E. Driscoll, II, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds (SIWPC and the individuals collectively hereinafter referred to as "the SIWPC Defendants"), and in support of their Opposition to the Plaintiffs Motion to Strike Exhibit 4 and for sanctions states as follows:

1. The Plaintiff contends that Exhibit 4 to the SIWPC Defendants' Motion to Dismiss must be struck as she contends that she never received the letter.

2. The crux of McCray's Motion to Strike is the inclusion of a letter that McCray contends that she did not receive the debt dispute response letter either by regular or certified mail. The records of the SIWPC Defendants kept in the ordinary course indicate that the letter was mailed. The SIWPC Defendants have no records of any mail being returned to it that were addressed to the Plaintiff at the time of the mailing. The Plaintiff makes much to do about the letter having a certified mail tracking number typed on it and the number fails to appear in the records of the United States Post Office. Based upon the fact

1

      that there is no tracking record, the Plaintiff asserts that no dispute letter was mailed. Such an assumption is without basis and merit and is purely speculative at best..

3.     The SIWPC Defendants have addressed this very issue in the Response Plaintiffs Opposition to the Defendants Motion to Dismiss.

4.     As was advanced there, in response to the Plaintiff McCray's opposition to the Defendants Motion to Dismiss, that based upon the process and procedure in effect at the time of the mailing of the letter at the law offices of Samuel I White PC, if a letter was drafted and then up-loaded to the system in a pdf format, the letter was having been saved was in fact mailed. In this case the letter contains a USPS certified mail tracking code that does not appear in the USPS system. As the undersigned was not involved in the mailing and the drafter is no longer affiliated with the firm, one can only assume that based upon the practice and procedure in place at the time of the drafting the letter was mailed as indicated as the letter was saved in the pdf. format in the case file This is the very letter that was advanced to the Court as Exhibit 4 to the Defendants Motion to Dismiss.

5.     As Judge Harrell held for the Maryland Court of Appeals as to the receipt of mailing of notices in *Griffin v Bierman* 403 Md. 186, 941 A.2d 475 (2008) (in a case dealing with the constitutionality of the notice requirements of the Maryland foreclosure process), that the "constitutionality of a particular procedure for notice is assessed ex ante, rather than post hoc." *Jones v. Flowers*, 547 U.S. 220, 231, 126 S.Ct. 1708, 1717, 164 L.Ed.2d 415 (2006).

"The proper inquiry is whether the state acted reasonably in selecting means likely to inform persons affected, not whether each property owner *actually received notice.*" *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir.1988)(emphasis added). Id 403 Md. at 482, 941 A 2d at 197. Again, the Mail Box Rule of mailing applies to these situations. Here, the response was 'sent' and there are no factual assertions contending otherwise. In McCray's defense, the copy of the letter that was sent to her does contain a certified mail tracking number that does not appear to on the USPS tracking list site but this is not an indication that it was not sent.

6. Based on practice and policy at the time of the mailing, it appears, and one can only presume, that the party who hand typed the certified number on the letter may have done so inappropriately. Nevertheless based upon the practices and procedures in place at the time of the mailing of the letter at the law offices of Samuel I White PC, the letter was in fact mailed - placed in the hands of the United States Post Office, that day as indicated (regular and certified mail).

7. Indeed there is no record of the regular mail being returned and there is no record of any certified mail (with even a different number) for this property at that time being returned for lack of service, and thus one can only presume that they were received by the addressee. In fact there is no obligation that certified mail be sent. Again the operative fact is the mailing, not the receipt.

8. Here McCray makes the leap that since the certified mail tracking number is not located on the USPS system then this is proof that the responsive letter

was not sent. Clearly there is no proof of this and its conclusory assertion is pure speculation.

9. Furthermore, the weight of the response must also be considered as the information contained in the validation of dispute letter is provided before the debt dispute response letter and after the letter on several occasions. Preliminarily, the information on the debt was provided to McCray by the secured party ( the same party who would have validated the inquiry for the SIWPC Defendants for them to prepare the letter they mailed validating the debt) when the Notice of Intention to Foreclosure ("NOI") (attached as an Exhibit to the SIWPC Defendants Motion to Dismiss) Exhibit A. This form is unique to Maryland and is a form mandated by and is in form issued by Maryland State Commissioner of Financial Regulation was sent. Then afterward when McCray wanted a revalidation, when she sent directly to the secured party Wells Fargo Bank NA ( the same party who sent the NOI to begin with) a QWR (a Qualified Written Request) of a laundry list of requested information. The Well Fargo Defendants have addressed this issue with the QWR in detail in their Motion to Dismiss and the SIWPC Defendants incorporate their response and adopt same herein. These QWR responses were supplied to McCray.

10. Finally when the Order to Docket was filed and served on McCray she received not only another copy of the NOI, but also an Affidavit of Debt, again re-verifying the very debt McCray is unsatisfied with receiving. See Exhibit B the Affidavit of Debt. Clearly the information sought by McCray,

4

though not to her satisfaction, was provided on a multiple independent occasions. As such McCray's assertions are an attempt to color what is a properly held condemnation against the pledged collateral arising by McCray's failure to make her loan payments since May 2012.

11. With regard to the issue of sanctions sought by McCray, contrary to McCray's assertion that false statements were made to the tribunal, as explained above the undersigned can only advance what the records indicate. The federal courts, in order to reduce satellite litigation, have adopted an objective standard holding that sanctions shall be imposed when it appears that a competent attorney could not form the requisite reasonable belief as to the validity of what is asserted _Eastway Construction Corp. v. City of New York_, 762 F.2d 243 (2nd Cir.1985). Counsel's justification for responding was and is based upon the polices and procedures in place at the law firm and the records available. Moreover, the assertions while not to McCray's satisfaction, do not and were never intended by anyone to mislead the Court nor the parties. They were the presentment of the facts and the available records; nothing more..

12. Nothing that McCray asserts justifies the imposition of any sanctions as there have been no acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." _Primus Auto. Fin. Servs., Inc. v. Batarse_, 115 F.3d 644, 648 (9th Cir.1997) (discussing a sanction against an attorney) (citation omitted).

13. Accordingly this Court should deny McCray's Motion to Strike and for Sanctions..

WHEREFORE, the premises considered, the Defendant, Samuel I. White, PC, , John E. Driscoll, III, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane and Deena L. Reynolds. prays for the following relief:

a) That the Court deny the Plaintiffs Motion to Strike and for Sanctions.

b) And for such other and further relief as the nature of this cause may require.

Respectfully Submitted:
Samuel I. White, PC

/s/ Robert H. Hillman

Robert H. Hillman, MD 06910

/s/ Daniel J. Pesachowitz

Daniel J. Pesachowitz  MD14930
611 Rockville Pike #100
Rockville, MD 20852
301-804-3385
Fax 301-838-1954
rhilllman@siwpc.com
dpeascho@siwpc.com
Attorney for Samuel I White
P.C. and the SIWPC Individuals

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August  30th , 2013, I mailed, by first class mail, postage prepaid, a copy of the foregoing to: Renee L. McCray, 109 North Edgewood Street, Baltimore, MD 21229, Plaintiff; and electronically served Michael S. Barranco Esquire, Treaner Pope and Hughes PA 500 York Road, Towson, Maryland 21204, for Defendants FHLMC, Wells Fargo Bank NA

/s/ Robert H. Hillman

Robert H. Hillman