IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **RENEE L. MCCRAY** | * |
|     **Plaintiff** | * |
| v. | *   Civil Action No. GLR-13-CV1518 |
| **WELLS FARGO BANK, N.A.** *et al.* | * |
|     **Defendants** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac") herein file their Response to Plaintiff's Motion for Leave to File Amended Complaint as follows:

1.   Plaintiff, Renee L. McCray ("McCray"), has filed a Motion for Leave to File an Amended Complaint.

2.   Presently pending before the Court are Motions to Dismiss filed by the Defendants with respect to McCray's current Complaint.

3.   It is the position of the defendants that regardless of whether the Court permits McCray to file her Amended Complaint, the disposition of the pending motions to dismiss should not be affected.   In her Motion for leave, Plaintiff states that she has "added Corporate Defendant Wells Fargo Home Mortgage, Inc. d/b/a America's Servicing Company."   Motion for Leave, ¶2.  However, as acknowledged by McCray in her Amended Compliant at ¶9c Wells

Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. It is not a separately incorporated entity. See printout of webpage from the National Information Center of the Federal Reserve Board showing that the entity named "Wells Fargo Home Mortgage, Inc." was acquired by Wells Fargo Bank, N.A. on May 8, 2004. Thus, because Wells Fargo is already a defendant in the case, and no new entity is being added as a party, the Motions to Dismiss of the Defendants remain ripe for disposition.

4. Plaintiff is proposing to dismiss her Maryland Fair Debt Collection Act claims (Count II of her current Complaint) and her Maryland Consumer Protection Act claim (Count III of her current Complaint). The Court should accept Plaintiff's dismissal of those claims. Doing so will moot the Motions to Dismiss with respect to those claims, but otherwise not affect the pending motions with respect to Plaintiff's other claims.

5. As Plaintiff points out in her Motion for Leave to File Amended Complaint, she is not adding any "new claims" but she claims to be adding supporting factual allegations. Motion, ¶4. However, a review of the proposed Amended Complaint discloses that none of the proposed additional factual allegations materially affect the pending Motions to Dismiss. The "new" allegations are either restatements of factual allegations already contained in the Complaint, and/or recitation of factual assertions and arguments McCray has already made in opposing the pending Motions to Dismiss.

WHEREFORE, for all the above reasons, Wells Fargo and Freddie Mac request that the Court accept McCray's dismissal of the Maryland Fair Debt Collection Act claims (Count II of her current Complaint) and her Maryland Consumer Protection Act claim (Count III of her current Complaint), and that regardless of whether the Court permits McCray to amend her

Complaint, that Defendants not be required to re-file their Motion to Dismiss, and that the Court should grant such Motion to Dismiss all claims in the case.

      /s/ Michael S. Barranco
Michael S. Barranco, Bar No. 04036
TREANOR POPE & HUGHES, P.A.
500 York Road
Towson, Maryland  21204
Tel: (410) 494-7777
Fax: (410) 494-1658
email:  msbarranco@tph-law.com

Attorney for Defendants,
Wells Fargo Bank, N.A.
Federal Home Loan Mortgage Corporation

## CERTIFICATE OF SERVICE

I hereby certify on this 17th day of September, 2013, that a copy of the foregoing Response of Wells Fargo Bank, N.A. and Freddie Mac to McCray's Motion for Leave to file Amended Complaint was filed via CM/ECF and served by U.S. Mail, postage prepaid, first class to the following:

Renee L. McCray
109 Edgewood Street
Baltimore, Maryland 21229

      /s/ Michael S. Barranco
Michael S. Barranco