IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **RENEE L. MCCRAY** | * | |
| **Plaintiff** | * | |
| v. | * | Civil Action No. GLR-13-CV1518 |
| **WELLS FARGO BANK, N.A.** *et al.* | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SAMUEL I WHITE PC AND SUBSTITUTE TRUSTEES RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Comes now Robert H. Hillman and Daniel J. Pesachowitz, attorneys for the Defendants, Samuel I. White, PC ("SIWPC"), John E. Driscoll, II, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds (SIWPC and the individuals collectively hereinafter referred to as "the SIWPC Defendants"), and files their Response to Plaintiff's Motion for Leave to File Amended Complaint as follows:

1.  Plaintiff, Renee L. McCray ("McCray"), has filed a Motion for Leave to File a Second Amended Complaint.

2.  Before this Court are pending Motions to Dismiss filed by all the Defendants with respect to McCray's current First Amended Complaint.

3.  In her Motion for Leave to file her Second Amended Complaint, McCray states that she has "added Corporate Defendant Wells Fargo Home Mortgage, Inc. d/b/a America's Servicing Company." Motion for Leave, ¶2. Interestingly enough McCray acknowledges by in her Amended Compliant at ¶9c  that Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.  As Wells Fargo aptly points out to the Court, it is not a separately incorporated

entity. Furthermore, as the Plaintiff points out in her Motion for Leave, she is not adding any "new claims" but she claims to be adding supporting factual allegations. Motion, ¶4. However, a review of the proposed Second Amended Complaint discloses that none of the proposed additional factual allegations materially affect the pending Motions to Dismiss as the "new" contentions are restatements of factual allegations already contained in the Complaint, and/or recitation of factual arguments McCray has already made in opposing the pending Motions to Dismiss filed by all of the named Defendants in the case.

4.  Therefore as Wells Fargo is already a defendant in the case, no new entity is being added as a party, and thus all the Defendants respectively filed Motions to Dismiss remain suitable for disposition.

5.  As such, these Defendants adopt the arguments to the co Defendants Wells Fargo and Freddie Mac whose position is that regardless of whether this Court permits McCray to file her Second Amended Complaint, the disposition of the pending motions to dismiss should not be affected.

6.  Furthermore, as it is McCray's desire to voluntarily dismiss her Maryland Fair Debt Collection Act claims (Count II of her current First Amended Complaint) and her Maryland Consumer Protection Act claim (Count III of her current First Amended Complaint), this Court should accept Plaintiff's dismissal of those claims. Indeed in doing so are advantageous for judicial economy and do not otherwise affect the pending Motions to Dismiss with respect to McCray's other claims.

7.  Finally this Court should be aware that the very assertions made in the proposed Seconded Amended Complaint appear to be similar arguments made in the McCray'[s Motion to Stay and or Dismiss that she filed in the State Court Action filed in the Circuit Court for

Baltimore City. In that case the Circuit Court denied McCray's Motion to Stay or Dismiss. See. Indeed her subsequent filed Motion for Reconsideration Order Denying Stay(Exhibit 1 Attached) was also recently denied. See Exhibit 2 Order Denying Reconsideration.

8. As such, clearly the recitation of the same arguments as those in the State Court Action as filed in the First Amended Complaint and the proposed Second Amended Complaint (as well as in McCray's Response to the Motion to Dismiss and her Motion to Strike Exhibit 4), would be collaterally estopped. Undeniably, the Plaintiffs' allegations also violate the *Rooker-Feldman doctrine*. Based upon *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Rooker-Feldman doctrine establishes the rule that federal district courts lack jurisdiction to hear claims that have been adjudicated by state courts or that are 'inextricably intertwined with the merits of a state court judgment." *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 228 (4th Cir. 1997); *Jordahl v. Democratic Party of Va.*, 122 F.3d at 199.

9. In *Rooker* the Supreme Court held that the only federal court empowered to review constitutional claims asserted in a state court is the Supreme Court of the United States. *Rooker*, 263 U.S. at 416. In Feldman Justice Marshall stated this principle precludes federal district court review of claims which are "inextricably intertwined with" state court decisions. *Feldman*, 460 U.S. at 483. Justice Marshall further stated a claim is "inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Feldman*, 460 U.S. at 546. Clearly, the Rooker-Feldman doctrine "applies not only to claims that were actually

raised before the state court, but also to claims that are inextricably intertwined with state court determinations." Id. A claim in federal court is "inextricably intertwined" with a state court decision if "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules . ." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir,2003). As such it is clear that the proposed Second Amended Complaint fundamentally should be barred as *Rooker-Feldman* directly applies to the claims of the First and Second Amended Complaint.

10. Finally although normally leave to re-plead should be granted, such a grant is not automatic and is not warranted where Plaintiffs know or should have known of the facts upon which the any proposed amendment would be based. *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 448 n.19 (ED. Va. 2009) ("Of course, the Rules of Civil Procedure, unlike the rules of baseball, do not allow a batter to make insufficient contact - i.e., a foul ball- ad nauseum. Rather, the Rules of Civil Procedure have fairness and clarity, not entertainment, as their purpose, and a plaintiff attempting to satisfy the Rule 8(a)(2) *Twombly*-label standard must do more in his allegations than simply foul off a pitch. Put differently, to permit repleading here would allow plaintiff to benefit from his own failure to satisfy his burden of adequate pleading."). See also *Heaton v. Monogram Credit Card Bank of Georgia*, 1999 U.S. Dist. LEXIS 3445 (RD. La. March 22, 1999) (denying request for leave to amend complaint) ("Where a party seeking amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to include them in the original complaint, the motion to amend is subject to denial.") (citation omitted).

WHEREFORE, for all the above reasons, Samuel I. White, PC, John E. Driscoll, II, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds request

that the Court accept McCray's dismissal of the Maryland Fair Debt Collection Act claims (Count II of her current Complaint) and her Maryland Consumer Protection Act claim (Count III of her current Complaint), and that regardless of whether the Court permits McCray to amend her Complaint, that Defendants not be required to re-file their Motion to Dismiss, and that the Court should grant such Motion to Dismiss all claims in the case.

Respectfully Submitted:

Samuel I. White, PC

/s/ Robert H. Hillman
Robert H. Hillman, MD 06910

/s/ Daniel J. Pesachowitz
Daniel J. Pesachowitz MD14930
611 Rockville Pike #100
Rockville, MD 20852
301-804-3385
Fax 301-838-1954
rhilllman@siwpc.com
dpeascho@siwpc.com
Attorney for Samuel I White
P.C. and the SIWPC Individuals

## CERTIFICATE OF SERVICE

I hereby certify on this 19th day of September, 2013, that a copy of the foregoing Response of Samuel I. White, PC and the individual Substitute Trustees to McCray's Motion for Leave to file Amended Complaint was filed via CM/ECF and served by U.S. Mail, postage prepaid, first class to the following:

Renee L. McCray
109 Edgewood Street
Baltimore, Maryland 21229

/s/ Robert H. Hillman
Robert H. Hillman