FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 SEP -3 PM 1: 08

AT BALTIMORE

BY_____ KW_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENEE L. MCCRAY<br>109 Edgewood Street<br>Baltimore, MD 21229 | }<br>}<br>} | |
| *Plaintiff,* | } | |
| vs. | } | Civil Action No.: GLR13CV1518 |
| FEDERAL HOME LOAN<br>MORTGAGE CORPORATION<br>Serve On:<br>Donald H. Layton<br>Chief Executive Officer<br>8200 Jones Branch Drive<br>McLean, VA 22102-3110 | }<br><br>}<br><br>}<br><br>} | |
| WELLS FARGO BANK, N.A.<br>1 Home Campus<br>Des Moines, IA 50328<br>Serve On:<br>CSC-Lawyers Incorporating<br>Service Company<br>7 St. Paul St., Suite 1600<br>Baltimore, MD 21202<br>Resident Agent | }<br><br>}<br><br>}<br><br>}<br><br>} | TRIAL BY JURY DEMANDED |
| SAMUEL I WHITE, P.C.<br>5040 Corporate Woods Dr., Ste 120<br>Virginia Beach, VA 23462<br>Serve On:<br>CSC-Lawyers Incorporating<br>Service Company<br>7 St. Paul St., Suite 1600<br>Baltimore, MD 21202<br>Resident Agent | }<br><br>}<br><br>}<br><br>}<br><br>} | |
| JOHN E. DRISCOLL, III<br>ROBERT E. FRAZIER<br>JANA M. GANTT<br>LAURA D. HARRIS<br>KIMBERLY LANE | }<br><br>}<br><br>} | |

DEENA L. REYNOLDS                     }
(Substitute Trustees)
611 Rockville Pike Suite 100          }
Rockville, MD  20852
Serve On:                             }
CSC-Lawyers Incorporating
Service Company                       }
7 St. Paul St., Suite 1600
Baltimore, MD  21202                  }
Resident Agent
                                      }
Wells Fargo Home Mortgage  d/b/a
America's Servicing Company           }
3476 Stateview Boulevard
Fort Mill, SC  29715                  }

and                                   }

JOHN DOES 1-20                        }

   *Defendants*         }

## SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FDCPA, TILA AND RESPA

## JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,*  Truth in Lending Act 15 U.S.C. 1641, and the Real Estate Settlement Procedures Act 12 U.S.C. 2601 *et seq.*

2.   This action involves real property and tort acts committed upon the Plaintiff in this jurisdiction.

3.   All conditions precedent to the bringing of this action has been performed.

## PRELIMINARY STATEMENT

4.  This is an action for actual and statutory damages for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); the Truth in Lending Act 15 U.S.C. 1641 sect 131(g) (hereinafter "TILA"), and the Real Estate Settlement Procedures Act 12 U.S.C. 2601 *et seq.* (hereinafter "RESPA").

5.  This is an action for damages brought by Plaintiff against Defendants for violations of FDCPA, RESPA and TILA.

6.  Upon information and belief, Plaintiff contends that many of these practices are widespread by the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

7.  Plaintiff contends that the Defendants has violated such law in their attempts to collect alleged debt.

**PARTIES**

8.  The Plaintiff in this lawsuit is RENEE L. MCCRAY, a natural person, who resides in Baltimore City, Maryland, heretofore referred to as Plaintiff.

9.  The Defendants in this lawsuit are as follows:

    a.  FEDERAL HOME LOAN MORTGAGE CORPORATION (hereinafter "Freddie Mac") Freddie Mac purchases residential mortgages and mortgage-related securities in the secondary mortgage market, securitizes these mortgages and subsequently sells them to investors as mortgage-backed securities. Freddie Mac is a foreign corporation, not authorized to do business in Maryland. Defendant, Freddie Mac is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

    b.  WELLS FARGO BANK, N.A. (hereinafter "Wells Fargo") is a for-profit bank doing

business in Maryland. Defendant Wells Fargo Bank, N.A. is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

c. Wells Fargo Home Mortgage, Inc. is a division of Wells Fargo Bank, N.A. and known to the Plaintiff as servicer for American Home Mortgage Corporation.

d. SAMUEL I. WHITE, P.C., ATTORNEYS AT LAW is a for-profit Virginia Corporation that is also a debt collection law firm (hereinafter "Substitute Trustee").

e. JOHN E. DRISCOLL, III is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "Substitute Trustee"). Defendant, John E. Driscoll, III is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

f. ROBERT E. FRAZIER is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "Substitute Trustee"). Defendant, Robert E. Frazier is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

g. JANA M. GANTT is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "Substitute Trustee"). Defendant, Jana M. Gantt is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

h. LAURA D. HARRIS is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "Substitute Trustee"). Defendant, Laura D. Harris is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

i. KIMBERLY LANE is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "Substitute Trustee"). Defendant, Kimberly Lane is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

j. DEENA L. REYNOLDS is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "Substitute Trustee"). Defendant, Deena L. Reynolds is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

k. JOHN DOES 1-20 are undisclosed, unnamed and unknown investors, participants, corporate or other entities, conduits, trustees, servicers, custodians and others in a scheme that involve the Defendants and other known and unknown parties who may have or claim an interest in the Plaintiff's property.

