UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

    Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

March 27, 2015

MEMORANDUM TO COUNSEL RE:    McCray v. Wells Fargo Bank, NA, et al.
    Civil Action No. GLR 13-1518

Dear Counsel:

    Pending before the Court are Defendant's, Wells Fargo Bank, NA ("Wells Fargo"), Motion for Summary Judgment (ECF No. 76), Plaintiff's, Renee McCray, Objection to Wells Fargo's Motion for Summary Judgment (ECF No. 77), and McCray's Motion to Strike Reply of Wells Fargo (ECF No. 79). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, Wells Fargo's Motion for Summary Judgment will be granted, McCray's Motion to Strike will be denied, and McCray's Objection to Wells Fargo's Motion for Summary Judgment will be construed as an Opposition to Wells Fargo's Motion for Summary Judgment.

    McCray initiated this action pro se on May 23, 2013, alleging the Defendants, Wells Fargo, Federal Home Loan Mortgage Corporation ("Freddie Mac"), Samuel I. White, P.C. ("SIWPC") and individually named Substitute Trustees (jointly, the "SIWPC Defendants"), attempted to foreclose on her property without proving they have a legal right to do so in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (2012), the Maryland Fair Debt Collection Act ("MFDCA"), Md. Code Ann., Com. Law §§ 14-201 et seq. (West 2014), the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101 et seq. (West 2014), the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g) (2012), and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq. (2012).[1] On January 24, 2014, the Court granted the SIWPC Defendants' Motion to Dismiss the Second Amended Complaint and granted in part and denied in part Wells Fargo and Freddie Mac's Motion to Dismiss the Second Amended Complaint. (ECF No. 44). Wells Fargo and Freddie Mac's Motion to Dismiss was granted as to McCray's FDCPA and TILA claims, and to the extent her RESPA claim relied on the Notice of Default and sought damages for emotional distress.

    Wells Fargo now moves for summary judgment as to what remains of McCray's RESPA claim, with respect to two alleged Qualified Written Requests ("QWR") sent by McCray to Wells Fargo on June 14, 2011 and March 5, 2013. On January 23, 2015, McCray filed an Objection to Wells Fargo's Motion for Summary Judgment [hereinafter "Opposition"].[2] (ECF

---

[1] See Second Am. Compl., ECF No. 45.
[2] This Court will construe McCray's Objection to Wells Fargo's Motion for Summary Judgment as an Opposition to Wells Fargo's Motion for Summary Judgment. See Monge v. Portofino Ristorante, 751 F.Supp.2d 789, 792 n.1 (D.Md. 2010) (noting that because Federal

No. 77).  Wells Fargo filed a Reply to McCray's Opposition on January 28, 2015.  (ECF No. 78).  McCray filed a Motion to Strike Reply of Wells Fargo on February 9, 2015.  (ECF No. 79).  The Motions are now ripe for disposition.

As a preliminary matter, McCray's Motion to Strike fails to assert any legitimate grounds for striking Wells Fargo's Reply to the Opposition to the Motion for Summary Judgment.  Furthermore, to the extent her Motion to Strike seeks a declaratory judgment with respect to 11 U.S.C. § 524 (2012), that issue is not properly before the Court.  Accordingly, McCray's Motion to Strike will be denied.

Next, under Federal Rule of Civil Procedure 56(a), when looking at the record as a whole, a court must grant summary judgment when the moving party shows that no genuine dispute exists as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

To prevail, the moving party must carry the burden of showing no genuine dispute of material fact exists.  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The moving party can carry its burden by pointing to materials in the record or by supplying affidavits.  Fed.R.Civ.P. 56(c); Celotex, 477 U.S. at 323.  The court will draw any inferences from the underlying facts in the light most favorable to the non-moving party.  Matsushita, 475 U.S. at 587.  If the moving party properly supports its motion for summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."  Anderson, 477 U.S. at 256.  The non-moving party cannot successfully oppose the motion by showing "the mere existence of some alleged factual dispute between the parties."  Id. at 247 (alteration in original).  Summary judgment concerns disputes of material facts, that is, "facts that might affect the outcome of the suit under the governing law."  Id. at 248.

