Appeal: 15-1444   Doc: 14-1    Filed: 10/21/2015    Pg: 1 of 2    Total Pages:(1 of 7)
Case 1:13-cv-01518-GLR   Document 85   Filed 10/21/15   Page 1 of 7

FILED: October 21, 2015

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 15-1444
(1:13-cv-01518-GLR)
_____

RENEE L. MCCRAY

      Plaintiff - Appellant

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION; WELLS FARGO BANK, N.A.; SAMUEL I. WHITE, P.C.; JOHN E. DRISCOLL, III; ROBERT E. FRAZIER; JANA M. GANTT; LAURA D. HARRIS; KIMBERLY LANE BITT; DEENA L. REYNOLDS, Substitute Trustees; JOHN DOES, 1-20; WELLS FARGO HOME MORTGAGE, d/b/a America's Servicing Company

      Defendants - Appellees

_____

O R D E R
_____

The Court assigns Kenzie M. Rakes to represent appellant on appeal.

Counsel is referred to the memorandum on **Payment of Court-Assigned Counsel** for information on maintaining time and expense records and obtaining a fee exempt PACER account for electronic access to documents in court-assigned cases.

Counsel's assignment to this case as a member of this court's

CJA/Discretionary Panels authorizes counsel to obtain and use a fee exempt CJA Panel Attorney account to provide representation in this case.

Counsel not yet registered for electronic filing should proceed to the court's web site to register as an ECF filer, **www.ca4.uscourts.gov**. All filings must comply with this court's **Memorandum on Sealed and Confidential Materials**. Counsel shall file an **Appearance of Counsel form** within 14 days of the date of this order.

        For the Court

        /s/ Patricia S. Connor, Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
# OFFICE OF THE CLERK

1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517
www.ca4.uscourts.gov

Patricia S. Connor                                                            Telephone
Clerk                                                                         804-916-2700

October 21, 2015
_____

NEW IFP COUNSEL NOTICE
(non-CJA cases)
_____

No.   15-1444,      Renee McCray v. Federal Home Loan Mortgage
                    1:13-cv-01518-GLR

TO:  Kenzie Marie Rakes
     SHANAHAN LAW GROUP
     128 East Hargett Street
     Raleigh, NC 27601-0000
     919-856-9494
     krakes@shanahanlawgroup.com

Thank you for accepting assignment as counsel on appeal in this case. This office will work with you in any way necessary in connection with the assignment. Your attention to the prompt briefing of the case is appreciated. The case manager for this case is Cathi Bennett, and the following information is provided for your use (click on an underlined document to access the document on the court's web site, www.ca4.uscourts.gov).

**Initial Forms:** Following forms must be filed within 14 days.
- **Appearance of Counsel** (must be registered for electronic case filing)
- **Transcript Order Form** (order any necessary transcript)

**Assignment and Case Information:** Time and expense records must be maintained in accordance with the **Assigned Counsel Payment Memorandum and Worksheets**.

**Copies of any documents filed on appeal to date** are accessible on the court's docket .

**Record:** Counsel's assignment to this case as a member of this court's CJA/Discretionary Panels authorizes counsel to obtain and use a fee exempt CJA Panel Attorney account to provide representation in this case. Counsel should register for a fee exempt PACER account for use in this case (and any CJA case) at **http:\\www.pacer.gov**. The district court's PACER docket and electronic documents are accessible through a link to the district court docket from the appellate docket. The "Create Appendix" option enables counsel to combine multiple documents into one PDF record for printing or saving. The Fourth Circuit's appointment deputy, Lisa McFarland, can also assist counsel in obtaining record items.

Lisa McFarland, Deputy Clerk
804-916-2744

cc:     Defendant
        Michael S. Barranco
        Felicia Cannon
        Robert Harvey Hillman

# SEALED & CONFIDENTIAL MATERIALS

**Internet Availability of Docket & Documents**

Fourth Circuit case dockets and documents are available on the Internet via the Judiciary's PACER system (Public Access to Court Electronic Records). The Fourth Circuit docket is available on the Internet even if the district court docket was sealed. If a party's name was sealed in the district court, it should be replaced by "Under Seal" or a pseudonym on appeal.

Due to the electronic availability of court documents, the federal rules prohibit including certain personal data identifiers in court filings. In addition, parties should not include any data in their filings that they would not want on the Internet. Counsel should advise their clients on this subject so that an informed decision can be made. Responsibility rests with counsel and the parties, not with the clerk.

Documents filed by the parties in immigration and social security cases are not accessible over the Internet to the public. In immigration and social security cases, public Internet access is limited to the court's docket, orders, and opinions.

