IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Baltimore Division)

| | | |
|---|---|---|
| RENEE L. MCCRAY | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 1:13-cv-01518-GLR |
| SAMUEL I WHITE PC. et al. | * | Consolidated with Case No 1:16-cv-00934-GLR |
| Defendants | * | |

**************************************************************************

**DEFENDANTS MOTION TO STRIKE FOURTH AMEDED COMPLAINT**

Comes now Robert H. Hillman, attorney for the Defendants, Samuel I. White, PC ("SIWPC"), John E. Driscoll, II, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds (collectively the "Substitute Trustees". SIWPC and the individual named Substitute Trustees collectively hereinafter referred to as "the SIWPC Defendants"), and moves to strike the Fourth Amended Complaint filed by the Plaintiff and as reasons states as follows:

**FACTUAL BACKGROUND**

The Defendants adopt and incorporate the factual background previously referenced in their numerous prior Motions to Dismiss, reassert them herein for judicial economy and pray that they be read as part hereof.

This is the third action Plaintiff Renee L. McCray has filed in this Court to challenge the attempted foreclosure of her home at 109 Edgewood Street, Baltimore, Maryland (the "Property")[1].

As a factual supplement and for the benefit of the Court, after this Court remanded the removed foreclosure case (Driscoll v. McCray, No. GLR-16-1791(D.Md.) which McCray removed June 2, 2016 which was remanded by this Court pursuant to an Order dated March 20, 2017, for lack of subject matter jurisdiction back to the Circuit Court for Baltimore City Maryland), a foreclosure sale was scheduled for May 17, 2017. Prior to the sale, the Plaintiff once more, filed on May 15, 2017 yet another Chapter 13 Bankruptcy Petition, case no 17-16727 in the United States Bankruptcy Court for the District of Maryland. That matter is still pending.

McCray seeks to now amend what appears to be her 2016 second claim.

## ARGUMENT

The Plaintiff has sought to file her Fourth Amended Complaint seeking to amend the alleged 2016 claim for which an answer had been filed violation of 15 U.S.C. §1692g(b) without consent by the Defendants. Unfortunately, the undersigned is unaware of the fact that Plaintiff never sought leave of Court to make any such amendments or supplements as required by Fed.R.Civ.P Rule 15. Fed.R.Civ.P. 15(a)(1) allows a party to "amend its pleading once as a matter of course" within "21 days after serving it" or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In all applicable case this matter is long beyond the 21 days called for under the Rule.

---

[1] McCray v. Federal Home Loan Mortgage Corporation (McCray I), No. GLR-13-1518 (D.Md. filed May 23, 2013); McCray v. Wells Fargo, N.A. (McCray II), No. GLR-14-3445 (D.Md. closed Oct. 14, 2015); Driscoll v. McCray , No. GLR-16-1791(D.Md. removed June 2, 2016). On March 20, 2017, the Court remanded that case for lack of subject matter jurisdiction.

All other amendments may be made "<u>only with the opposing party's written consent or the court's leave</u>." Rule 15(a)(2).

Here the Defendants have never been asked for their consent for any amendment and none has been given nor has there been any leave of Court  requested by the Plaintiff for such an entitlement. Though Federal Rule of Civil Procedure 15(a)(2) instructs that leave to amend should be freely given when justice requires, leave should be denied when amendment would unduly prejudice the opposing party, amount to futility, or reward the movant's bad faith. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir.2008); *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir.2010). Here, without such a request nor without leave being sought, the amendment borders on bad faith non-compliance with the Rules which further prejudices the Defendants who are waiting for the Courts scheduling Order. Indeed the Plaintiffs constant filing of papers and pleadings is  and has become a undue burden for responding and taking extensive time for review  not to mention the burdens impose upon the limited time of the Court to consider same.

Additionally,   despite McCray being a *pro se* litigant (though her pleadings appear otherwise),  for which generally a lesser standard is required,  this Court made it amply clear that the sole remaining issue the Plaintiff  as to this particular action, deals solely with 15 U.S.C. §1692g(b). Here, instead of providing counsel with a red line of the changes, which she has done in prior amendments so she is aware of the requirements,  McCray merely suggests the changes she made  to the 104 paragraph Fourth Amended Complaint.  Obviously, as McCray submits pleading after pleading clearly as a means of overwhelming the Court and the Defendants was irrelevant and or redundant  paperwork, the same is true here and to compare and contrast the present pleading to those previously filed is unduly burdensome and thus prejudicial to the

Defendants. Indeed there is no justifiable reason any amendments is required at this juncture as the Court has made it clear what the sole claim remains.

Previously, McCray sued Defendants in this Court alleging that Defendants violated seven subsections of Section 1692 of the FDCPA: (1) c(a); (2) c(b); (3) c(c); (4) e(2)(A); (5) f(6)(A); (6) g(b); and (7) j(a). Defendants filed their Motion on May 27, 2016. (ECF No. 7). This Court adjudicated this issue previously  in its March 31, 2017 Order granting partial Judgment  to the Defendants on all but a single issue, the 15 U.S.C.  §1692g(b) claim and instructed parties that the Court would issue a Scheduling Order . Hence, no further pleading were necessary nor required to be plead until the Scheduling Order was issued by the Clerk..

Despite this, McCray has been on a blitzkrieg of filings presumably designed to complicate the docket and to impose unnecessary work on the Defendants and the Court.  As such, it was for this very reason Fed.R.Civ.P Rule 15(a)(2) was implemented.

As all actions are now at issue and answers filed, then this Court, should for the reasons set forth above grant the Defendants Motion and strike McCray's Fourth Amended Complaint, or in the alternative direct the Plaintiff to file a compare redline copy of the pleading and then permit the Defendant's the right if the amendment is accepted, to move to again dismiss the matter.

WHEREFORE, Samuel I. White, PC ("SIWPC"), John E. Driscoll, II, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds ( the Substitute Trustees) pray that the Court grant its Motion to Strike the Plaintiff's Fourth Amended Complaint  or for such other and further relief the Court deem appropriate.

Respectfully Submitted:

Samuel I. White, PC

/s/ Robert H. Hillman

Robert H. Hillman, MD 06910
611 Rockville Pike #100
Rockville, MD 20852
301-804-3385
Fax 301-838-1954
rhilllman@siwpc.com
Attorney for Samuel I White
P.C. and the SIWPC Individuals

## CERTIFICATE OF SERVICE

I hereby certify on this 25th day of May 2017, that a copy of the foregoing Motion to Strike  Plaintiffs Fourth Amended Complaint was filed via CM/ECF and served by U.S. Mail, postage prepaid, first class to the following:

Renee L. McCray
109 Edgewood Street
Baltimore, Maryland 21229
Plaintiff

/s/ Robert H. Hillman
Robert H. Hillman,