# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Renee L. McCray** | } | |
| *Consumer* [Plaintiff] | } | |
| vs. | } | Civil Action No.: GLR-13-CV-1518 |
| **SAMUEL I. WHITE, P.C., et al.** | } | Consolidated with GLR-16-CV-00934 |
| *Debt Collectors* [Defendants] | } | |
| | } | |

## CONSUMER'S COMMUNICATION IN OPPOSITION TO THE DEFENDANTS MOTION TO STRIKE FOURTH AMENDED COMPLAINT

This is the Consumer's, Renee L. McCray, communication in opposition to the SIWPC Debt Collectors "Defendants Motion to Strike Fourth Amended Complaint." The Consumer states the following:

1. First, for the record, the Consumer did not file a complaint with this federal judicial court, she filed a "Verified Claim and Enforcement Action for Violations of the Fair Debt Collection Practices Act (FDCPA)." The Consumer objects to the Debt Collector, Robert H. Hillman, referencing and trying to change the status of the Consumer's Verified Claim and Enforcement Action into a Complaint, because it is not a Complaint, it is the Consumer's Amended Verified Claim and Enforcement Action.

2. The Consumer is perplexed as to how Mr. Hillman who is a debt collector and an employee of a debt collecting law firm (Samuel I. White, P.C.) can represent the debt collectors in this case. In essence, Mr. Hillman's law firm is attempting to collect an alleged debt from the Consumer; therefore, so is Mr. Hillman. Since the Consumer is not a licensed attorney, she would like the court to clarify and/or verify that Mr. Hillman is legally able to represent the SIWPC Debt Collectors in this matter. Mr. Hillman claims to be an attorney for the Samuel I. White, P.C. Law Firm. This is a Consumer matter, and the FDCPA is clear.

There are no attorneys in debt collection, there are only debt collectors. *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), holding that "a lawyer who 'regularly,' through litigation, tries to collect consumer debts" is a "debt collector" under the Act. "In ordinary English, a lawyer who **regularly tries to obtain payment of consumer debts through legal proceedings** is a lawyer who regularly **'attempts' to 'collect'** those consumer debts." *Heintz v. Jenkins*, 514 U.S. at 294, 115 S. Ct. 1489, 131 L.Ed.2d 395 (1995). *Emphasis added.*

The Consumer would also like the court to clarify and/or verify that by Mr. Hillman representing the SIWPC Debt Collectors, this will not unfairly influence the Consumer's case, since Mr. Hillman is privy to all the information that has not been disclosed to the Consumer in the illegally filed state court non-judicial foreclosure action. This appears to give Mr. Hillman an unfair advantage which is unduly prejudicial to the Consumer. Further, since the United States Court of Appeals for the Fourth Circuit agreed with the Consumer in its recent opinion that "the White Firm and the Substitute Trustees were debt collectors," they are mispresenting themselves as attorneys and a debt collector such as Mr. Hillman should not be misrepresenting himself as an attorney/counsel for the SIWPC Debt Collectors.

3. Also, pursuant to Federal Rules of Civil Procedure, Rule 10, Mr. Hillman must certify that to the best of his knowledge, information, and belief, that his alleged contentions in his pleadings have evidentiary support. The Consumer is not in receipt of any evidence that Mr. Hillman has provided such certification or evidentiary support in any of his pleadings he submitted in order to discredit the Consumer's Verified Claims and Enforcement Action.

4. The SIWPC Debt Collectors alleges "This is the third action Plaintiff…filed in this Court to challenge the attempted foreclosure of her home…" However, that allegation is not completely true, this is the third action[1] the Consumer has filed against the SIWPC Debt

---

[1] McCray v. Federal Home Loan Mortgage Corporation, Case No.: GLR-13-cv-1518, McCray v. Samuel I. White, PC, et al., Case No.: GLR-16-cv-00934, and Driscoll v. McCray, Case No.: GLR-16-1791.

Collectors for their illegal behavior and conduct in their attempts to collect an **unverified** alleged debt, which are violations of the FDCPA.

5. The SIWPC Debt Collectors also alleges "The Plaintiff has sought to file her Fourth Amended Complaint seeking to amend the alleged 2016 claim..." Again, that allegation is incorrect, because the Consumer has never "amended" her 2016 Verified Claim for Violations of the Fair Debt Collection Practices Act. The Consumer's 2016 case for the SIWPC Debt Collectors new and continuous violations of the FDCPA, which is Case Number: GLR-16-CV-00934, was filed on 04/04/2016 and has never been amended.

