# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

November 13, 2017

MEMORANDUM TO PARTIES RE:       McCray v. Wells Fargo Bank, NA, et al.
                                Civil Action No. GLR 13-1518

Dear Parties:

Pending before the Court is the SIWPC Defendants'[1] Motion to Strike the Fourth Amended Complaint (ECF No. 106) and Plaintiff Renee L. McCray's Opposition thereto, construed as a Motion for Leave to File a Fourth Amended Complaint (ECF No. 107).[2] The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny the SIWPC Defendants' Motion and grant McCray's Motion.

The Court set forth the facts of this case in its previous opinions. (See ECF Nos. 43, 81, 97). In its January 24, 2014 Order, the Court granted McCray leave to file a Second Amended Complaint, which McCray filed that same day. (ECF Nos. 44, 45). The Court also granted the SIWPC Defendants' Motion to Dismiss the Second Amended Complaint because it concluded that McCray did not sufficiently allege that the SIWPC Defendants were debt collectors under the Fair Debt Collection Practices Act (the "FDCPA"). (ECF No. 44). McCray appealed. On October 7, 2016, the United States Court of Appeals for the Fourth Circuit reversed, concluding that McCray had satisfactorily alleged that the SIWPC Defendants were debt collectors under the FDCPA and remanding the claim for further consideration. McCray v. Fed. Home Loan Mortg. Corp., 839 F.3d 354 (4th Cir. 2016).

On remand, the Court again considered the SIWPC Defendants' Motion to Dismiss the Second Complaint (ECF No. 13). On November 9, 2016, while the Motion was pending, the SIWPC Defendants' answered McCray's Second Amended Complaint. (ECF No. 89). McCray

---

[1] As stated in the Court's January 24, 2014 Memorandum Opinion (ECF No. 43), the "SIWPC Defendants" include Defendants Samuel I. White, P.C. and the six individually named Substitute Trustees: John E. Driscoll, III, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberley Lane, and Deena L. Reynolds.

[2] In her Opposition, McCray states, "It is the Consumer's wish that the Court allow the consolidated Fourth Amended Verified Claim and Enforcement Action to remain on the record." (Pl.'s Opp'n Defs.' Mot. Strike Fourth Am. Compl. ["Pl.'s Opp'n"] at 4). Construing McCray's statement liberally, the Court concludes that McCray requested leave to amend her Third Amended Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) ("A document filed pro se is 'to be liberally construed . . . .'"). Thus, the Court will construe her Opposition as a Motion for Leave to File an Amended Complaint.

then filed a Third Amended Complaint on December 2, 2016.[3]  (ECF No. 91).  On March 29, 2017, the Court issued an Order granting in part and denying in part the SIWPC Defendants' Motion to Dismiss the Second Amended Complaint.  (ECF No. 96).  The Order also directed the SIWPC Defendants to answer McCray's Third Amended Complaint.  As of the date of this Order, the SIWPC Defendants have not answered the Third Amended Complaint.

On March 31, 2017, the Court issued a Memorandum Opinion and Order in a companion case, <u>McCray v. White,</u> No. GLR-16-934 (<u>McCray II</u>), granting in part and denying in part the SIWPC Defendants' Motion to Dismiss.  (ECF Nos. 17, 18).  The March 31, 2017 Order also consolidated that case with <u>McCray I</u>, No. GLR-13-1518, and stated that the Court would issue a scheduling order.  In the consolidated case, only McCray's claim under 15 U.S.C. § 1692g(b) (2012) remains.  Since the March 2017 Orders, on April 26, 2017, McCray filed a Fourth Amended Complaint (ECF No. 102).  McCray then filed a Corrected Fourth Amended Complaint on May 2, 2017.  (ECF No. 105).  On May 25, 2017, the SIWPC Defendants filed a Motion to Strike McCray's Fourth Amended Complaint and the corrected version.  (ECF No. 106).  On June 2, 2017, McCray filed her Opposition.  (ECF No. 107).  The SIWPC Defendants have not filed a reply.

The SIWPC Defendants argue that McCray failed to comply with the Federal Rules of Civil Procedure's requirements for amending her Complaint, and therefore the Court should strike her Fourth Amended Complaint and Corrected Fourth Amended Complaint under Federal Rule of Civil Procedure 12(f).  Specifically, the SIWPC Defendants highlight that McCray's Fourth Amended and Corrected Fourth Amended Complaints were untimely filed, she did not seek leave from the Court to amend, nor did she have the SIWPC Defendants' consent to amend.  They further contend that McCray's proposed amendments would prejudice them and "border[ ] on bad faith non-compliance with the Rules."  (Defs.' Mot. to Strike Fourth Am. Compl. at 3, ECF No. 106).

