## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Renee L. McCray | } |
| 109 Edgewood Street | |
| Baltimore, Maryland  21229 | } |
| | |
| *Consumer* | } |
| | |
| vs. | } **Civil Action No.:  GLR-13-CV-1518** |
| | |
| SAMUEL I WHITE, P.C. | } **Consolidated with GLR-16-00934** |
| JOHN E. DRISCOLL, III | |
| ROBERT E. FRAZIER | } |
| JANA M. GANTT | |
| LAURA D. HARRIS | } **FOURTH AMENDED VERIFIED** |
| KIMBERLY LANE | **CLAIM AND ENFORCEMENT** |
| DEENA L. REYNOLDS | } **ACTION FOR VIOLATIONS OF** |
| (Substitute Trustees) | **THE FAIR DEBT COLLECTION** |
| 611 Rockville Pike 100 | } **PRACTICES ACT (FDCPA)** |
| Rockville, MD  20852 | |
| Serve On: | } **AND INJUNCTIVE RELIEF** |
| Robert Hillman, Esquire | |
| SAMUEL I. WHITE, P.C. | } |
| 611 ROCKVILLE PIKE | |
| SUITE 100 | } **JURY TRIAL DEMANDED** |
| ROCKVILLE, MD 20852 | |
| | } |
| *Defendants* | |
| | } |

The Consumer, Renee L. McCray, a natural woman, files this Fourth Amended Verified

Claim and Enforcement Action for violations of the Fair Debt Collection Practices Act (hereafter

"FDCPA") 15 U.S.C. § 1692 *et seq.*  This court has subject matter jurisdiction over this action

because it presents a federal question, 28 U.S.C. § 1331.  This is an action to enforce the liability

of the Debt Collectors/Defendants for violations of this Consumer's protections under the

FDCPA, the Constitution for the United States of America, and other consumer protection laws

which were enacted by Congress to protect Consumers from illegal, harassing, deceptive and abusive debt collection activities. The law of this case is the FDCPA.

The rules of law governing this Fourth Amended Verified Claim and Enforcement Action is the FDCPA, 15 U.S.C. § 1692 *et seq.*, the Consumer Financial Protection Bureau (CFPB), the Federal Trade Commission (FTC) and Article III of the United States Constitution. The language to be used in this matter is the Plain Writing Act of 2010 – which has been enacted by Congress through Executive Order 13563. It requires federal agencies to use clear communications that the public can easily understand and written in plain language.

Any motions or pleadings, that contain legalese and are not written in plain English for the Consumer to understand, will be intentionally confusing, abusive, profane, obscene and harassing to the Consumer, would be a violation of 15 U.S.C. § 1692d(2), and will be assessed at an additional $5,000.00 per occurrence and added to this Consumer's verified claim.

Any response, communications or counterclaim to this Consumer's amended verified claim, from any Debt Collector/Defendant in the form of pleadings or otherwise, should be certified, as required by law pursuant to Federal Rules of Civil Procedures, Rule 10. **There will be no exceptions**. Any false statements made in any communications by the Debt Collectors/Defendants in this enforcement action, would be considered perjury. Each occurrence of perjury will be assessed at $25,000.00 and will be added to the Consumer's damages.

Any debt collector or attorney/counsel attempting to come into this consumer matter, MUST have prior consent from the Consumer or a **court of competent jurisdiction** to enter their appearance and MUST have the proper license; and MUST be properly bonded and insured in an amount to cover all of the Consumer's damages in this enforcement action.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), 15 U.S.C. § 1692, *et seq.*, and specifically 15 U.S.C § 1692k(d) which grants this federal judicial court jurisdiction to hear this claim without regard to the amount in controversy, and has subject matter jurisdiction over the Debt Collectors/Defendants, as they are defined in 15 U.S.C. § 1692a(6) attempting to collect a debt as defined in 15 U.S.C. § 1692a(5). The court has jurisdiction over the subject matter. The subject matter is debt collection. Venue is proper as these illegal acts were committed in this district.

The Consumer enjoys jurisdiction and authority under Article III of the Constitution for the United States of America and has standing to bring this action.

## PARTIES

1.  The Plaintiff in this action is Renee L. McCray, a natural woman is a consumer, as is defined in 15 USC § 1692a(3), hereinafter referred to as "Consumer."

2.  The Debt Collectors/Defendants in this action are as follows:

    a.  SAMUEL I. WHITE, P.C., is a for-profit Virginia Corporation that is also a debt collection law firm (hereinafter "SIWPC"). SAMUEL I. WHITE, P.C. is an entity that "regularly collects or attempts to collect" debts from consumers in Maryland, Virginia and the District of Columbia. Their actions in "attempting to collect, directly or indirectly, debts owed or due another," defines them as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and is subject to the regulations of the FDCPA.

b.  JOHN E. DRISCOLL, III (hereinafter "SIWPC Defendant") is an attorney with the entity Samuel I. White, P.C.  Defendant, John E. Driscoll, III is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

c.  ROBERT E. FRAZIER (hereinafter "SIWPC Defendant") is an attorney with the entity Samuel I. White, P.C.  Defendant, Robert E. Frazier is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

d.  JANA M. GANTT (hereinafter "SIWPC Defendant") is an attorney with the entity Samuel I. White, P.C.  Defendant, Jana M. Gantt is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

e.  LAURA D. HARRIS (hereinafter "SIWPC Defendant") is an attorney with the entity Samuel I. White, P.C.  Defendant, Laura D. Harris is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

f.  KIMBERLY LANE (hereinafter "SIWPC Defendant") is an attorney with the entity Samuel I. White, P.C.  Defendant, Kimberly Lane is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

g.  DEENA L. REYNOLDS (hereinafter "SIWPC Defendant") is an attorney with the entity Samuel I. White, P.C.  Defendant, Deena L. Reynolds is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.  At all times relevant, the Debt Collectors/Defendants acted as debt collectors within the meaning of 15 U.S.C. § 1692a(6) in that they were attempting to collect an alleged debt as defined in 15 U.S.C. § 1692a(5).

## 2013 PRELIMINARY STATEMENT

4.    This action arrives out of the illegal conduct and behavior of the Debt Collectors/Defendants engaging in illegal, false, misleading, and deceptive collection activities as defined in 15 U.S.C. § 1692 *et seq.*

5.    The SIWPC Defendants continued to collect an **unverified** alleged debt without providing the Consumer verified evidence they had a legal right to do so which is a violation of 15 U.S.C. § 1692g(b).

6.    The Consumer disputed the **unverified** alleged debt with the Debt Collectors/Defendants and requested verification and validation of the alleged debt.

7.    The Debt Collectors/Defendants filed an illegal debt collection action into a state tribunal and dubbed it a non-judicial foreclosure action to dispossess and disable the Consumer from her personal, private property that was obtained primarily for personal, family, and household use.  The Debt Collectors/Defendants had no lawful right to do so.

## 2016 PRELIMINARY STATEMENT

8.    This action also arrives out of the illegal conduct and behavior of the Defendants engaging in collection activity that is prohibited in 15 U.S.C. § 1692 *et seq.* and the Defendants new and continuous violations of the FDCPA.

9.    The Consumer's action before this Court is to recover her private right of action administrative remedy damages, actual damages, costs, fees and expenses incurred by the Consumer prior to and during the pendency of this action.

10.   The Consumer disputed the alleged debt was owe since it was discharged in bankruptcy and requested verification that the SIWPC Defendants had a valid lien or secured interested in the Consumer's property which they refused to do.

The Consumer feels she has pursued all her administrative remedies and those explicitly written within the FDCPA.

## 2013 FACTUAL CLAIMS

11.   On October 4, 2012, the Consumer received a Notice from Samuel I. White, P.C. dated September 28, 2012 stating they were initiating foreclosure proceedings and the Notice also stated "The following information is provided to you as required by the Federal Fair Debt Collections Practices Act...**THIS IS AN ATTEMPT TO COLLECT A DEBT THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (see ANNEX A)**

12.   In the September 28, 2012 Notice it also stated the Consumer owed an alleged debt in the amount of $61,668.89 and that the alleged "creditor to whom the debt is owed is Wells Fargo Bank, N.A." Wells Fargo Bank, N.A. was never the Consumer's creditor, and the Consumer is not in receipt of any evidence to the contrary.

13.   On October 6, 2012, the Consumer sent a letter by **U.S. Certified Mail Number: 7010 2780 0003 7004 7307** to Samuel I. White, P.C. requesting verification and validation of the alleged debt and their legal claim to collect on the alleged debt. Samuel I. White, P.C. received the Consumer letter on October 11, 2012. **(see ANNEX B)**

14.  The Consumer never received a response from Samuel I. White, P.C. concerning the October 6, 2012 Notice of Dispute.

15.  On February 22, 2013, the Consumer found posted to the front entry door of her dwelling a Notice of Foreclosure Action for all to see causing the Consumer much embarrassment and humiliation in front of her neighbors.

16.  On February 25, 2013 the Consumer again sent a letter via U.S. Certified Mail to the SIWPC Debt Collectors requesting verification and validation of the alleged debt.  **(see ANNEX C)**

17.  The Consumer never received a response from the SIWPC Defendants concerning the February 25, 2013 request for verification of the alleged debt.

18.  On March 8, 2013, the Consumer filed into the Baltimore City Circuit Court, (state non-judicial foreclosure action), Case Number 24-O-13000-528, a Notice of Dispute and a request for verification and validation. **(see ANNEX D)**

19.  The SIWPC Debt Collector/Defendants and the state tribunal ignored the Consumer's Notice of Dispute and continued to proceed with the illegally filed non-judicial foreclosure action.

20.  In the Matter of PRESSLER & PRESSLER, LLP, SHELDON H. PRESSLER, AND GERARD J. FELT, Consent Order, File No. 2016-CFPB- 0009, the CFPB found that:

> "The Firm filed the majority of the lawsuits against consumers on behalf of Debt Buyers. Those Debt Buyers often could not support their collection activities **with basic documents, such as the original contracts underlying the alleged debts, documentation of the consumer's alleged obligation, or the chain of title evidencing that the debt buyer actually owned the debt and thus had standing to sue the consumer.** Respondents filed the lawsuits without independently investigating or verifying support for the suits, including whether the facts alleged were true, and in instances where they had

information that the facts alleged were unsupported, including but not limited to where:

    a. **Consumers disputed, challenged, or questioned the validity or accuracy of the debt and Defendants failed to obtain Original Account-Level Documentation before continuing collecting on that account**; or..." *(Emphasis added)*

21. The CFPB stated that before debt collectors can go forward with a lawsuit, they must acquire genuine loan level account documentation from the original creditor, and review and verify the documentation.

22. Without the SIWPC Defendants reviewing genuine loan level account documentation from the original creditor, showing the creditor actually extended its credit to the Consumer, and the alleged debt was due and owing, the SIWPC Defendants did not have a legal right to file the 2013 non-judicial foreclosure action and violated 15 U.S.C. § 1692g(b).

23. On February 12, 2013, the SIWPC Debt Collectors initiated an illegal debt collection action dubbed a non-judicial foreclosure action without verifying and validating the alleged debt as the Consumer requested.

24. On September 16, 2013, the SIWPC Debt Collectors sent the Consumer a Notice of Impending Foreclosure Sale. On the front of the envelope it stated "IMPORTANT NOTICE TO ALL OCCUPANTS: FORECLOSURE INFORMATION ENCLOSED OPEN IMMEDIATELY" (see **ANNEX F – Newly filed**).

25. The Consumer later discovered that the SIWPC Debt Collectors filed fabricated documentation (i.e., 2012 Corporate Assignment of Deed of Trust, Affidavit of Certifying Ownership of Debt Instrument, and Substitution of Trustee) into the state non-

judicial foreclosure action in order to steal the Consumer's personal, private property. (Since these documents are newly filed, the Consumer will attach a copy of each of the documents as follows: **ANNEX G** – 2012 Corporate Assignment of Deed of Trust, and **ANNEX H** – Affidavit of Certifying Ownership, the document Substitution of Trustee was previously filed as **ANNEX E**).

26.   In March 2014, the Consumer also discovered that the alleged promissory note was securitized and that the 2012 Corporate Assignment of Deed of Trust was invalid and illegally filed into the Baltimore City Land Records (see **ANNEX I** – Affidavit of William McCaffrey).

27.   Mr. William McCaffrey a professional document examiner and securitization expert stated in his affidavit that the Consumer's loan was securitized and placed into a Real Estate Mortgage Investment Conduit (REMIC) Trust. He also stated the 2012 Corporate Assignment of Deed of Trust was in violation of REMIC procedures and that "…the assignment is deemed void as well as any others following." Mr. McCaffrey affidavit has been presented to the SIWPC Defendants and has never been refuted.

28.   The Consumer also discovered that once a note has been securitized, it is converted into a stock certificate. The promissory note no longer exists, if both the promissory note and stock certificate exist at the same time; that is known as "double dipping." "Double dipping" is a form of securities fraud. A negotiable instrument can only be in one of two states when it undergoes securitization, not both at the same time. It can either be a note or a stock certificate. Once it is traded as a stock, it is forever a stock. It is treated as a stock and regulated by the U.S. Securities and Exchange Commission (SEC) as a stock.

29. On March 20, 2014, at a hearing in the United States Bankruptcy Court for the District of Maryland, Case No.: 13-26131, the Consumer had the opportunity to examine the alleged promissory note. At the hearing, the Consumer specifically denied under oath the note that was presented to her was the original document she signed on October 7, 2005. At the same hearing, the Consumer specifically denied the photocopy of the deed of trust presented to her as the original deed of trust she signed on October 7, 2005. A photocopy of a document cannot be an original document. Neither the SIWPC Debt Collectors nor their principal, Wells Fargo Bank, N.A. ever rebutted or refuted the Consumer's testimony.

30. By the SIWPC Debt Collectors presenting a copy of the alleged promissory note to the Consumer and filing a photocopy of it into the state non-judicial foreclosure action, attempting to collect on the alleged debt, the SIWPC and their principal are in violation of securities fraud; and the Consumer is not in receipt of any evidence to the contrary.

31. The Consumer later discovered that the 2012 Corporate Assignment of Deed of Trust violated U.S.C. Title 18 § 335 – Circulation of Obligations of Expired Corporations. On September 18, 2015, the Consumer filed a Criminal Complaint and Affidavit of Criminal Complaint with the United States Attorney for the District of Maryland against the SIWPC Debt Collectors and their principal, Wells Fargo Bank, N.A., for violating U.S.C. Title 18 § 335. U.S.C. Title 18 § 335 states:

*Whoever, being a director, officer, or agent of a corporation created by Act of Congress, the charter of which has expired, or trustee thereof, or an agent of such trustee, or a person having in his possession or under his control the property of such corporation for the purpose of paying or redeeming its notes and obligations knowingly issues, reissues, or utters as money, or in any other way knowingly puts in circulation any bill, note, check, draft, or other security purporting to have been made by any such corporation, or*

*by any officer thereof, or purporting to have been made under authority derived therefrom, shall be fined under this title or imprisoned not more than five years, or both.* **[Emphasis added]**.

32. The Consumer also discover that the 2012 Corporate Assignment of Deed of Trust violates Md. Statute of Frauds, which states:

> **Md. Code Real Prop. § 5-103.  Transfer of interest; writing required**
>
> *"No corporeal estate, leasehold or freehold, or incorporeal interest in land may be assigned, granted, or surrendered, **unless it is in writing signed by the party assigning, granting, or surrendering it, or his agent lawfully authorized by writing**, or by act and operation of law."* **[Emphasis added.]**

33. On October 15, 2015, weeks after the Consumer filed the Criminal Complaint and Affidavit of Criminal Complaint with the U.S. Attorney, Wells Fargo Bank, N.A. by and through its attorneys filed an errata into the United States Court of Appeals, Appeal No.: 15-1444 stating that the 2012 Corporate Assignment of Deed of Trust had no beneficial interest.  The assignment was "the Deed of Trust alone, and not the underlying debt."

34. By filing the invalid 2012 Corporate Assignment of Deed of Trust into the Baltimore City Land Records and the 2013 non-judicial foreclosure action, this was another false, deceptive and misleading act by the SIWPC Defendants and their principle in order to illegally dispossess and/or disable the Consumer from her personal, private property when they did not have a legal right to do so; and the Consumer is not in receipt of any evidence to the contrary.

35. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA.

36. The SIWPC Defendants are "debt collectors" as defined in 15 U.S.C. § 1692a(6), attempting to collect an alleged debt that is defined in 15 U.S.C. § 1692a(5) arising out of

a consumer credit transaction that was obtained primarily for personal, family and household use.

37.  At all times relevant to this action, the SIWPC Debt Collectors acquired whatever data they have in their possession from a third party.

38.  The SIWPC Defendants have used that data in their illegal acts and conduct to collect an alleged debt from the Consumer.  The data that the SIWPC Defendants have used in their illegal debt collection activities was for an alleged debt that was allegedly in default.

39.  The SIWPC Defendants are attempting to collect an alleged debt on behalf of another, and they are using the U.S. mail to communicate with the Consumer.  They are debt collectors as defined under 15 U.S.C. § 1692a(6), and they are subject to the laws of the FDCPA.

40.  **JUDICIAL NOTICE**:  On October 7, 2016, the United States Court of Appeals for the Fourth Circuit, Appeal Number: 15-1444, determined that the above referenced Defendants in this case are "debt collectors."  In the recent October 7, 2016 opinion it states "**In sum, we hold that McCray's complaint adequately alleges that the White Firm and the Substitute Trustees were debt collectors and that their actions in pursuing foreclosure constituted a step in collecting debt and thus debt collection activity that is regulated by the FDCPA.**" (Emphasis added)

41.  The Consumer brings this Verified Claim and Enforcement Action before the court because of the SIWPC Defendants' illegal behavior and conduct in their attempt to dispossess the Consumer from her personal property by using abusive, deceptive and unfair practices that are regulated by the FDCPA.

## 2016 FACTUAL CLAIMS (for GLR-16-00934)

42. On September 23, 2013, in order to stop the illegal sale of the Consumer's personal, private property by the SIWPC Debt Collectors, the Consumer was forced to file a Chapter 13 petition with the United States Bankruptcy Court for the District of Maryland, Case Number: 13-26131.

43. On January 30, 2014, the Consumer filed a motion to convert the petition under Chapter 13 to a Chapter 7.

44. On January 31, 2014, the U.S. Bankruptcy Court entered an order converting the Chapter 13 bankruptcy to a Chapter 7.

45. On July 14, 2014, the Consumer received an order discharging the Consumer's alleged debt in Bankruptcy Case Number 13-26131. The order stated "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit...A creditor who violates this order can be required to pay damages and attorney fees to the debtor."

46. On December 10, 2015, the United States Bankruptcy Court for the District of Maryland ordered the Final Decree and closed Consumer's Bankruptcy Case Number: 13-26131.

47. On January 11, 2016, E. Edward Farnsworth Jr., Esquire, Attorney for the SIWPC Defendants filed into the Baltimore City Circuit Court Foreclosure Action, Case No.: 24-O-13-000528 a "NOTICE OF TERMINATION OF AUTOMATIC STAY OF 11 U.S.C. SECTION 362" which stated "Accordingly the Substitute Trustees intend to resume foreclosure proceedings. Attorney Farnsworth also included a copy of the December 10,

2015 United States Bankruptcy Final Decree for Case No.: 13-26131-NVA Chapter: 7. Annexed hereto as **ANNEX A.**

48. The Consumer received Attorney Farnsworth's Notice on January 13, 2016.

49. On January 13, 2016, after receipt of Attorney Farnsworth's Notice, the Consumer initiated an administrative procedure requesting verified evidence that the SIWPC Defendants had a right to continue the foreclosure action.  The Consumer sent to Samuel I. White, P.C. a "NOTICE TO DEBT COLLECTOR – Notice to Agent Is Notice to Principal, Notice to Principal Is Notice to Agent."  Defendant, Samuel I. White, P.C. was given ten (10) days to provide verified evidence that they had a right to continue the foreclosure action after the bankruptcy discharge and to provide a verified line by line rebuttal of the Notice.  Annexed hereto as **ANNEX B.**

50. The Notice also stated "You are to cease and desist any and all foreclosure actions that have not been rendered by a judgment issued through a court of record.  You have ten (10) days to provide a verified response excluding the day of receipt, all responses shall be directed to the NOTARY, addressed below."

51. The Consumer also included an Advisory Note in the Notice to Samuel I. White, P.C. which stated:

> **Advisory Note**: The term "verification" is defined in Black's Law Dictionary 6th Edition: "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter states an object of verification is to assure good faith in averments or statements of party." The term "verify" is defined in Black's Law Dictionary 6th Edition: "To confirm or substantiate by oath or affidavit.  Particularly used of making formal oath to accounts, petitions, pleadings, and other papers." The word "verified," when used in a statute, ordinarily imports a verity attested by the sanctity of an oath.  It is frequently used interchangeably with "sworn." "To prove to be true; to confirm or establish the truth or truthfulness; to check or

       test the accuracy or exactness of; to confirm or establish the authenticity of; to authenticate; to maintain; to affirm; to support; to second; back as friend."

52. To date, Samuel I. White, P.C. has failed or refused to respond to the January 13, 2016 Notice as specified. The Consumer has completed the administrative process on Defendant, Samuel I. White, P.C. who received a NOTICE OF DEFAULT IN DISHONOR AND CONSENT TO JUDGMENT via Registered Mail Article Number: RE 713 812 333 US on Monday, March 24, 2016. A complete copy of the Consumer's administrative process is Annexed hereto as **ANNEX C.**

53. On Thursday, February 25, 2016, the Consumer received via USPS Certified Mail correspondence from Samuel I. White, P.C. dated February 22, 2016 regarding Notice of "Foreclosure Sale" of the Consumer's property. The SIWPC Defendants also included a copy of the newspaper advertisement setting forth the time, place and terms of sale. Annexed hereto as **ANNEX D.**

54. The Notice also stated "SUBSTITUTE TRUSTEES' SALE OF VALUABLE LEASEHOLD PROPERTY...the holder of the indebtedness secured by this Deed of Trust having appointed the undersigned Substitute Trustees...default having occurred under the terms thereof and at the request of the party secured thereby, the undersigned Substitute Trustee will offer for sale at public auction..." This Notice contained false, deceptive and misleading information regarding the existence of the indebtedness of a debt to a third party that the Consumer does not even owe.

55. Also stated in the February 22, 2016 correspondence from the SIWPC Defendants was the "NOTICE: Pursuant to the Federal Fair Debt Collection Practices Act, we advise you

that this firm is a debt collector attempting to collect the indebtedness referred to herein and any information we obtain from you will be used for that purpose."

56. On February 25, 2016, the Consumer also received another Notice entitled "Notice of Impending Foreclosure Sale." On the front of the envelope it stated "IMPORTANT NOTICE TO ALL OCCUPANTS:  FORECLOSURE INFORMATION ENCLOSED. OPEN IMMEDIATELY." Annexed hereto as **ANNEX I - newly filed Annex.**

57. On Wednesday, March 2, 2016, the Consume initiated another administrative procedure process and sent Samuel I. White, P.C. a "DEMAND NOTICE TO CEASE AND DESIST FORECLOSURE SALE OF PROPERTY KNOWN AS – 109 NORTH EDGEWOOD STREET, BALTIMORE, MARYLAND" via USPS Certified Mail #7011 2970 0003 7982 1304.  The SWIPC Defendants received the Consumer's Notice on Tuesday, March 8, 2016.  Annexed hereto as **ANNEX E**.

58. In the March 2, 2016 Notice, the Consumer demanded Samuel I. White, P.C. to provide within 72 hours verification of the debt they were collecting, since the alleged debt was discharged on July 14, 2014 in the United States Bankruptcy Court for the District of Maryland for Bankruptcy Case No.: 13-26131-NVA Chapter 7.

59. The Consumer also demanded Defendant, Samuel I. White, P.C. to provide within 72 hours, verification that the SIWPC Defendants had an enforceable security interest to take any non-judicial action to effect dispossession or disablement of the Consumer's property.

60. Samuel I. White, P.C. has failed or refused to respond to the March 2, 2016 Notice to Cease and Desist.  On March 14, 2016, the Consumer sent Samuel I. White, P.C. a

NOTICE OF FAULT AND OPPORTUNITY TO CURE – DEMAND NOTICE TO CEASE AND DESIST AND VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA).  Samuel I. White, P.C. received the Notice of Fault…" on March 16, 2016 and has failed or refused to respond.  Annexed hereto as **ANNEX F.**

61.    The Consumer has completed the second administrative process on Defendant, Samuel I. White, P.C., who received on March 24, 2016, a NOTICE OF DEFAULT IN DISHONOR AND CONSENT TO JUDGMENT AND NOTICE OF PENDING LAWSUIT TO ENFORCE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) dated March 21, 2016 via Certified Mail #7011 2970 0003 7990 2492.  Annexed hereto as **ANNEX G**.

62.    The SIWPC Defendants have engaged in abusive acts of harassment, trespassing and invasion of the Consumer's privacy by advertising her home for sale to the public when they had no legal right to do so.

63.    Defendant, Samuel I. White, P.C. advertised the Consumer's personal, private property on Harvey West Auctioneers, LLC website: www.hwestauctions.com from March 4, 2016 – March 21, 2016.  Annexed hereto as **ANNEX J – newly filed Annex**.

64.    Defendant, Samuel I. White, P.C. advertised the Consumer's property in the "Daily Record" publication on 03/04, 03/11 and 03/18/2016 under "Public Notice."

65.    Because of SIWPC Defendants illegal advertising of the Consumer's property to the public, the Consumer has received numerous unwarranted solicitations via USPS mail from various unknown sources.   On a couple of the envelopes, they stated

"INFORMATION REGARDING STOPPING A FORECLOSURE SALE" or "…Stopping Foreclosure in Maryland…"

66. The SIWPC Defendants refusal to cease the illegal foreclosure action have continued to humiliate the Consumer by advertising this illegal foreclosure sale and causing the Consumer continuous anxiety, emotional distress, mental anguish, frequent headaches, loss of appetite, irritability loss of sleep, insomnia, and public embarrassment and humiliation.

67. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA.

68. The SIWPC Defendants are "debt collectors" as defined in 15 U.S.C. § 1692a(6), attempting to collect an alleged debt that is defined in 15 U.S.C. § 1692a(5) arising out of a consumer credit transaction that was obtained primarily for personal, family and household use.

69. The FDCPA definition of the term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of debt in default solely for the purpose of facilitating collection of such debt for another (15 U.S.C. § 1692a(4)). The SIWPC Defendants are not creditors of the Consumer, and have not provided to the Consumer any evidence that they are acting on behalf of a legitimate creditor of the Consumer as defined in the Act.

70. At all times relevant to this action, the SIWPC Defendants acquired whatever private data they have in their possession from a third party.

71.  The SIWPC Defendants are engaged primarily in the business of debt collection, and uses the interstate mail to facilitate communication with the Consumer.

72.  This verified claim and enforcement action is about the SIWPC Defendants new and continuous violations of the FDCPA.  The SIWPC Defendants continue to foreclose on the Consumer's personal property without providing verified evidence they have a legal right to do so.

## 2013 VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

73.  Paragraphs 11 through 41 are re-claimed as though fully set forth herein.

74.  The SIWPC Defendants continued to collect an **unverified** alleged debt without providing verified evidence they had a legal right to do so which is a violation of 15 U.S.C. § 1692g(b).

75.  The SIWPC Defendants illegal behavior and conduct have injured and harmed the Consumer and her family with their willful and continuous illegal, deceptive and criminal violations of federal law in their attempt to collect an **unverified** alleged debt by filing an illegal non-judicial foreclosure in a private state tribunal which is a violation of 15 U.S.C. §1692i.  Pursuant to 15 U.S.C. §1692i a debt collector must file an action to enforce an interest in real property only in a judicial district or similar legal entity, the state non-judicial foreclosure action is not a judicial district.

76.  In the September 28, 2012 Notice it stated the Consumer owed a debt in the amount of $61,668.89 and that the "creditor to whom the debt is owed is Wells Fargo Bank, N.A." Wells Fargo Bank, N.A. was never the Consumer's creditor.  This statement is a violation of 15 U.S.C. §1692e and §1692e(2) attempting to collect an alleged debt under false,

deceptive and misleading means and by stating an inaccurate character, amount and status of a debt.

77. On February 22, 2013, the Consumer found posted to the front entry door of her dwelling a Notice of Foreclosure Action for all to see, causing the Consumer much embarrassment and humiliation in front of her neighbors. The Notice of Foreclosure was conspicuously hanging there, openly, not in an envelope. This is a violation of 15 U.S.C. § 1692d(1) by harassing the Consumer at her place of dwelling and damaging her reputation with her neighbors. It is also a violation of 15 U.S.C. § 1692f(6)(A) taking any non-judicial action to dispossess or disable a Consumer from her private personal property when the debt collectors did not have a lawful right to do so.

78. The Consumer never received a response from the SIWPC Defendants concerning the February 25, 2013 second request for verification of the alleged debt which is another violation of 15 U.S.C. § 1692g(b).

79. On March 8, 2013, the Consumer filed into the Baltimore City Circuit Court, (non-judicial foreclosure action), Case Number 24-O-13000-528 a Notice of Dispute and a request for verification and validation. **(see ANNEX D)**

80. The SIWPC Debt Collector/Defendants and the state tribunal ignored the Consumer's Notice of Dispute and continued to proceed with the illegal debt collection action dubbed a non-judicial foreclosure which is a violation of 15 U.S.C. § 1692f(6)(A), §1692g(b), and §1692i.

81. The SIWPC Debt Collectors initiated an illegal debt collection action dubbed a foreclosure when they had no legal right to do so, which are violations of 15 U.S.C. § 1692e(5), § 1692f(6)(A) and (C), and § 1692i.

82. Every communication from the SIWPC Debt Collectors/Defendants including filing the illegal non-judicial foreclosure action into the state tribunal was an attempt to collect a debt, and were violations of the FDCPA pursuant to 15 U.S.C. § 1692e(5), § 1692e(6)(B), e(9), and e(10), § 1692i and 1692j(a) and (b).

83. The SIWPC Debt Collectors/Defendants violated 15 U.S.C. § 1692j(a) and (b) by preparing and presenting to the Consumer the illegal SUBSTITUTION OF TRUSTEE document **(ANNEX E)**. They entered the document into the state non-judicial foreclosure action and the Baltimore City Land Records to deceive the Consumer and give the false belief that the illegal SUBSTITUTION OF TRUSTEE document was lawful and that it enabled the debt collectors to file the illegal non-judicial foreclosure action to dispossess and/or disable the Consumer from her personal private property. 15 U.S.C. § 1692j(a) states:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

84. The illegal SUBSTITUTION OF TRUSTEE document that was created and publicly recorded are violations of § 1692j(a) and (b), and were compiled and designed in order for the debt collectors to collect payment from the illegal sale of the Consumer's personal, private property/dwelling. Neither the SIWPC Debt Collectors nor Wells Fargo

Bank, N.A. had any authority to file the illegal Substitution of Trustee document into the Baltimore City Land Records; and the Consumer is not in possession of any evidence to the contrary.

85. The SIWPC Debt Collectors also presented the alleged promissory note, the 2012 Corporate Assignment of Deed of Trust, and Affidavit of Debt Ownership as valid/legal documents when they were not. The SIWPC Debt Collectors filed the documents to give the Consumer and the state court the false impression that they were valid documents, in order to file the non-judicial foreclosure action, when they were not; which are violations of 15 U.S.C. § 1692e(9) and e(10), 1692f(6)(A), and 1692j(a) and (b); and the Consumer is not in receipt of any evidence to the contrary.

86. The SIWPC Defendants took this Consumer's personal, private information and made it public, and distributed it to third parties (the state tribunal, Harvey West Auctioneers, LLC and the Dailey Record), which are violation of 15 U.S.C. § 1692c(b). 15 U.S.C. § 1692c(b) states a debt collector may not communicate, with any third party "with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

87. On September 16, 2013, the SIWPC Defendants also violated 15 U.S.C. § 1692f(8) by communicating with the Consumer via U.S. mail and by stating on the front of the envelope "IMPORTANT NOTICE TO ALL OCCUPANTS:   FORECLOSURE INFORMATION ENCLOSED OPEN IMMEDIATELY" (see **ANNEX F**). 15 U.S.C. § 1692f(8) prohibits any language or symbol, other than the debt collector's address, on

any envelope when communicating with a consumer by use of the U.S. mail or by telegram.

88. The SIWPC Debt Collectors/Defendants are having forced contact with this Consumer. They have criminally trespassed[1] and used the U.S. mail and instrumentalities of interstate commerce to do it.  Trespassing is a crime.

89. The Consumer has suffered emotionally, financially, physically and personally for over 4½ years because of the SIWPC Debt Collectors abusive practices and violations of the FDCPA.  The harm and injuries the Consumer sustained by the debt collectors' illegal acts, include but are not limited to; the damage to the Consumer's credit rating and credit worthiness which has suffered tremendously, that the Consumer is subject to higher interest rates, higher insurance premiums, security deposits, etc.  Although the Consumer did not lose a job because of the illegally filed state foreclosure action, the Consumer states the time she spent researching and fighting the illegal non-judicial foreclosure action, prevented the Consumer from seeking part-time employment to sustain her income.   Also, because of the debt collectors' illegal debt collection action, the Consumer's marriage suffered and their continuous non-stop illegal conduct and behavior contributed to the Consumer's recent divorce, the Consumer has and is still suffering with emotional distress which is causing physical ailments, frequent headaches, loss of appetite, irritability, mental anguish, anxiety, loss of sleep, insomnia, embarrassment, and humiliation.  Further, the Consumer's privacy was also invaded because the SIWPC Debt

---

[1] Criminal trespass is an unlawful intrusion that interferes with one's person or property. Any wrongful conduct directly causing injury or loss. A trespass gives the aggrieved party the right to bring a civil lawsuit and collect damages as compensation for the interference and for any harm suffered. Trespass is an intentional tort and, in some circumstances, can be punished as a crime.

Collectors never had a legal right to file her personal private information into a private state tribunal, which is Identity Theft.

90. The SIWPC Defendants have refused to stop their illegal criminal behavior and conduct. **THEREFOR**, this Court is to assist the Consumer in this Enforcement Action.

91. I am here as a Consumer, a natural woman, and for this court to bear witness to my statutory private right of action.

92. The FDCPA imposes a strict liability standard. **Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.**

**WHEREFORE**, it is the Consumer's wish that the court ratify her demand for civil damages under 15 U.S.C. § 1692k:

a) The Consumer is seeking $100,000.00 for actual damages incurred as a result of the SIWPC Debt Collectors illegal actions from each defendant, in 15 U.S.C. § 1692k(a)(1); and

b) The Consumer is also seeking statutory damages of $1,000.00 from each debt collector, in 15 U.S.C. § 1692k(2)(A); and

c) For punitive damages of $450,000.00, from each defendant, in 15 U.S.C. § 1692k(b)(1), for the past 4½ years of intentional and continuous deceptive and tortious conduct, abuse, harassment, and the infliction of severe emotional distress, mental anguish, anxiety and physical pain; and

d) The SWIPC Debt Collectors/Defendants must terminate all debt collection actions, and the SWIPC Debt Collectors are not permitted to contact the Consumer any further regarding the alleged debt.

## 2016 Violations of the Fair Debt Collection Practices Act

93.   Paragraphs 42 through 72 are re-claimed as though fully set forth herein.

94.   The SIWPC Debt Collectors/Defendants, as debt collectors, violated U.S.C. 15 § 1692c(b) Communication with Third Parties by advertising the Consumer's property for sale on Harvey West Auctioneers, LLC public website from March 4, 2016 – March 21, 2016 (see **ANNEX J)**. A debt collector may not communicate, with any third party "with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

95.   The SIWPC Defendants also violated U.S.C. 15 § 1692f(8) by using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram.  In the SIWPC Defendants February 22, 2016 "NOTICE OF, IMPENDING FORECLOSURE SALE," it stated on the envelope "IMPORTANT NOTICE TO ALL OCCUPANTS: FORECLOSURE INFORMATION ENCLOSED. OPEN IMMEDIATELY."  This language on the front of the envelope is a violation of U.S.C. 15 § 1692f(8) (see **ANNEX I)**.

96.   The SIWPC Defendants, as debt collectors, violated U.S.C. Title 15 § 1692g(b) by sending the February 22, 2016 Notice of Sale of the Consumer's property and refusal to validate the alleged debt giving them a right to sell the Consumer's property.

97.   On March 2, 2016, the Consumer sent the SWIPC Defendants a "Demand Notice to Cease and Desist..." **(ANNEX E)** and for verification of the alleged debt which would give SIWPC Defendants the right to sell her personal, private property.  The SIWPC

Defendants failure or refusal to comply with the Consumer's March 2nd demand for verification of the alleged debt or their right to sell the Consumer's personal property is a violation of U.S.C. Title 15 § 1692g(b).  SWIPC did not verify the alleged debt nor did they voluntarily cease and desist the March 22, 2016 sale of the Consumer's home as specified in the March 2nd "Demand Notice to Cease and Desist."

98.    The harm and injuries the Consumer sustained by the debt collectors' illegal acts, include but are not limited to; suffering with emotional distress which is causing physical ailments, frequent headaches, loss of appetite, irritability, mental anguish, anxiety, loss of sleep, insomnia, embarrassment, and humiliation.

99.    As a consumer with protections under the FDCPA and CFPB, Congress has afforded the Consumer a "private right of action" for damages caused by the illegal, deceptive and abusive activities of a debt collector.  A consumer has the private right to exercise every provision in the consumer protection laws or any other constitutional protections that have been afforded to her as a consumer.

100.    The CFPB affirms that Congress intended the FDCPA to be primarily self-enforcing, and the consumer does not have to ask permission to enforce.  The CFPB's Supplemental Amicus Brief for *Bock v. Pressler, LLP,* No. 15-1056 stated:

> "The Bureau has a substantial interest in plaintiffs' standing under Article III to bring suit in federal court to assert their rights under the Fair Debt Collection Practices Act (FDCPA or Act). Although the Bureau and various other federal agencies have authority to enforce the Act, 15 U.S.C. § 1692*l*, **Congress intended the Act to be "primarily self-enforcing," in that "consumers who have been subjected to collection abuses will be enforcing compliance," S. Rep. No. 95-382, at 5 (1977). An unduly narrow understanding of Article III standing would limit consumers' ability to exercise the Act's private**

**right of action and thereby weaken an important supplement to the Bureau's own enforcement efforts.** *Emphasis added.*

101. The SIWPC Defendants have refused to stop their illegal criminal behavior and conduct. **THEREFOR**, this Court is to assist the Consumer in this Enforcement Action.

102. I, Renee L. McCray, a natural woman, is here as an American Consumer, for this court to bear witness to my statutory private right of action.

103. If the SIWPC Defendants feel they have a lawful, bona fide, or verified claim to the Consumers personal, private property, then they **MUST** file, while in this federal judicial district, a verified counterclaim pursuant to 15 U.S.C. § 1692i.

104. If they do not, the Consumer wishes the Court to ratify the Consumer's demand for compensation under 15 U.S.C. § 1692k, in the form of actual damages of $100,000 for each defendant for continuous harassment, tortious conduct, the Consumer's time, cost, increased medical expenses, physical pain and intentional infliction of emotional distress and mental anguish.

105. The FDCPA imposes a strict liability standard. **Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.**

**WHEREFORE**, it is the Consumer wish that the court ratify the Consumer's private right of action administrative procedure remedy in the amount of $12,760,000.00 as of the date of filing this claim. The Consumer also wishes judgment for costs, actual damages of $100,000 and statutory damages of $1,000.00 for each Defendant and additional damages of $66,500.00 against each and every Defendant pursuant to 15 U.S.C. § 1692k, and for such other and further relief as the court may deem proper and just.

### INJUNCTIVE RELIEF

106.   Paragraphs 1 through 105 are re-claimed as though fully set forth herein.

107.   The Consumer has a clear legal right to seek injunctive relief for the reasons stated above and set forth herein.  The SIWPC Debt Collectors/Defendants had no legal or lawful right to initiate the February 12, 2013 foreclosure action in the Baltimore City Circuit Court, Case No.: 24-O-13-000528 to ultimately dispossess the Consumer from her personal private property.

108.   The Consumer is being threatened with immediate, irreparable harm if the SIWPC Debt Collectors/Defendants are permitted to continue to lay claim to the Consumer's personal private property and to continue the illegal foreclosure action in their illegal attempt to deprive the Consumer of her personal private property.

109.   As the SIWPC Debt Collectors/Defendants have no legal standing to initiate or maintain a foreclosure action without verifying and validating the alleged debt.

110.   As the court is aware, on October 7, 2016, the United States Court of Appeals for the Fourth Circuit, Appeal Number: 15-1444, has determined that the above referenced Defendants' in this case are "debt collectors."  In the recent October 7, 2016 opinion it stated "that McCray adequately alleges the first and second elements "…we hold that McCray's complaint adequately alleges that the White Firm and the Substitute Trustees were debt collectors and that their actions in pursuing foreclosure constituted a step in collecting debt and thus debt collection activity that is regulated by the FDCPA."

111.   Further, on March 29, 2017, in the Memorandum and Order filed in this case, Civil Action Case No.: GLR 13-1518 (Doc. 96), Judge Russell stated in his Memorandum

"…the Court concludes that McCray sufficiently states a claim under § 1692g(b)." Judge Russell is now stating that the Consumer adequately asserted the third element that the SIWPC Debt Collectors/Defendants engaged in an act or omission prohibited by the FDCPA.  Since Judge Russell is now stating the SIWPC Debt Collectors/Debt Collectors never verified and validated the alleged debt, which is the basis for the unlawful and illegal state foreclosure action, then the SIWPC Debt Collectors had no lawful nor legal right to bring the non-judicial foreclosure action against the Consumer.

112.   There is no harm to the SIWPC Debt Collectors/Defendants with the granting of this relief.  Any claimed harm by the SIWPC Debt Collectors/Defendants is substantially outweighed by the irreparable harm to the Consumer if the relief herein is not granted.

113.   If the SIWPC Debt Collectors could lawfully prove they are acting legally with an enforceable interest in the Consumer's personal private property, which the Consumer claims is not likely, any injuries they might suffer by the court granting an injunction against the foreclosure action until this matter is resolved would be substantially less harmful for the SIWPC Debt Collectors/Defendants; and their alleged creditor than those which the Consumer would suffer by the loss of her personal property.

114.   Accordingly, it is the Consumer's wish that an injunction against the SIWPC Debt Collectors/Defendants prohibiting them from taking any further action to dispossess and/or disable the Consumer from her personal, private property in the Baltimore City Circuit Court Foreclosure Action.

115.   By the SIWPC Debt Collectors/Defendants actions above and claims set forth herein, the Consumer has a strong likelihood of prevailing on the merits of this case.

116. Injunctive relief is necessary to enjoin the SIWPC Debt Collectors/Defendants from continuing to assert any right to foreclose on the Consumer's personal private property until this claim for violations of the FDCPA is completely adjudicated.

117. The granting of the relief herein is in the public interest, as to the consuming public, including the Consumer and will prevent continued harm from the illegal and unlawful conduct of the SIWPC Debt Collectors/Defendants.

**WHEREFORE,** it is the Consumer's wish that this Court issue an injunction to restrain the SIWPC Debt Collectors/Defendants from continuing to harm the Consumer in the Baltimore City Circuit Court Foreclosure Action, Case No.: 24-O-13-000528, until this case has been completely adjudicated and for such other and further relief as may be deemed by this court.

**DEMAND FOR TRIAL BY JURY**

The Consumer hereby demands a trial by jury of all issues so triable as a matter of law.

All Rights Reserved Without Prejudice,

Renee L. McCray, Consumer
c/o 109 Edgewood Street
Baltimore, Maryland  21229
Email: rlmccray@yahoo.com
(410) 945-2424

## **VERIFICATION**

I, Renee L. McCray, Consumer being of sound mind, having first-hand knowledge, affirm, state and declare by my freewill act and deed that the facts contained in this Fourth Amended Verified Claim and Enforcement Action for 2013 and 2016 Violations of the FDCPA are true, correct, complete and not misleading, under penalties of perjury.

Executed this ___*9th*___ day of ___*December*___, 2017

Renee L. McCray, Consumer

*Notice:* *Use of Notary is for identification purposes only and shall not be construed against Declarant as adhesion, indicia, or submission to any foreign, domestic, or municipal jurisdiction or public venue.*

STATE OF MARYLAND          )
                           )          **JURAT**
CITY OF BALTIMORE          )

Before me the undersigned, a Notary acting within and for the City of *Baltimore* and State of Maryland on this ___*9th*___ day of ___*December*___, 2017, personally appeared and known to me to be the identical Woman, Renee L. McCray, who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of her firsthand knowledge, understanding, and belief, executed by her free will and voluntary act and deed the foregoing document.

Given under my hand and seal this ___*9th*___ day of ___*December*___, 2017.

*Bernell A. Dorman*

Notary signature

(seal)

My Commission expires: ___*December, 2018*___

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Fourth Amended Verified Claim and Enforcement Action has been sent to the parties listed below on December 11, 2017 by USPS First Class Mail.

Robert H. Hillman
c/o SAMUEL I. WHITE P.C.
611 Rockville Pike, Suite 100
Rockville, MD  20852

Dated:  December 11, 2017

Renee L. McCray

---

FOURTH AMENDED VERIFIED CLAIM AND ENFORCEMENT ACTION FOR VIOLATIONS OF THE FDCPA