# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

### (Baltimore Division)

| | | |
|---|---|---|
| RENEE L. MCCRAY | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-13-CV1518 |
| WELLS FARGO BANK, N.A. et al. | * | |
| Defendants | * | |

**************************************************************************

## ANSWER OF DEFENDANTS, SAMUEL I WHITE PC AND THE INDIVIDUALLY NAMED SUBSTITUTE TRUSTEES TO COUNT I OF THE PLAINTIFF'S FOURTH AMENDED COMPLAINT

Comes now Robert H. Hillman, attorney for the Defendants, Samuel I. White, PC ("SIWPC"), John E. Driscoll, II, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds (collectively the "Substitute Trustees". SIWPC and the individual named Substitute Trustees collectively hereinafter referred to as "the SIWPC Defendants"), hereby answers Count I of the Fourth Amended Complaint filed by the Plaintiff, Renee McCray as follows:

## DEFENSES

### FIRST DEFENSE

The Fourth Amended Complaint fails to state a claim against the SIWPC Defendants upon which relief can be granted.

### SECOND DEFENSE

The SIWPC Defendants generally denies any and all liability to the Plaintiff.

## THIRD DEFENSE

The Plaintiff's alleged communications with the SIWPC Defendants did not constitute legally sufficient Qualified Written Requests nor debt validations requests, and such communications were not made in good faith to Wells Fargo or the SIWPC Defendants, or for the actual purpose of verifying the Plaintiff's debt. Regardless the SIWPC Defendants and other have provided the Plaintiff on numerous occasions with a validation of the Debt irrespective of assertions that the debt has never been validated. Even to the extent it is determined that there was any violation, the limitation of liability is $1,000 and not the accumulated amount asserted to by the Plaintiff. See 15 U.S. Code § 1692k(a)(2)(A).,

## FOURTH DEFENSE

Plaintiff sustained no actual damages as a result of any alleged failure to respond to a Debt Request, nor was the alleged failure to respond as Plaintiff  claims material to the alleged violation and Plaintiff has no other recoverable damages in this case. In fact as a result of the Plaintiff's discharge in bankruptcy of the debt, she cannot sustain any damages arising out of the alleged violation for a debt she no longer is obligated to pay.

## FIFTH DEFENSE

Plaintiff's non-material alleged violation is barred by the appropriate statute of limitations and or by laches, the failure to timely assert the alleged claim and the authority to bring any action in her name.

## SIXTH DEFENSE

Plaintiff's non-material alleged violation is barred by collateral estoppel and or res judicata  and or her discharge in bankruptcy, waiver, and or estoppel

## SEVENTH  DEFENSE

## RESPONSE TO SPECIFIC ALLEGATIONS OF FOURTH AMENDED COMPLAINT

The SIWPC Defendants answer the specific allegations of the Fourth  Amended Complaint as follows.

## "JURISDICATION AND VENUE"

1. The allegations pages 1 and 2 of the Fourth Amended Complaint assert mere argument and do not assert any allegations of or for a cause of action. The legal effect is to deny same and demand strict proof thereof.

2. The allegations of paragraph titled Jurisdiction and Venue state legal conclusions as to the jurisdiction of this Court, as to which no response is required. Furthermore, Plaintiff's claims against the co-Defendants brought under the Fair Debt Collection Practices Act, RESPA, and the Truth in Lending Act have been dismissed by the Court. (Unless otherwise indicated, all headings, paragraph numbers and references to the Fourth Amended Complaint correspond to those in the Plaintiff's Fourth Amended Complaint in this case, and do not constitute admission of any of the facts alleged in the Fourth Amended Complaint.).  Therefore, the sole remaining count is as to the SIWPC Defendants to be the alleged non-material violation of the Fair Debt Collection Practice Act.

## " PARTIES"

3. The SIWPC Defendants admit that the Plaintiff is a natural person. As for the remaining allegations they assert a legal conclusion which is denied and demands strict proof.

4. As for Paragraph 2 of the Fourth Amended Complaint;

a. SIWPC admits it is a professional legal corporation and has a Maryland debt collectors license to allow it to collect debt. As for the remaining allegation state legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph and deny same and demands strict proof.

b. John Driscoll III admits he is an attorney who is employed by the Defendant SIWPC. As for the remaining allegation state legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph and deny same and demands strict proof.

c.   Robert E. Frazier admits he is an attorney who is no longer employed by the Defendant SIWPC. As for the remaining allegation state legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph and deny same and demands strict proof.

d.   Jana M. Gantt  admits she is an attorney who is no employed by the Defendant SIWPC. As for the remaining allegation state legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph and deny same and demands strict proof.

e. Laura D. Harris admits she is an attorney who is no employed by the Defendant SIWPC. As for the remaining allegation state legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph and deny same and demands strict proof.

f. Kimberly Lane admits she is an attorney who is employed by the Defendant SIWPC. As for the remaining allegation state legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph and deny same and demands strict proof.

g. Deena Reynolds admits she is an attorney who is employed by the Defendant SIWPC. As for the remaining allegation state legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph and deny same and demands strict proof.

5. The allegations of paragraph 3 state legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

"2013 PRELIMINARY STATEMENT"

6. Paragraph 4 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

7. Paragraph 5 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, the legal effect is to deny same and demand strict proof

8.  The SIWPC Defendants deny the allegations of the first sentence of paragraph 6. It is without knowledge or information sufficient to form a belief as to the truth allegations with respect to the Plaintiff's intentions with respect to discovery in this case the legal effect is to deny same and demand strict proof.

9. The SIWPC Defendants deny the allegations of paragraph 7.

"2016 PRELIMINARY STATEMENT"

10. The SIWPC Defendants deny the allegations of paragraph 8.

11. Paragraph 9 states assertions as to the nature of Plaintiff's case and legal conclusions as to a claim for the basis of damages without making any allegations against the SIWPC Defendants for which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, the legal effect is to deny same and demand strict proof

12. As to paragraph 10, the SIWPC Defendants agree that the Plaintiff's personal obligation to the financial obligation has been discharged in bankruptcy. As to the remaining allegations of paragraph 10 they state assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof.

"2013 FACTUAL CLAIMS"

13. As to Paragraph 11, the SIWPC Defendants are without knowledge as to when the Plaintiff received  the September 28, 2012 Notice. The Document alluded to in said paragraph speaks for itself for which no response is required. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof.

14. As to Paragraph 12, the SIWPC Defendants admit as to the September 28, 2012 Notice. The Document alluded to in said paragraph speaks for itself for which no response is required. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof.

15. As to Paragraph 13 the SIWPC Defendants are without knowledge as to  when the Plaintiff sent the response  to September 28, 2012 Notice. The Document alluded to in said paragraph speaks for itself for which no response is required. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof.

16. As to Paragraph 14 the SIWPC Defendants deny same and demand strict proof.

17. As to Paragraph 15 the SIWPC Defendants are without knowledge as to what the Plaintiff found on the Plaintiff door and what she experienced. The legal effect is to deny same and demand strict proof.

18 As to Paragraph 16 the SIWPC Defendants are without knowledge as to when the Plaintiff sent the response alluded to the legal effect is to deny same and demand strict proof.

19. As to Paragraph 17 the SIWPC Defendants deny same and demand strict proof.

20.  As to paragraph 18 the Court Docket and filed documents alluded to in said paragraph speak for themselves and no response is required. To the extent the SIWPC Defendants deny same and demand strict proof.

21. As to Paragraph 19 the SIWPC Defendants deny same and demand strict proof.

22. Paragraph 20 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 the legal effect is to deny same and demand strict proof thereof.

23. Paragraph 21 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, the legal effect is to deny same and demand strict proof thereof.

24. As to Paragraph 22 the SIWPC Defendants deny same and demand strict proof.

25. As to paragraph 23 the Court Docket and filed documents alluded to in said paragraph speak for themselves and no response is required. To the remaining allegation of the paragraph the SIWPC Defendants deny same and demand strict proof.

26. As to paragraph 24 the documents alluded to speak for themselves and no response is required. To the extent a response is required the SIWPC Defendants deny same and demand strict proof.

27. As to Paragraph 25 the documents alluded to in said paragraph speak for themselves and no response is required. As to the remaining allegations the SIWPC Defendants deny same and demand strict proof.

28. As to Paragraph 26 the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth allegations with respect to the Plaintiff's intentions with respect to discovery in this case the legal effect is to deny same and demand strict proof.

29. As to paragraph 27 the SIWPC Defendants deny that the individual is a qualified expert who can testify in Court, As to the remaining allegations of paragraph 27 the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth allegations with respect to the Plaintiff's intentions with respect to discovery in this case the legal effect is to deny same and demand strict proof.

30. Though the allegations of paragraph 28 are generally denied, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth allegations with respect to the Plaintiff's intentions with respect to discovery in this case the legal effect is to deny same and demand strict proof.

31. As to paragraph 29 the SIWPC Defendants admit that Plaintiff has denied the note as hers but the Circuit Court for Baltimore City in the foreclosure proceeding as determined that the secure party had a right to proceed with a condemnation of the collateral and to proceed with the foreclosure sale which sale has now occurred. As to the remaining allegations which recite legal

conclusions, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth allegations with respect to the Plaintiff's intentions with respect to discovery in this case the legal effect is to deny same and demand strict proof.

32. As to Paragraph 30 the SIWPC Defendants deny same and demand strict proof.

33. Paragraph 31 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, the legal effect is to deny same and demand strict proof thereof..

34.  Paragraph 32 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, the legal effect is to deny same and demand strict proof thereof.

35. Paragraph 33 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, the legal effect is to deny same and demand strict proof thereof.

36. As to Paragraph 34 the SIWPC Defendants deny the allegations setforth therein and demand strict proof.

37. Paragraph 35 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 the legal effect is to deny same and demand strict proof thereof.

38. As to Paragraph 36 the SIWPC Defendants deny the allegations setforth therein and demand strict proof. The SIWPC Defendants to the extent they are deemed debt collectors it is limited to the extend determined in prior judicial proceedings arising out of this transaction only.

39. As to Paragraph 37 the Plaintiff's use of the word "data" is too vague  and the SIWPC Defendants  are unable to appropriately respond and agree to respond to and will supplement its answer if there is a delineation as to what " data" is. In the interim to the extent that a response is required the SIWPC Defendants deny the allegations and demand strict proof thereof.

40. As to Paragraph 38 the Plaintiff use of data is to vague  and the SIWPC Defendants  are unable to appropriately respond and agree to respond to and will supplement its answer if there is a delineation as to what " data" is. In the interim to the extent that a response is required the SIWPC Defendants deny the allegations and demand strict proof thereof.

41. As to the allegations of paragraph 39, the Substitute Trustees are condemning the rights of redemption of all individuals in and to the collateral. The SIWPC Defendants at this juncture are not attempting to collect from the Plaintiff any debt which the Plaintiff  has been discharged of Paragraph 39 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. As to the remaining allegations, to the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 the legal effect is to deny same and demand strict proof thereof.

42. As to paragraph 40 to the extent that there is a reference to a judicial proceeding that proceeding speaks for itself for which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 the legal effect is to deny same and demand strict proof thereof

43. Paragraph 41 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 the legal effect is to deny same and demand strict proof thereof

"2016 FACTUAL CLAIMS"

44. Paragraph 42 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 the legal effect is to deny same and demand strict proof thereof

45. Paragraph 43 and 44 are admitted as the Court docket speaks for itself

46. As to paragraphs 45 and 46 the Court docket speaks for itself with regard to the  United States Bankruptcy discharge. Said discharge documents alluded to in said paragraph speaks for itself and no response is required. To the extent that one is, the SIWPC Defendants deny same and demand strict proof.

47. As to paragraph 47 the document alluded to speaks for itself and no response is required, to the extent on is the Defendants deny same and demand strict proof thereof. By filing the

document it was the intent of the secured party to have the SIWPC Defendants- Substitute Trustees proceed with the foreclosure proceedings.

48. The SIWPC Defendants do not know when the document alluded to in said paragraph 48 was received by the Plaintiff. The legal effect is to deny same and demand strict proof.

49. Paragraph 49 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 the legal effect is to deny same and demand strict proof thereof.

50. As to paragraph 50 the document alluded to speaks for itself. Further Paragraph 50 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 the legal effect is to deny same and demand strict proof thereof.

51. As to paragraph 51 the document alluded to speaks for itself. Further Paragraph 51 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 the legal effect is to deny same and demand strict proof thereof.

52. As to paragraph 52 the SIWPC Defendants deny same and further the document speaks for itself. Further Paragraph 52 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 the legal effect is to deny same and demand strict proof thereof.

53. The SIWPC Defendants do not know when the document alluded to in said paragraph was received by the Plaintiff. The legal effect is to deny same and demand strict proof, The SIWPC Defendants admit notice of foreclosure sale was sent to the Plaintiff.

54. As to paragraph 54 the SIWPC Defendants deny same and further the document speaks for itself. Further, paragraph 54 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 the legal effect is to deny same and demand strict proof thereof.

55. As  to paragraph 55 the document alluded to speaks for itself. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof thereof.

56.  As  to paragraph 56 the document speaks for itself. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof thereof.

57. As  to paragraph 57 the document speaks for itself. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof thereof.

58. As  to paragraph 58 the document speaks for itself. Further Paragraph 58 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 the legal effect is to deny same and demand strict proof thereof.

59. As to paragraph 59 the document speaks for itself and the SIWPC Defendant contend that no response was required as they and the secured party Wells Fargo Banks had previously provided documentation evidencing and validating the various demand being remade by the Plaintiff. Further Paragraph 59 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 the legal effect is to deny same and demand strict proof thereof.

60. As to paragraph 60 the document speaks for itself and the SIWPC Defendant contend that no response was required as they and the secured party Wells Fargo Banks had previously provided documentation evidencing and validating the various demand being remade by the Plaintiff. Further Paragraph 60 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 the legal effect is to deny same and demand strict proof thereof

61. As to paragraph 61 the document speaks for itself and the SIWPC Defendant contend that no response was required as they and the secured party Wells Fargo Banks had previously provided documentation evidencing and validating the various demand being remade by the Plaintiff. Further Paragraph 61 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 the legal effect is to deny same and demand strict proof thereof.

62. As to paragraph 62 the SIWPC Defendants deny same and demand strict proof thereof.

63. As  to paragraph 63 the document speaks for itself, and the Defendant Samuel I White denies it directed the said advertisement. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof thereof.

64.  As  to paragraph 64 the document alluded to in said paragraph speaks for itself, as the advertisement was required pursuant to Maryland Rules and Statute in furtherance of the foreclosure proceeding. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof thereof.

65. As  to paragraph 65 the SIWPC Defendants first deny any illegality in the advertising and as are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 the legal effect is to deny same and demand strict proof thereof.

66. As  to paragraph 66 the SIWPC Defendants first deny any illegality and as to the remaining allegations of the paragraph are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66  the legal effect is to deny same and demand strict proof thereof.

67. As to paragraph 67, the allegation has been previously asserted in paragraph 1 and the SIWPC Defendants adopt that response. To the extent that a response to said paragraph is required the SIWPC Defendants deny same and demand strict proof thereof.

68.  As to paragraph 68, the allegation has been previously asserted in Paragraph 36 and the SIWPC Defendants adopt that response. To the extent that a response to said paragraph is required the SIWPC Defendants deny same and demand strict proof thereof.

69. Paragraph 69 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 the legal effect is to deny same and demand strict proof thereof. As to the last sentence of the allegation the SIWPC deny same and demand strict proof thereof.

70. As to paragraph 70, the allegation has been previously asserted in Paragraph 37 and the SIWPC Defendants adopt that response. To the extent that a response to said paragraph is required the SIWPC Defendants deny same and demand strict proof thereof.

71. As to paragraph 71, the allegation has been previously asserted in Paragraph 2 and the SIWPC Defendants adopt that response. To the extent that a response to said paragraph is required the SIWPC Defendants deny same and demand strict proof thereof.

72. Paragraph 72 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 the legal effect is to deny same and demand strict proof thereof.

"2013 Violations of the Fair Debt Collection Practices Act"

73. As to Paragraph 73, no response is required, but to the extent that a response to said paragraph is required the SIWPC Defendants  deny same and demand strict proof thereof.

74. As to Paragraph 74 the SIWPC Defendants deny same and demand strict proof thereof.

75. Paragraph 75 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 the legal effect is to deny same and demand strict proof thereof.

76. As to the first sentence of paragraph 76 the document speaks for itself, and the SIWPC Defendants contend no response is required. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof thereto. As to the remaining allegations of the allegation of paragraph 76 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 the legal effect is to deny same and demand strict proof thereof.

77. As to paragraph 77 concerning when the Plaintiff found the document,  the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 the legal effect is to deny same and demand strict proof thereof. As to the remaining allegations of the allegation of Paragraph 77 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 the legal effect is to deny same and demand strict proof thereof.

78. As to paragraph 78 concerning when the Plaintiff found the document alluded to in said paragraph,  the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 the legal effect is to deny same and demand strict proof thereof.

79. As to paragraph 79, the document alluded to in said paragraph and the Docket in the Circuit Court speak for themselves and no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 the legal effect is to deny same and demand strict proof thereof.

80. As to paragraph 80 which is purely an argumentative allegation, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 the legal effect is to deny same and demand strict proof thereof.

81. As to paragraph 81, the SIWPC Defendants deny same and demand strict proof thereof.

82. As to paragraph 82, the SIWPC Defendants deny same and demand strict proof thereof.

83. Paragraph 83 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 the legal effect is to deny same and demand strict proof thereof. As to the remaining allegations of paragraph 83, the SIWPC Defendants deny same and demand strict proof thereof.

84. As to paragraph 84, the SIWPC Defendants deny same and demand strict proof thereof.

85. As to paragraph 85, the documents alluded to in said paragraph speak for themselves and no response is required. As for the remaining allegations and argumentative conclusions made, the SIWPC Defendants deny same and demand strict proof thereof.

86. As for the first sentence of paragraph 86, the SIWPC Defendants deny same and demand strict proof thereof. As for the remaining allegations in paragraph 86 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 the legal effect is to deny same and demand strict proof thereof.

87. First, as to paragraph 87, the document alluded to speaks for itself and no response is required. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof thereof. As for the remaining allegations in paragraph 87 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 the legal effect is to deny same and demand strict proof thereof.

88. Besides being merely argumentative, as to paragraph 88, the SIWPC Defendants deny same and demand strict proof thereof.

89. As for the allegations in paragraph 89 they state assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 the legal effect is to deny same and demand strict proof thereof.

90. As to paragraph 90, the SIWPC Defendants deny same and demand strict proof thereof.

91. As for the allegations in paragraph 91 they state assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 the legal effect is to deny same and demand strict proof thereof.

92. As for the allegations in paragraph 92 they state assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 the legal effect is to deny same and demand strict proof thereof.

93. As for the remaining allegation of the prayer for relief marked a. through  d., the SIWPC Defendants contend they are without  force and effect the legal effect is to deny same and demand strict proof thereof.

"2016 Violations of the Fair Debt Collection Practices Act"

94. As to Paragraph 93, no response is required, but to the extent that a response to said paragraph is required the SIWPC Defendants deny same and demand strict proof thereof.

95. First, the document alluded to in said paragraph 94 speaks for itself and no response is required. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof thereof. As for the remaining allegations paragraph 94 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations of paragraph 94 the legal effect is to deny same and demand strict proof thereof.

96. First, the document alluded to in said paragraph 95, speaks for itself and no response is required. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof thereof. As for the remaining allegations paragraph 95 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 the legal effect is to deny same and demand strict proof thereof.

97. First, the document alluded to in said paragraph 96 speaks for itself and no response is required. To the extent a response is required, the SIWPC Defendants deny same and demand strict proof thereof. As for the remaining allegations paragraph 96 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 the legal effect is to deny same and demand strict proof thereof.

98. As to paragraph 97, no verification was required as it had been previously provided  by the SIWPC. Defendants as well as the servicer, and as such the SIWPC Defendants deny same and demand strict proof thereof.  As for the remaining allegations paragraph 97 state assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 97 the legal effect is to deny same and demand strict proof thereof

99.   As for the allegations paragraph 98 state assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 the legal effect is to deny same and demand strict proof thereof

100. As for the remaining allegations set forth in paragraphs 99 and 100 state assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 99 and 100 the legal effect is to deny same and demand strict proof thereof.

101. As to paragraph 101, the SIWPC Defendants deny same and demand strict proof thereof.

102. Paragraph 102 has been previously answered and is redundant. To the extent that an answer is required, the SIWPC Defendants admit plaintiff is a natural person but as to every other allegations denies same and demands strict proof.

103. Paragraph 103 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 the legal effect is to deny same and demand strict proof thereof.

104.  Paragraph 104 states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 the legal effect is to deny same and demand strict proof thereof.

105. Paragraph 105  state assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 the legal effect is to deny same and demand strict proof thereof.

106. As for the Plaintiff's prayer for relief, the SIWPC Defendants contend that the Plaintiff has not been damaged and is not entitled to the request as advanced. Even if she was she is only entitled a single claim of $1,000 pursuant to the applicable statute and not as to each of the SIWPC Defendants individually.

"INJUCTIVE RELIEF"

107. As to Paragraph 106, no response is required, but to the extent that a response to said paragraph is required the SIWPC Defendants deny same and demand strict proof thereof. In addition, the Plaintiff fails to assert the elements necessary for injunctive relief as mandated by FRCP Rule 65 as well as being barred by claim preclusion doctrines including res judicata and collateral estoppel.

108. As to paragraph 107, the SIWPC Defendants deny same and demand strict proof thereof.

109.  As to paragraph 108, the SIWPC Defendants deny same and demand strict proof thereof. The foreclosure sale has already occurred and was sold divesting the Plaintiff of her right of redemption, subject to only ratification of the sale.

110. As to paragraph 109 the SIWPC Defendants deny same and demand strict proof thereof.

111.  The decision alluded to in paragraph 110 speaks for itself and no response is required as paragraph 110  states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 the legal effect is to deny same and demand strict proof thereof.

112.  The decision alluded to in paragraph 111 speaks for itself and no response is required as paragraph 111  states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 the legal effect is to deny same and demand strict proof thereof.  As for the last sentence of the allegation the Plaintiff misapplies the ruling and the SIWPC deny same and demand strict proof thereof.

113. As to paragraph 112 the SIWPC Defendants deny same and demand strict proof thereof.

114. As to paragraph 113 the SIWPC Defendants deny same and demand strict proof thereof.

115. As to paragraph 114 speaks for itself and no response is required as paragraphs 114  states assertions as to the nature of Plaintiff's case and legal conclusions as to which no response is required. To the extent a response is required, the SIWPC Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 114 the legal effect is to deny same and demand strict proof thereof.

116.  As to paragraph 115 the SIWPC Defendants deny same and demand strict proof thereof.

117. As to paragraph 116 the SIWPC Defendants deny same and demand strict proof thereof

118. As to paragraph 117 the SIWPC Defendants deny same and demand strict proof thereof

119. As for the Plaintiff's prayer for relief, the SIWPC Defendants contend that the Circuit Court for Baltimore City Maryland by denying the claim that the secured party lacked the right to foreclose collaterally estoppes the claim for injunctive relief and therefore same is now barred .

WHEREFORE, Samuel I. White, PC ("SIWPC"), John E. Driscoll, II, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds ( the individual Substitute Trustees) pray and demand that Plaintiff's Fourth Amended Complaint be dismissed with prejudice and reasonable attorney fees be assessed against the Plaintiff

Respectfully Submitted:

Samuel I. White, PC

/s/ Robert H. Hillman

Robert H. Hillman, MD 06910
611 Rockville Pike #100
Rockville, MD 20852
Tel. 301-804-3385
Fax 301-838-1954
rhilllman@siwpc.com
Attorney for Samuel I White
P.C. and the SIWPC Individuals

CERTIFICATE OF SERVICE

I hereby certify on this 22nd day of December 2017, that a copy of the foregoing Answer to Plaintiffs Fourth Amended Complaint was filed via CM/ECF and served by U.S. Mail, postage prepaid, first class to the following:
Renee L. McCray
109 Edgewood Street
Baltimore, Maryland 21229
Plaintiff


/s/ Robert H. Hillman
 Robert H. Hillman,