IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RENEE McCRAY | : |
|     Plaintiff | : |
|     v. | : Case ADC-13-CV-1518 |
| SAMUEL I WHITE P.C., et al | : |
|     Defendants | : |

### JOINT STATUS REPORT TO THE COURT

Comes now the Plaintiff pro se and the Defendnats though counsel and provide the Court with a Status Report as directed in the scheduling Order as follows:

1. **Whether or not discovery has been completed**

    <u>Plaintiff's Response</u>:

    Plaintiff states that discovery is not completed. Plaintiff did not receive the third requests for discovery from the Defendants in a timely manner. Therefore, the Plaintiff will need additional time to review the answers to the discovery requests, confer with the Defendants attorney concerning discovery disputes, and will be filing a Motion to Compel.

    <u>Defendants Response</u>:

    Defendants dispute the Plaintiffs contentions and without debating the subject at this time the Defendants do not object to the Extension provided that hat the Plaintiff will not undertake any additional discovery not already sought. Defendants do not anticipate any further discovery is needed

2. **Whether or not any Motions are pending**;

    <u>Plaintiff's Response</u>

Plaintiff's Motion for Extension of Time to Extend Discovery Deadline is currently pending.

Defendants Response:

Only the Plaintiffs Motion for Extension which the Defendnats do not object to. Defendants will be filing a response to the motion shortly.

3. **Whether or not any party intends to file motions**;

Plaintiff's Response:

Plaintiff will be filing a Motion to Compel regarding discovery disputes. Also, the Defendants have stated several documents the Plaintiff requested in discovery as privilege information. The Plaintiff will be requesting an in-camera review by the judge of the Defendants privilege log to determine whether or not the documents are actually privilege information.

Defendants Response:

Defendants anticipate filing a dispositive motion when the Court approves same to be docketed

4. **The anticipated length of trial**;

Plaintiff's Response

Plaintiff anticipates the duration of the trial to be at least 2 days.

Defendants Response:

Defendants anticipate if the dispositive motion is not granted then the matter should take 3 days to try

5. **The possibility that the case will settle**.

Plaintiff's Response

The Plaintiff is open to settling the case, but at this time, there is no agreement between the parties to settle this matter. Plaintiff disputes the Defendants Response and does not recall receiving any offers of settlement.

Defendants Response:

Defendants have repeatedly sought to settle but Plaintiff has only made an unrealistic demands

6. **Additional matters for Court Consideration**:

Plaintiffs Response:

Plaintiff states the Defendants anticipation that the United States Supreme Court will overturn the stance of the United States Court of Appeals for the Fourth Circuit is premature. As it stands, it is the Fourth Circuit's decision that foreclosure constitutes "a step in collecting debt and thus debt collection activity that is regulated by the FDCPA. The Plaintiff disagrees with delaying the trial and states this is another attempt to delay the proceedings by the Defendants. Further, this case is over 5 years old and needs to move forward and finalized.

Defendants Response:

Defendants bring to the attention of the Court a pending matter in the United States Supreme Court , the case of Obduskey v. McCarthy & Holthus, Case No 17-1307. Cert was granted June 28, 2018. The question presented is, whether the FDCPA applies to non-judicial foreclosure proceedings. In the decision below, the Tenth Circuit, siding with the Ninth Circuit, held that non-judicial foreclosures are not covered by the FDCPA; in doing so, the panel acknowledged the issue has "divided

the circuits," and it expressly rejected the "contrary position" of multiple courts of appeals and state high courts. Previously in this case the District Court dismissed this matter as to these Defendants, holding as the Tenth Circuit has. The Case was subsequently reversed on appeal by the Fourth Circuit on this very issue. As such the Court may wish to consider delaying the trial of same until the issue is finally adjudicated by the United States Supreme Court, as if they rule the FDCPA does not apply to actions similar to the instant action then the trial will become moot..

Respectfully Submitted:

*[signature]*

Renee McCray, pro se
109 N. Edgewood Street
Baltimore Maryland 21229
Tel: 410-945-2424
Email: mccrayr227@gmail.com
Plaintiff

Samuel I. White, PC

/s/ Robert H. Hillman

Robert H. Hillman, MD 06910
611 Rockville Pike #100
Rockville, MD 20852
        301-804-3385
        Fax 301-838-1954
rhilllman@siwpc.com
dpeascho@siwpc.com
Attorney for Samuel I White
P.C. and the SIWPC Individuals