Renee L. McCray
c/o 109 Edgewood Street
Baltimore, Maryland 21229

August 31, 2018

Robert K. Hur, United States Attorney for
 the Office of the District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

Re:  **CRIMINAL COMPLAINT AND AFFIDAVIT OF CRIMINAL COMPLAINT**

Dear Mr. Hur:

My name is Renee L. McCray, Complainant, in the above referenced complaint. This complaint is to bring to your attention that I recently discovered that a serious crime has been committed against me under Maryland Criminal Law Title 8, Subtitle 6 Counterfeiting of Private Instruments and Documents. Therefor, I am filing this complaint and the enclosed Affidavit of Criminal Complaint against Robert H. Hillman and the Law Firm of Samuel I. White, P.C., and Michael S. Barranco, and the Law Offices of Treanor Pope & Hughes, P.A.; and there may be others unknown to me at this time for violations of Maryland Criminal Law Title 8, Sections 8-601 and 8-602.

Title 8, Section 8-601 states:

### § 8-601 – Counterfeiting of private instruments and documents

(a) Prohibited.- A person, with intent to defraud another, may not counterfeit, cause to be counterfeited, or willingly aid or assist in counterfeiting any:
   (1) bond;
   (2) check;
   (3) deed;
   (4) draft;
   (5) endorsement or assignment of a bond, draft, check, or promissory note;
   (6) entry in an account book or ledger;
   (7) letter of credit;
   (8) negotiable instrument;
   (9) power of attorney;
   (10) promissory note;
   (11) release or discharge for money or property;
   (12) title to a motor vehicle;
   (13) waiver or release of mechanics' lien; or
   (14) will or codicil.

(b) Prohibited - Possession of counterfeit.- A person may not knowingly, willfully, and with fraudulent intent possess a counterfeit of any of the items listed in subsection (a) of this section.

(c) Penalty.-

(1) A person who violates subsection (a) of this section is guilty of a felony and on conviction is subject to imprisonment not exceeding 10 years or a fine not exceeding $1,000 or both.

(2) A person who violates subsection (b) of this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding $1,000 or both.

(d) Venue.- Notwithstanding any other provision of law, the prosecution of an alleged violation of this section or for an alleged violation of a crime based on an act that establishes a violation of this section may be commenced in any county in which:

(1) an element of the crime occurred;
(2) the victim resides; or
(3) if the victim is not an individual, the victim conducts business.

**§ 8-602 states:**

(a) Prohibited. -- A person, with intent to defraud another, may not issue or publish as true a counterfeit instrument or document listed in § 8-601 of this subtitle.

(b) Penalty. -- A person who violates this section is guilty of a felony and on conviction is subject to imprisonment not exceeding 10 years or a fine not exceeding $ 1,000 or both.

I have been contesting an illegally filed state foreclosure action for over five (5) years, and on Wednesday, June 27, 2018, received material fact evidence that attorneys Barranco and Hillman have used a counterfeit copy of my alleged note as an original in an attempt to defraud me and various courts throughout the State of Maryland. I now have material evidence that proves attorneys Barranco and Hillman have been engaging in conduct involving dishonesty, fraud, deceit and counterfeiting. The material facts to this complaint are as follows:

1. On March 20, 2014 at the Relief from Stay Hearing for Bankruptcy Case No.: 13-26131, the Complainant was given liberty to examine what was presented to her as the alleged original promissory note, which Complainant signed on October 7, 2005. After careful examination of the document, the Complainant specifically denied and testified under oath that the document presented to her was not the document she signed on October 7, 2005. The document the Complainant examined appeared to have been freshly printed, contained no imprint of the Complainant's signature, and there were no noticeable marks or imperfections, i.e., rips or holes on any of the pages.

On Thursday, April 24, 2014, attorneys Barranco and Hillman held a deposition hearing and presented the Complainant with the same document that the Complainant specifically denied signing at the March 20, 2014 hearing. Again, the document had no imprint of the Complainant's signature and no noticeable marks or imperfections, i.e., rips or holes on any of the printed pages. At the beginning of the deposition hearing, the Complainant was given permission to record the proceeding by Mr. Barranco.

During the deposition hearing, Mr. Barranco continually stated he was going to make a copy of the document. When it was time to make the copy, the Complainant followed Mr. Barranco to the copy room. At first, Mr. Hillman was following behind the Complainant but then he left and went across the hall to another room. Then moments later Mr. Hillman appeared in the copy room with a different document in his hand. I (Complainant) immediately noticed that the document Mr. Hillman was attempting to pass to Mr. Barranco to copy, had a hole on the last page, in the upper left hand corner; the hole was larger than a fifty-cent piece. The hole was where the staple was on the copy presented to the Complainant earlier, and it would have been impossible for a staple to hold the last page in place with the other two pages. At that time, I stated, "I don't know what you two are trying to pull, that is not the same document I just examined." I became nervous and fearful and realized something was not right. I then pulled the tape recorder from my pocket and started recording the confrontation. When I informed attorneys Barranco and Hillman that I was going to report this to the bankruptcy judge, Mr. Barranco stated, "...bring it up with the Judge. I guess she'll take your word over the word of two officers of the court."

After the confrontation in the copy room, both attorneys Barranco and Hillman testified on the record (see ANNEX A) that the document presented to the Complainant earlier had "... a small rip up in the upper left-hand corner of page three of the promissory note where a staple would have gone over the years..." Upon review of the April 24, 2014 deposition video (which the Complainant has enclosed a copy of the video with this complaint), you will find attorneys Barranco and Hillman's testimonies on the record and under oath to be untrue as the video clearly shows that the promissory note Complainant inspected had no hole on the upper left corner of the signature page, and that their testimonies violate Md. Criminal Law Section 8-601 and 8-602.

Attorneys Barranco and Hillman were attempting to defraud myself and the U.S. bankruptcy court by using a counterfeit negotiable instrument and testifying under oath that it was the original, when it was not, thereby violating Md. Criminal Law.

As stated above, the Complainant has been contesting the illegally filed state non-judicial foreclosure action for over five (5) years and the parties are currently in the discovery phase of the Complainant's Fair Debt Collection Practices Act (FDCPA) federal lawsuit filed in 2013, Case No.: ADC-13-CV-1518, McCray v. Samuel I. White, P.C., et al. In Mr. Hillman's request for production of documents he requested "All documentation evidencing, or recordings of, communications between you and any Defendant or their agents that relate to concern, or refer any matters alleged in the Fourth Amended Complaint pertaining to the alleged FDCPA violation..." In another request for production of documents, he requested "All trial transcripts, deposition

transcripts, testimony or affidavits of any person made in connection with any lawsuit or legal proceeding which you contend are relevant to the issues remaining in this case." The Complainant then remembered the audio recording in her possession from the April 2014 deposition hearing and sent Mr. Hillman a copy of the recording. After listening again to the recording, the Complainant then remembered the deposition hearing was being videotaped, and ordered a copy of the video, which Complainant received on June 27, 2018. Again, when you review the enclosed video, it will show no "...small rip up in the upper left-hand corner of page three of the promissory note where a staple would have gone over the years..." as testified to by Mr. Barranco.

On July 1, 2018, the Complainant filed a complaint with the Attorney Grievance Commission of Maryland against attorneys Barranco and Hillman for violating the Maryland Lawyers' Rules of Professional Conduct; Title 19, Chapter 300. That complaint is currently being reviewed by the Commission. Also, enclosed is a copy of the September 18, 2015 Criminal Complaint and Affidavit of Criminal Complaint, I filed with Rod J. Rosenstein, the former U.S. Attorney regarding the same two attorneys, their principal, Wells Fargo Bank, N.A. and others. The only information I received concerning that complaint was that the complaint was being forwarded to the Federal Bureau of Investigation (FBI).

I am a homeowner and State of Maryland taxpayer. The State of Maryland offers no assistance to homeowners who are victims of mortgage fraud by unethical foreclosure law firms and financial institutions, i.e., banks. Maryland homeowners are referred to the Department of Housing and Community Development (DHCD) and that agency refers homeowners to the Department of Labor, Licensing and Regulation (DLLR). DLLR refers homeowners to the Attorney General Office. The Attorney General Office will then state "we only mediate, not investigate." Therefore, as a homeowner, consumer and victim of a crime, I am requesting your office to do an extensive investigation into this complaint.

If you need any additional information from me in order to process this complaint, please contact me in writing at the above address or by telephone at (410) 945-2424. Your immediate attention to this matter is warranted.

Sincerely,

*Renee L. McCray*
Renee L. McCray, Complainant

Enclosures: Affidavit of Criminal Complaint
 ANNEX A – April 24, 2014 Testimonies of Attorneys Barranco and Hillman
 ANNEX B – Affidavit of April 24, 2014 Deposition Hearing Incident
 April 24, 2014 Video Recording of Deposition Hearing
 September 18, 2015 Criminal Complaint and Affidavit of Criminal Complaint
 (without Annexes)

cc: Robert H. Hillman, Esquire (without enclosures/previously received)
 Michael S. Barranco, Esquire (without enclosures/previously received)