## **AFFIDAVIT OF CRIMINAL COMPLAINT**

I, Renee L. McCray, am over 21 years of age, have personal knowledge of the facts set forth herein, and am competent to testify to those facts. The statements herein are based on my personal knowledge.

1. On March 20, 2014, at a bankruptcy hearing, Case No.: 13-26131, *In Re: RENEE LOUISE MCCRAY*, the Affiant had the opportunity to examine the alleged promissory note. At the hearing, the Affiant specifically denied under oath the authenticity of the note that was presented to her as the original document she signed on October 7, 2005. The Affiant's testimony was never rebutted or refuted by the Plaintiffs nor their principal, Wells Fargo Bank, N.A.

2. At the same hearing, the Affiant specifically denied the copy of the deed of trust present to her as the original deed of trust. The Plaintiffs never presented the original note and deed of trust that was signed by the Affiant on October 7, 2005 at the March 20, 2014 hearing; and the Affiant is not in receipt of any evidence to the contrary.

3. On March 26, 2014, the Affiant filed an "Affidavit of Note Examination" stating that the note present to her for inspection on March 20, 2014 was not the document she signed on October 7, 2005. As of the writing of this affidavit, the Plaintiffs, nor their principal, have rebutted or refuted the Affiant's March 26, 2014 affidavit.

4. On April 24, 2014, Affiant attended a Deposition Hearing at the Law Offices of Treanor, Pope & Hughes, PA. Upon Affiant's arrival, Scott Pickering, Videography Specialist for Merrill Lad, Robert Hillman, Attorney for Samuel I. White, P.C. and Michael Barranco, Attorney for Treanor, Pope & Hughes, P.A. were already in attendance.

5. During the deposition, Affiant was presented again with what was purported to be the original promissory note. The document appeared to have been the same document Affiant examined at the March 20, 2014 Relief from Stay Hearing.

1

6. At the end of the deposition, Mr. Barranco stated we would now make a copy of the file together. Affiant followed Mr. Barranco into the copy room. Mr. Hillman was behind the Affiant when leaving the conference room. He did not follow the Affiant and Mr. Barranco immediately into the copy room. He arrived several minutes later with the folder.

7. As Mr. Barranco asked Mr. Hillman for the note so he could copy it, Affiant noticed that the last page of the document had a piece missing from the top left corner the size of a fifty-cent piece or larger. Affiant stated, "That's not the same document. That last page was not ripped." Mr. Barranco and Mr. Hillman both responded, "it was ripped." At that time Affiant became angry and upset because Affiant examined the document less than an hour earlier and the document was not torn or damage. The missing piece at the top left corner of page 3, the signature page, which was very noticeable was not missing from the top of the page when Affiant examined it earlier.

8. A confrontation pursued between the parties. Affiant became nervous and fearful and realized something was not right. Affiant immediately began recording the confrontation. Both Mr. Barranco and Mr. Hillman knew Affiant was recording the confrontation. When Affiant stated she was going to report this to the judge, Mr. Barranco stated, "...bring it up with the Judge I guess she'll take your word over the word of two officers of the court." Affinat stated, "I guess they [meaning the judge] will since he [gesturing toward Mr. Hillman] puts fraud into the court, I guess they will."

9. On May 13, 2014, at a hearing held in the United States Bankruptcy Court for the District of Maryland, Case No.: 13-26131, the Affiant did testify under oath regarding the April 24, 2014 incidence in the copy room with Mr. Barranco and Hillman. However, as Mr. Barranco stated in the copy room, the judge ignored the Affiant's testimony and ruled against the Affiant at the hearing.

10. On June 27, 2018, the Affiant received a copy of the video of the April 24, 2014 hearing and the video evidence shows no "...small rip up in the upper left-hand corner of page

three of the promissory note where a staple would have gone over the years..." as testified to by Mr. Barranco on the record (see ANNEX A).

11. Affiant has been fighting a state foreclosure action since February 2013 filed by the alleged substitute trustees employed with the Law Firm Samuel I. White, P.C. The Affiant also recently discovered that Mr. Robert Hillman is an Assistant Vice President for Samuel I. White, P.C.

12. On April 24, 2014, Mr. Hillman and Mr. Barranco presented the Affiant a counterfeit copy of the alleged note she signed on October 7, 2005. This same counterfeit copy was also presented to the United States Bankruptcy Court for the District of Maryland at the hearing held on March 20, 2014 as the original document.

I, Renee L. McCray, Affiant do solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the foregoing Affidavit of Criminal Complaint are true.

Executed this 31st day of August, 2018

Renee L. McCray, Affiant