# SAMUEL I. WHITE, P.C.

ATTORNEYS AND COUNSELORS AT LAW
Maryland, Virginia, West Virginia, and Washington DC

611 Rockville Pike, Suite 100
ROCKVILLE, MARYLAND 20852

(301) 804-3400
FAX (301) 838-1954
www.siwpc.net

June 19, 2018

ROBERT HILLMAN, ESQ.
rhillman@siwpc.com
Direct Dial 301-804-3385



EXHIBIT J

Renee L. McCray
109 Edgewood Street
Baltimore, Maryland 21229

Re:   Renee L. McCray v. Samuel I White PC., et al.
Civil Action No: 1-13-cv-01518-GLR
Discovery Dispute Demand for Resolution as to Request for Production of Documents

Dear Ms. McCray:

This will acknowledge receipt of your letter dated June 13 received by me on June 18 regarding a dispute involving the answers to interrogatories of your first set of interrogatories and production of documents

1. With regard to your first demand on the production of documents you asked us to provide all documents identifying Wells Fargo as the creditor. We provided this to you and unfortunately it appears you have not reviewed same carefully. The following documentation describe same: documents P-one, 2, 15, 20, 22, 24, 28, 29, 31, 79, 81, 84 et seq, 89, 93-95, 98, 100, 102, 103, 104, 106, 108-112, 113, 115, 116, 119, 125, to name a few. We believe that we have satisfied the answer and the request is provided in the you are not entitled to any other substantiation or validation relative to this request

2. Request number 3 US for a copy of the contract between the law firm and the creditor. We provided to you the referral. You are not entitled to a copy of

1

any contract involving legal services which is protected by attorney client privilege. In addition, this contract is irrelevant for the purposes of the instant litigation and would not lead to discoverable nor admissible information. If you believe otherwise, please delineate in detail why you believe that such contract is necessary and/or relevant and in the instant matter relative to whether or not there was a verification of the alleged debt. In the interim, I suggest your review. The 116, P117 and P118.

3. Request number 4 is irrelevant to the instant situation and it is irrelevant how or when the debt was purchased by Wells Fargo and or FHLMC. These are request documents that you should direct to them not to the substitute trustees invariably, the document request is overly broad and irrelevant to the situation. I suggest you review the case of Deutsche Bank v. Brock and Anderson v. Burson both State of Maryland decisions which delineate what is necessary to show ownership of the note. Here there was actual possession which was proved on 2 separate occasions and to courts of competent jurisdiction and as such, no response to the request is necessary nor will any be provided relative to the response previously provided

4. With regard to the mistaken address, that is not an issue which can be addressed or should be addressed through a discovery dispute. This is an error that you created in the creation of your documentation and is irrelevant since you asked the questions they were responded to relative to the request and the definitions provided. Accordingly no modification is required nor will it be provided.

5. Interrogatory number 3 We believe that the answer to the interrogatory was proper in clear and unambiguous as such no response is necessary.

6. Interrogatory number 5 request a legal conclusion which goes beyond the factual request of an interrogatory the interrogatory respect was responded to with the appropriate factual information and no further adjustment nor response is required to the facts as responded to. Once again the interrogatory may not solicit a legal opinion nor legal conclusion unless advanced to an expert which these were not

7. Interrogatory number 6 deals with the sought legal conclusion to establish the alleged right to foreclose. The alleged right to foreclose belongs to the secured party who provides direct action through the servicer to the substitute trustees whose duty it is is to act upon the information being advanced. Your interrogatory solicits legal conclusions and legal opinions which are irrelevant to the factual inquiry of an purpose of an

        interrogatory. No further response is required. See documents P116-118,, P015

8. Interrogatory number 7 a review the interrogatory still leads one to review the interrogatory is vague ambiguous and overly broad. If you wish to restate your interrogatory to clarify same and make same less and ambiguous and narrower than, the defendants will reconsider filing a supplemental and amended answer to same. In the meantime the defendants maintain that their answer is proper in light of the answer provided

The Defendants believe that they are properly and fully answered but the interrogatories and request for production of documents. To date, you have not provided appropriate responses to that the discovery disputes that have been forwarded to you previously where your answers failed to comply with the general rules and definitions of answers to interrogatories. The interrogatories which were sent to US for very specific and narrow factual responses and you failed to provide them in accordance with the rules.

Accordingly we will afford you one last opportunity to provide same by close of business on Thursday, June 21 at which time we will proceed with filing the appropriate motions to compel and seek the appropriate sanctions.

Awaiting your immediate response and thanking you advance for your courtesy, I remain

                                                  Samuel I. White PC

                                                  Robert H. Hillman

Please note that this firm may be deemed a debt collector and any information obtained may be used for that purpose