10. At all relevant times herein, Defendants acted as debt collectors within the meaning of 15 U.S.C. § 1692a(6) in that they held themselves out to be collecting a consumer debt allegedly owed to Freddie Mac.

**FACTUAL ALLEGATIONS**

11. Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

12. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person improperly sued in the attempt to collect a consumer debt allegedly owed.

13. The complaint is about the Defendants continuing to collect on an alleged debt without proper validation. Defendants continue to foreclose on the Plaintiff's property without proving they have a legal right to do so.

14. This action arises out of Plaintiff, Renee McCray's execution of a Promissory Note and Deed of Trust to refinance Plaintiff's Baltimore, Maryland home both of which are dated October 7, 2005.

15. On October 7, 2005 Plaintiff signed a Promissory Note and Deed of Trust with the Lender American Home Mortgage Corporation.

16. On June 14, 2011, Plaintiff sent Wells Fargo Home Mortgage a Qualified Written Request (QWR).

17. Wells Fargo did not answer the Qualified Written Request timely pursuant to the Real Estate Settlement Procedures Act 12 U.S.C. 2601 *et seq.*

18. Plaintiff sent Wells Fargo numerous follow-up requests to respond to the QWR point for point.

19. Plaintiff solicited assistance from numerous individuals and companies in order to receive a response from Wells Fargo regarding the QWR. Wells Fargo refuse to provide Plaintiff with all the information Plaintiff requested in the QWR.

20. On July 3, 2012, Defendant, Wells Fargo Bank N.A. entered a Corporate Assignment of Deed of Trust in the Land Records for Baltimore City for Plaintiff's property.

21. Plaintiff was never given notice of this assignment filed by Wells Fargo Bank N.A. in the Land Records for Baltimore City for the Plaintiff's property.

22. Wells Fargo entered the July 3, 2012 assignment after the alleged default of the Promissory Note.

23. Defendants claims Freddie Mac is the owner of Plaintiff's Promissory Note.

24. Defendants has refused to show evidence as to how Freddie Mac came to be the alleged Owner of Plaintiff's Promissory Note.

25. Plaintiff has never received notice of the alleged sale of Plaintiff's Promissory Note to Freddie Mac.

26. Plaintiff has never received notice of the alleged sale of Plaintiff's Promissory Note to Wells Fargo Bank, N.A.

27. On August 20, 2012, Plaintiff received a notice dated August 15, 2012 from Wells Fargo Bank N.A. regarding delinquent status of the mortgage with the statement "This communication is an attempt to collect a debt...."

28. Plaintiff sent Wells Fargo a Notice dated August 23, 2012 disputing the alleged debt and requested validation of the alleged debt.

29. Plaintiff never received validation from Wells Fargo concerning the August 23, 2012 correspondence.

30. On October 4, 2012, Plaintiff received a Notice of Intent to Foreclose from Defendant, Samuel I. White, P.C., with the statement, "This is an attempt to collect a debt...."

31. October 6, 2012 Plaintiff sent a letter by certified mail to Samuel I. White, P.C. requesting validation of the alleged debt and their legal claim to collect on the alleged debt.

32. Plaintiff never received a response from Samuel I. White, P.C. concerning the October 6, 2012 correspondence.

33. As of the drafting of this complaint, no validation of the alleged debt has ever been given, nor has Defendants even attempted such a validation.

34. Defendants has refused to show evidence that Freddie Mace is the Holder in Due Course of Plaintiff's Promissory Note.

35. Defendants has failed to show evidence as to how Wells Fargo Bank, N.A. is the alleged Holder of the Plaintiff's Promissory Note and Deed of Trust with the rights to enforce.

36. Defendants has failed to show evidence as to how the Defendant, Wells Fargo Bank, N.A. has authority to act on Freddie Mac's behalf in the foreclosure proceedings.

37. The Defendants has authorized and actually proceeded to file foreclosure proceedings knowing that the Notice to Foreclose it sent to the Plaintiff does not set forth the secured party of the Plaintiff's Promissory Note and Deed of Trust.

38. The Plaintiff have no way of knowing if the Promissory Note has ever been sold, transferred or assigned because the Defendants have concealed this information from the Plaintiff.

39. February 22, 2013 Plaintiff found posted to the front entry door of her residence a Notice of Foreclosure Action causing Plaintiff embarrassment before her neighbors.

40. On February 25, 2013, Plaintiff sent a letter to Samuel I White, P.C., John E. Driscoll, III, et al. (Substitute Trustees) and the Chief Financial Officer for Freddie Mac requesting validation of the allege debt.

41. Plaintiff never received a response from Samuel I. White, P.C., John E. Driscoll, III, et al. (Substitute Trustees), the Chief Financial Officer for Freddie Mac or Wells Fargo concerning the February 25, 2013 request for validation of the alleged debt.

42. On March 5, 2013, Plaintiff sent Wells Fargo another QWR. Wells Fargo again did not respond to all the inquiries point by point in the QWR.

43. On March 8, 2013, Plaintiff filed into the Docket to Order with the Circuit Court for Baltimore City a Notice of Dispute and a Request for Validation.

44. On April 8, 2013, Plaintiff sent Wells Fargo another letter requesting Wells Fargo to answer additional questions concerning the Plaintiff's alleged debt and validation of the alleged debt.

45. Wells Fargo did not validate the debt concerning the April 8, 2013 correspondence and did not address Plaintiff's additional questions point by point.

46. On April 20, 2013, Plaintiff received another Notice of Foreclosure Action with a Request for Foreclosure Mediation and a Final Loss Mitigation Affidavit.

47. Defendants attempted to collect an alleged debt under false, deceptive, and misleading means and stated an inaccurate character, amount and status of said debt violating FDCPA 15 U.S.C. § 1692e(2).

   a. 15 U.S.C. § 1692e states that a "false, deceptive, and misleading representation in connection with the collection of any debt", includes the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legally be taken is deceptive practice.

48. The Plaintiff alleges that the collection practices of Defendants violated the FDCPA, in their illegal efforts to continue collection activity on a consumer debt without proper validation.

49. Plaintiff alleges Defendants are in violation of the Truth in Lending Act 15 U.S.C. 1641 sect 131(g).

50. Plaintiff alleges Defendant, Wells Fargo, violated the Real Estate Settlement Procedures Act 12 U.S.C. 2601 *et seq.*

## COUNT I

**Violation of the Fair Debt Collection Practices Act
(FDCPA) 15 U.S.C. § 1692, *et seq.*
(As to All Defendants and DOES 1-20)**

51.   Paragraphs 1 through 50 are re-alleged as though fully set forth herein.

52.   Plaintiff is a consumer within the meaning of the FDCPA § 1692a(3).

53.   Defendants, are debt collectors within the meaning of the FDCPA § 1692a(6).

54.   Defendants, as debt collectors, violated U.S.C. Title 15 § 1692 g(b) by continuing to proceed with the foreclosure of Plaintiff's property when demands for validation were sent to Defendants, Freddie Mac, Wells Fargo, Samuel I. White, P.C., and John E. Driscoll, et al., and still have not been complied with regarding validation of the consumer debt.

55.   Defendants violated U.S.C. Title 15 § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

56.   Defendants violated U.S.C. Title 15 § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

57.   Defendants violated U.S.C. Title 15 § 1692f(1) by attempting to collect any amount not authorized by any agreement.

58.   The FDCPA imposes a strict liability standard. **Because the act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.**

**WHEREFORE,** Plaintiff respectfully prays that judgment in a sum not less than $62,068.39 be entered for each and every Defendant. Demands judgment for statutory damages

of $1,000.00 for each Defendant pursuant to 15 U.S.C. § 1692k, actual damages, any attorney fees and costs against each and every Defendant and for such other and further relief as the court may deem proper.

## COUNT II

### VIOLATION OF THE TRUTH IN LENDING ACT (TILA)
### 15 U.S.C. § 1641(g)
### (As to Defendants, Wells Fargo, Freddie Mac and DOES 1-20)

59. Paragraphs 1 through 58 are re-alleged as though fully set forth herein.

60. As part of the Helping Families Save Their Homes Act (the "Act"), in 2009 Congress amended Section 131of the Truth in Lending Act (15 U.S.C. § 1641)("TILA") to include a new provision (Section 131(g)) that requires the assignee of a mortgage loan to notify a consumer borrower that his loan has been transferred.

*Sec. 404. Notification of Sale or transfer of Mortgage Loans of the Truth In Lending Act.*

*(a) IN GENERAL—Section 131 of the Truth in Lending Act (15 U.S.C. 1641) is amended by adding at the end of the following: "(g) NOTICE OF NEW CREDITOR.—*
  *"(1) IN GENERAL.—In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—*
  *"(A)  the identity, address, telephone number of the new creditor;*
  *"(B)  the date of transfer;*
  *"(C)  how to reach an agent or party having authority to act on behalf of the new creditor;*
  *"(D)  the location of the place where transfer of ownership of debt is recorded; and*
  *"(E)  any other relevant information regarding the new creditor.*
  *"(2) DEFINITION.—As used in this subsection, the term 'mortgage loan' means any consumer credit transaction that is secured by the principal dwelling of a consumer.".*

61. On July 3, 2012 Mortgage Electronic Registration Systems, Inc. (MERS) entered into the Plaintiff's Baltimore City Land Records a Corporate Assignment of Deed of Trust assigned to Wells Fargo Bank N.A.

62. Plaintiff was never notified of the July 3, 2012 assignment.

63. Freddie Mac claims to be the alleged owner of Plaintiff's Promissory Note.

64. There is nothing in the public record to indicate that the Promissory Note was ever sold, assigned, transferred, or otherwise conveyed to Freddie Mac.

65. There is nothing in the public record to indicate that the Promissory Note was ever sold, assigned, transferred, or otherwise conveyed by Freddie Mac into a securitized pool of mortgages to become a Trust.

66. Plaintiff has not been noticed when Freddie Mac and Does 1-20 allegedly received ownership of the Plaintiff's Promissory Note.

67. Defendants failed to provide Plaintiff with notices of these alleged assignments of the Note and Deed of Trust. Defendants are in violation of 15 U.S.C. § 1641(g).

68. Defendants are in violation of Section 131of the Truth in Lending Act by not providing Plaintiff notices of the sales, transfers or assignments of the Plaintiff's Promissory Note within the law of this statue.

**WHEREFORE,** Plaintiff demands judgment against each Defendant, as follows:

a. For statutory damages and fees as provide by law;

b. For violation of 15 U.S.C. § 1641(g) that the assignment entered on July 3, 2012 is voided and unenforceable;

c.     For any fees and costs pursuant to this suit; and

d.     For such other and further relief as the court may deem proper.

## COUNT III

### VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) 12 U.S.C. § 2601 *et seq.* (As to Defendant, Wells Fargo)

69.   Paragraphs 1 through 68 are re-alleged as though fully set forth herein.

70.   According to RESPA, if a consumer has questions concerning their mortgage, the servicer is required by law to respond.

71.   On June 14, 2011, Plaintiff sent a Qualified Written (hereinafter "QWR") pursuant to Title 12 § 2605(e) to Defendant, Wells Fargo via the USPS Certified Mail #70093410000182945490.

72.   Plaintiff obtained verification from the United States Postal Service (USPS) that said QWR was delivered to the Defendant on June 20, 2011.

73.   Defendant failed to respond to issues identified in the QWR within sixty (60) days pursuant to 12 U.S.C. § 2605(e).

74.   On September 14, 2011 Plaintiff sent a Notice of Default via USPS Certified Mail# 70012510000220715474 to Defendant, Wells Fargo for their non-response to the QWR.

75.   Plaintiff received verification from USPS that the Notice of Default was delivered to the Defendant on September 18, 2011.

76.   Section 1463 of the Dodd-Frank Financial Reform Act reduces QWR deadlines and requires that the servicer acknowledge receipt of a QWR within 5 business days and must give a substantive response within 30 business days.

77. Defendant, Wells Fargo is in violation of RESPA by not responding to the QWR in a timely manner.

78. Plaintiff solicited assistance or information from American Home Mortgage Trustees Douglas Douglas, and Connie Iampieri, Amy Hennen, Esquire, Law Office of Weinstock, Friedman and Friedman, P.A., Maryland State Attorney General Office, Office of the Comptroller of the Currency, Mortgage Electronic Registration Systems (MERS), Consumer Financial Protection Bureau, United States Securities and Exchange Commission (SEC) in order for Wells Fargo to give Plaintiff a complete response to Plaintiff's QWR point for point.

79. Plaintiff sent Wells Fargo a second QWR dated March 5, 2013. Again, the QWR was not responded to point by point.

80. Plaintiff accrued considerable expense in certified mailings, traveling to and from the Post Office, copying documents, time spent researching and investigating information, inconvenience and enormous undue stress and frustration in order to receive a response to Plaintiff's QWRs.


**WHEREFORE,** Plaintiff demands the entry of judgment against the Defendant for actual, statutory and compensatory damages and any other and further relief which is just and proper pursuant to 12 U.S.C. § 2601 *et seq.*

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: September 3, 2013

Respectfully submitted,

Renee L. McCray
109 Edgewood Street
Baltimore, Maryland  21229
Email: rlmccray@yahoo.com
(410) 945-2424

Service to:

Michael S. Barranco
TREANOR POPE & HUGES, P.A.
500 York Road
Towson, MD 21204

Robert H. Hillman
Daniel J. Pesachowitz
611 Rockville Pike #110
Rockville, MD 20852