If the non-moving party fails to respond to a summary judgment motion, the court can consider the facts the moving party presents as "uncontroverted."  Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993).  To prevail on summary judgment, however, the moving party "must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'"  Maryland v. Universal Elections, Inc., 862 F.Supp.2d 457, 462 (D.Md. 2012) (quoting Custer, 12 F.3d at 416).

Here, McCray fails to respond to the facts set forth by Wells Fargo in its Motion for Summary Judgment.  Instead, in her Opposition, McCray disputes the legitimacy of the promissory note and related loan.  (See Objection Mot. Summ. J. ["Opp'n"], ECF No. 77).  Accordingly, the Court will consider whether the uncontroverted facts presented by Wells Fargo entitle it to judgment as a matter of law.

---

Rule Civil Procedure 1 instructs the Court to construe the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court should not exalt form over substance (quoting Fed.R.Civ.P. 1) (internal quotation marks omitted)).

Wells Fargo argues McCray's RESPA claim must fail because her letters are not valid QWRs or, alternatively, because there is no proof of any actual damages incurred as a result of any delay in Wells Fargo's response to McCray's QWRs.

To establish a claim under RESPA, a plaintiff must show, in relevant part, that a servicer received plaintiff's QWR but failed to respond timely. See Grant v. Shapiro & Burson, LLP, 871 F.Supp.2d 462, 470 (D.Md. 2012). A QWR is

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that includes, or otherwise enables the servicer to identify, the name and account of the borrower; and includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B) (2012). The correspondence need not have "magic language" to constitute a QWR. Catalan v. GMAC Mortg. Corp., 629 F.3d 676, 687 (7th Cir. 2011). "Any reasonably stated written request for account information can be a qualified written request." Id. The correspondence, however, must relate to servicing. Medrano v. Flagstar Bank, FSB, 704 F.3d 661, 666 (9th Cir. 2012) (explaining that such a limitation "ensures that the statutory duty to respond does not arise with respect to all inquiries or complaints from borrowers to servicers") (alteration in original). Servicing means

> receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

12 U.S.C. § 2605(i)(3). By contrast, correspondence regarding the validity of a loan does not relate to servicing. See Minson v. CitiMortgage, Inc., No. DKC 12-2233, 2013 WL 2383658, at *4 (D.Md. May 29, 2013) (citing Ward v. Sec. Atl. Mortg. Elec. Registration Sys., 858 F.Supp.2d 561, 574–75 (E.D.N.C. 2012)).

Here, Wells Fargo argues McCray's June 14, 2011 and March 5, 2013 letters do not qualify as QWRs because the ultimate purpose of her inquiry was to obtain information regarding ownership of the loan. While McCray's letters included requests for information related to the assignment, sale, or transfer of her loan, they also sought information related to servicing. (See McCray Dep. 59: 16-17, Oct. 30, 2014, ECF No. 76-3) (explaining that she had questions about the escrow because "[t]he payments or something about the payments were not correct"). Both of McCray's letters are replete with specific requests for payment information related to her loan. (See Def.'s Mot. Summ. J. Ex. 2, ECF No. 76-4); (Def.'s Mot. Summ. J. Ex. 13, ECF No. 76-15). Thus, considering the facts in a light most favorable to McCray, the Court finds that her letters of June 14, 2011 and March 5, 2013, request information that falls within the scope of servicing as defined under RESPA and, therefore, qualify as QWRs.

Even if a servicer fails to respond timely to a QWR, however, a RESPA plaintiff may only recover actual damages directly resulting from the failure of the servicer to respond as required by the statute.[3] 12 U.S.C. § 2605(f); Sparrow v. Bank of Am., No. JFM-14-0388, 2014 WL 4388350, at *4 (D.Md. Sept. 4, 2014) (citing Frazile v. EMC Mortg. Corp., 382 Fed. App'x 833, 836 (11th Cir. 2010)); see also Yacoubou v. Wells Fargo Bank, N.A., 901 F.Supp.2d 623, 632 (D.Md. 2012). In her Opposition, McCray pleads actual damages as the amount of funds she has paid to Wells Fargo since it began servicing her loan. (See Opp'n, at 3). McCray has, however, asserted no basis upon which the Court could find a traceable link between the damages sought and Wells Fargo's failure to respond to her QWRs. Sparrow, 2014 WL 4388350, at *5 (concluding plaintiff failed to show actual damages because the complaint "provides no traceable link between [the alleged amount of damages] and [the Defendant's] failure to respond to the parts of the [plaintiffs'] letters that may be viewed as QWRs").

Further, to the extent McCray submitted to Wells Fargo a document entitled "Plaintiff's Itemized List of Damages,"[4] the document identifies expenses incurred as a result of Wells Fargo's violations in connection with her activities disputing the authority of Wells Fargo to foreclose plus costs associated with this litigation. (See Def.'s Mot. Summ. J. Ex. 18, at 3-4, ECF No. 76-20). Costs associated with filing suit, however, do not suffice as actual damages; "if such were the case, every RESPA suit would inherently have a claim for damages built in." Lal v. Am. Home Servicing, Inc., 680 F.Supp.2d 1218, 1223 (E.D.Cal. 2010); see also Gorbaty v. Wells Fargo Bank, N.A., No. 10-CV-3291 NGG SMG, 2014 WL 4742509, at *6 (E.D.N.Y. Sept. 23, 2014) (stating that costs of litigation are "insufficient to establish an entitlement to actual damages" under RESPA); Kassner v. Chase Home Fin., LLC, No. 11-10643-RWZ, 2012 WL 260392, at *7 (D.Mass. Jan. 27, 2012) (finding attorney's fees insufficient to establish actual damages); Konieczka v. Wachovia Mortgage Corp., No. 11 C 0071, 2012 WL 1049910, at *3 (N.D.Ill. Mar. 28, 2012) ("The costs of bringing a RESPA action do not constitute actual damages."); Kevelighan v. Trott & Trott, P.C., No. 09-12543, 2011 WL 2076336, at *4 (E.D.Mich. May 26, 2011) (rejecting the argument that the costs of bringing a RESPA action constitute actual damages), aff'd sub nom. Kevelighan v. Orlans Assocs., P.C., 498 F.App'x 469 (6th Cir. 2012). Because McCray has failed to establish any damages directly traceable to Wells Fargo's treatment of either the June 14, 2011 or March 5, 2013 letter, her RESPA claim must be dismissed as a matter of law.

For the foregoing reasons, Wells Fargo's Motion for Summary Judgment (ECF No. 76) is GRANTED, McCray's Motion to Strike (ECF No. 79) is DENIED, and McCray's Objection to Wells Fargo's Motion for Summary Judgment (ECF No. 77) is construed as an Opposition to Wells Fargo's Motion for Summary Judgment. McCray's RESPA claim is DISMISSED.

---

[3] The Court has previously noted in its January 24, 2014 Memorandum Opinion and March 27, 2014 Letter Order, that because McCray has not established the required showing for statutory damages, she may only recover actual demonstrable damages that occurred as a direct result of Wells Fargo's failure to respond to her QWRs as required. (Mem. Op., at 29, ECF No. 43); (Letter Order, at 3, ECF No. 59).

[4] McCray submitted her list of itemized damages to, and the list was entered into the record by, Wells Fargo. McCray failed to otherwise plead any damages relating to Wells Fargo's treatment of either the June 14, 2011 letter or March 5, 2013 letter.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly, CLOSE this case, and MAIL a copy of this memorandum to McCray at her address of record.

        Very truly yours,

        /s/

        _____

        George L. Russell, III
        United States District Judge