### Federal Rules of Procedure

The federal rules of procedure require filers to redact any of the following personal data identifiers (PDIs) if included in court filings: (1) social security and tax ID numbers must be limited to last four digits; (2) minor children must be identified by their initials only; (3) dates of birth must show the year only; (4) financial account numbers must be limited to the last four digits only; and (5) home addresses in criminal cases must be limited to city and state only. The federal rules establish limited exceptions to these redaction requirements. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037

### Judicial Conference Privacy Policy

In addition, the judiciary's regulation on Privacy Policy for Electronic Case Files prohibits filers from including any of the following criminal documents in the public file: (1) unexecuted summonses or warrants; (2) bail or presentence reports; (3) statement of reasons in judgment of conviction; (4) juvenile records; (5) identifying information about jurors or potential jurors; (6) CJA financial affidavits; (7) ex parte requests to authorize CJA services and (8) any sealed documents, such as motions for downward departure for substantial assistance, plea agreements indicating cooperation, or victim statements.

### Local Rule 25(c)

Local Rule 25(c) limits the sealing of documents by requiring that sealed record material be separated from unsealed material and placed in a sealed volume of the appendix and by requiring the filing of both sealed, highlighted versions and public, redacted versions of briefs and other documents.

Documents that were not sealed before the agency or district court will not be sealed in this court unless a motion to seal is filed and granted in this court.

Since the ECF events for sealed filings make the documents accessible only to the court, counsel must serve sealed documents on the other parties in paper form.

### Sealed Volume of Appendix

If sealed record material needs to be included in the appendix, it must be placed in a

**separate, sealed volume** of the appendix and filed with a certificate of confidentiality. In consolidated criminal cases in which presentence reports are being filed for multiple defendants, each presentence report must be placed in a separate, sealed volume served only on Government counsel and counsel for the defendant who is the subject of the report.

- Use ECF event-**SEALED APPENDIX** to file sealed electronic appendix volume(s). One sealed paper volume must be sent to the court. . If the case is tentatively calendared for oral argument, 3 additional paper copies of the sealed appendix must be filed, with additional copies being ordered by the court if otherwise needed. Cover of sealed appendix volume must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed volume must be served on other parties in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of the certificate of confidentiality must accompany the paper copy of the sealed appendix filed with the court.
- Use ECF event-**APPENDIX** to file public electronic appendix volumes(s). One public paper volume must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the appendix must be filed, with additional copies being ordered by the court if otherwise needed. Paper copies of public volumes of appendix do not need to be served on other parties if they were served with public appendix in electronic form.

**Sealed Version of Brief**

If sealed material needs to be referenced in a brief, counsel must file both a **sealed, highlighted version** of the brief and a **public, redacted version** of the brief, as well as a certificate of confidentiality.

- Use ECF event-**SEALED BRIEF** to file sealed electronic version of brief in which sealed material has been highlighted. One sealed paper copy must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the sealedbrief must be filed, with additional copies being ordered by the court if otherwise needed. Cover of sealed brief must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed version must be served on other parties in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of certificate of confidentiality must accompany the paper copy of the sealed brief filed with the court.
- Use ECF event-**BRIEF** to file public electronic version of brief from which

sealed material has been redacted. One paper copy must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the brief must be filed, with additional copies being ordered by the court if otherwise needed. Paper copies of public brief do not need to be served on other parties.

### Sealed Version of Motions and Other Documents

If sealed material needs to be referenced in a motion or other document, counsel must file both a **sealed, highlighted version** and a **public, redacted version**, as well as a certificate of confidentiality.
- Use ECF event-**SEALED DOCUMENT** to file sealed electronic version of document in which sealed material has been highlighted. First page of document must be marked SEALED. No paper copies need be filed, but other parties must be served in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material.
- Use the appropriate ECF event (e.g., **MOTION** or **RESPONSE/ANSWER**) to file public electronic version of document from which sealed material has been redacted. No paper copies of public document are needed for filing or service.

### Motions to Seal

Counsel should file a motion to seal if the material was not previously sealed by virtue of the Privacy Policy for Electronic Case Files, or by statute, rule, regulation, or order.  Counsel should also file a motion to seal if it is necessary to seal the entire brief or motion and not possible to create a public, redacted version.

The motion to seal must appear on the public docket for five days; therefore, counsel must file both a **sealed, highlighted version** of the motion to seal (along with a certificate of confidentiality) and a **public, redacted version** of the motion to seal.  The motion to seal must identify the document or portions thereof for which sealing is requested, the reasons why sealing is necessary, the reasons a less drastic alternative will not afford adequate protection, and the period of time for which sealing is required.
For further information on redacting information from filings, please see No. 19, [How do I redact items from pleadings?](#)