   Further, the SIWPC Debt Collectors argument pursuant to Fed. R. Civ. P. 15 should be moot since in Judge George L. Russell's Memorandum and Order dated 03/29/17, Case Number: 13-cv-01518-GLR, he ordered the SIWPC Debt Collectors to answer the Consumer's Third Amended Claim (Doc. 91). The court stated in its 03/29/17 Order that "...the SIWPC Defendants have answered McCray's Second Amended Complaint, (ECF No. 89), but they have not answered her Third Amended Complaint. The SIWPC Defendants **shall answer McCray's Third Amended Complaint within fourteen days of the date of this memorandum.**" (Emphasis added).

   The Consumer filed the Third Amended Claim on Friday, December 2, 2016 (Doc. 91), which the SIWPC Debt Collectors refused and/or failed to answer as the court instructed, they are now in default of the Court's Order dated 03/29/17; they have failed to answer timely and have waived their rights to answer the Third Amended Claim.

6. Further, as the Consumer stated in her communication to the court filed on Wednesday, April 26, 2017 (Doc. 101), when she filed the Fourth Amended Verified Claim and Enforcement Action for Violations of the Fair Debt Collection Practices Act (FDCPA) and Injunctive Relief (Doc. 102), that since "The Defendants Samuel I. White, P.C. and the substitute trustees have failed or refused to follow Judge Russell's Order dated 03/29/17...The Consumer is attaching her Amended Fourth Verified Claim with the consolidation of the two cases." It was the Consumer's understanding that once the Court consolidated the two cases, the Consumer had a legal right to amend the two FDCPA claims

by consolidating them together. Therefore, the SIWPC Debt Collectors Motion to Strike (Doc. 106) should be moot or stricken from the record.

7. Further, since the SIWPC Debt Collectors never answered the Consumer's Third Amended Claim (Doc. 91), as the Court ordered, and some of the same FDCPA violations the SIWPC Debt Collectors mentioned in their Motion to Strike are inserted in the Consumer's Third Amended Claim, the SIWPC Debt Collectors are again incorrect in its assertion because the Court has not "adjudicated" those FDCPA violations that are stated in the Consumer's Third Amended Claim. Also, the Court cannot issue a Scheduling Order until the SIWPC Debt Collectors cure their default and answer the Consumer's Third Amended Claim.

8. The Consumer objects to Mr. Hillman's testimony for foundation, is hearsay and misleading when he stated "McCray has been on a blitzkrieg of filings presumably designed to complicate the docket and to impose unnecessary work on the Defendants and the Court." Samuel I. White, P.C. is an experienced law firm and Mr. Hillman is an experienced debt collector, who is well versed in debt collection and should understand that the Consumer's communications are that of a pro se litigant not that of a licensed attorney; therefore, the Consumer had no intention to "impose unnecessary work on the Defendants and the Court," when she filed her communications into the court's record.

**WHEREFORE**, for the reasons stated above, it is the Consumer's wish that the Court issue an Order to moot or strike from the record the SIWPC Debt Collectors' Motion to Strike the Consumer's Fourth Amended Verified Claim and Enforcement Action. It is the Consumer's wish that the Court allow the consolidated Fourth Amended Verified Claim and Enforcement Action to remain on the record. It is also the Consumer's wish that the Court sanction the SIWPC Debt Collectors for filing the deceptive Motion to Strike in order to sidetrack the facts and misrepresent to the Court that the SIWPC Debt Collectors are not in default of the Court's Order dated 03/29/17 to answer the Consumer's Third Amended Claim.

All Rights Reserved Without Prejudice,

*[signature: Renee L. McCray]*

Renee L. McCray, Consumer
c/o 109 Edgewood Street
Baltimore, MD 21229
(410) 945-2424

## VERIFICATION

I, Renee L. McCray, Consumer, does hereby certify that the facts set forth in this Consumer's Communication in Opposition to the Defendants' Motion to Strike are true and correct to the best of my information, knowledge and belief.

*[signature: Renee L. McCray]*

Renee L. McCray

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Consumer's Communication in Opposition to the Defendants Motion to Strike has been sent to the parties listed below by USPS First Class Mail.

Robert H. Hillman
c/o SAMUEL I. WHITE P.C.
611 Rockville Pike, Suite 100
Rockville, MD  20852

Dated:  June 2, 2017

Renee L. McCray