Rule 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, instead, the SIWPC Defendants seek to strike McCray's entire Fourth Amended and Corrected Fourth Amended Complaints as improper. Accordingly, the Court construes the Motion as an Opposition to McCray's Motion for Leave to File a Fourth Amended Complaint.

In pertinent part, Rule 15(a)(1) permits a plaintiff to amend her complaint as a matter of course within "21 days after service of a responsive pleading."  If a plaintiff fails to amend her complaint within twenty-one days as a matter of course, she may amend her pleading "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2).

Here, the SIWPC Defendants answered McCray's Second Amended Complaint on November 9, 2016, which set November 30, 2016 as the deadline for McCray to amend her Complaint as a matter of course.  McCray filed her Corrected Fourth Amended Complaint on

---

[3] The Court construes McCray's "Amended Verified Claim and Enforcement Action for Violations of the Fair Debt Collection Practices Act (FDCPA)" as a Third Amended Complaint. <u>See</u> <u>Monge v. Portofino Ristorante</u>, 751 F.Supp.2d 789, 792 n.1 (D.Md. 2010) (explaining that the Court should not exalt form over substance).

May 2, 2016—well past the deadline.  McCray also did not have the SIWPC Defendants' written consent to amend her Complaint.  Thus, McCray must obtain leave of the Court.

Under Rule 15(a)(2), the Court should "freely give leave" to file an amended complaint "when justice so requires."  The United States Court of Appeals for the Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'"  Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

In determining whether an amendment is prejudicial, the Court considers the nature of the amendment and its timing.  Laber, 438 F.3d at 427.  The further a case has progressed, the more likely it is that amendment will be prejudicial.  Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 379 (4th Cir. 2012) (citation omitted).  "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'"  Laber, 438 F.3d at 427 (quoting Johnson, 785 F.2d at 510).

By contrast, an amendment is not prejudicial "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."  Id. (citing Davis, 615 F.2d at 613); see Kalos v. Law Offices of Eugene A. Seidel, P.A., No. 1:09CV833 (JCC), 2009 WL 4683551, at *3 (E.D.Va. Dec. 3, 2009) ("Because the trial date is not yet set and no discovery has been taken, the Court finds that allowing leave to amend the Amended Complaint would not be unduly prejudicial to Defendants.").

Here, in McCray's Opposition, she requests leave to amend her Third Amended Complaint.[4]  Because the Court has not set a trial date and the parties have not engaged in discovery, the Court concludes that granting McCray leave to amend her Complaint would not prejudice the SIWPC Defendants.  The Court further concludes that there is no evidence that she acted with bad faith, and the SIWPC Defendants do not raise a futility argument.  Thus, the Court will grant McCray leave to file an amended complaint.  If filed, this amended complaint will be the operative complaint.  Accordingly, the Court will deny SIWPC Defendants' Motion and grant McCray's Motion.

McCray's proposed Fourth Amended Complaint was not, however, filed in compliance with Local Rule 103.6 (D.Md. 2016), which requires the plaintiff to "file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined of set forth in bold-faced type."[5]  Therefore, before the Court accepts McCray's Fourth Amended Complaint as the operative Complaint, McCray must file an amended complaint that complies with the Local Rules.  The SIWPC Defendants may then file a motion to dismiss if they so choose.

---

[4] See note 2 supra.

[5] The Court notes that McCray, though proceeding pro se, clearly is aware of the requirements for requesting leave to amend a complaint under the Federal Rules of Civil Procedure.  When she filed her Second Amended Complaint, McCray moved for leave to do so and filed a redline version.  (ECF Nos. 35, 35-1).

For the foregoing reasons, SIWPC Defendants' Motion to Strike (ECF No. 106) is DENIED WITHOUT PREJUDICE and McCray's Motion to File a Fourth Amended Complaint is GRANTED (ECF No. 107).   McCray is DIRECTED to file an amended complaint that complies with the Local Rules within thirty days of the date of this Order.   Failure to file an amended complaint that complies with the Local Rules may result in the Court reconsidering this Order and denying McCray leave to amend.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and mail a copy to McCray at her address of record.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge