IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Northern Division)

RENEE L. McCRAY                             :

    Plaintiff                              :

        v.                              :  Case 1:13-cv-01518 -ADC

SAMUEL I WHITE P.C.  et al                  :

    Defendants                             :

## DEFENDANTS OPPOSITION TO PLAINTIFFS REQUEST FOR INJUNCTIVE RELIEF (#136)

Comes now the Defendants, Samuel I. White, PC (the "White Firm"), and John E. Driscoll, III, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds (SIWPC and the individuals as "Substitute Trustees")(collectively hereinafter referred to as "the SIWPC Defendants), by and through undersigned counsel and for their opposition to Plaintiff's Motion for Injunctive Relief (ECF 136 ) and states as follow:

### Factual Background

The instant matter arises out of a default of a refinance money loan by the Plaintiff,  Renee L. McCray (McCray), that she maintained which was secured by the real property commonly known as 109 N. Edgewood Street, Baltimore MD 21229 (the "Property").

Beginning in 2011 and 2012 McCray had been in communication with the servicer Wells Fargo Bank NA ("Wells Fargo" or "servicer") making demands for verification of the loan, which Wells Fargo provided on several occasions. When McCray failed to restate same and bring the loan current, a breach notice was sent to McCray by Wells Fargo and the loan balance was accelerated. The loan default was referred to the Law Offices of Samuel I White PC (the "White Firm") to undertake foreclosure

proceedings. In anticipation of filing a foreclosure action, a fair debt letter was sent to McCray. Additionally, a Notice of Intent to Foreclose (the "NOI") was sent to McCray.

McCray after receiving both the fair debt letter and the NOI, once again re-initiated the very same written dialogue she previously had with the Wells Fargo re-demanding verification of the debt that wells Fargo was serving. McCray contrary to the allegations of the Defendants the White Firm and the Substitute Trustees maintains that she did not receive a response to her debt dispute.  Much like she had previously done with Wells Fargo, she made repeated demands suggesting that she had not gotten the appropriate response she demanded. Once again, the Defendants maintain that they did respond, albeit late, but they had responded.

Thereafter, the foreclosure action which was originally filed by the Substitute Trustees on February 12, 2013 in the Circuit Court for Baltimore City, Maryland. John E. Driscoll III et al Substitute Trustee v Renee L. McCray Civil Action No 24-O-13000-528   (the "State Foreclosure Action"). See Exhibit A E-001 State Foreclosure Action Docket.

The money loan (refinance) originated on October 7, 2005.  The Deed of Trust is recorded among the Land Records of Baltimore City. The refinance loan went into default in May 2012 for non-payment and the instant action as stated above, was docketed on February 12, 2013. It is undisputed that McCray is in default under her payment obligations and she does not dispute the allegations set forth in the Notice of Intent to Foreclose that was sent to her before the instant action was docketed. At that juncture McCray did not seek any declaratory action either challenging the loan or otherwise, prior to the institution of the State Foreclosure Action.

As stated above, after the foreclosure action was initiated, McCray filed the instant Federal Court action in this Court claiming numerous violation under the Federal Debt Collection Practices Act ("FDCPA") and other statutory violations against these Defendants, plus Wells Fargo and Federal Home Loan Mortgage Corporation. Subsequently, Wells Fargo and Federal Home Loan Mortgage Corporation were dismissed from the case. Otherwise, the State Foreclosure Action and this action were and have since been pursued on parallel tracks.

The State Foreclosure Action Order to Docket was served on McCray on

February 28, 2013 by posting and by mail. See E-003-004 State Foreclosure Action Dkt Nos. 9 and 10.

On May 1, 2013 McCray requested mediation, (See E-005 State Foreclosure Action Docket No 18) which was held on June 26, 2013 but failed to result in any agreement. See E-005 State Foreclosure Action Docket No 19

On or about July 9, 2013, McCray filed her first motion seeking to stay the foreclosure action (Dkt 21/0) and an opposition was filed (See E-005-006 State Foreclosure Action Dkt No 21/1) on July 19, 2013 and  The State Court,  by Order dated August 7, 2013 (See E-006 State Foreclosure Action Dkt No 21/2) denied McCray's Motion. No appeal of same was taken.

As discussed  above, in the interim on May 23, 2013, McCray filed (pro se) a separate money damage action in the United States District Court for the District of Maryland, <u>McCray v Federal Home Loan Mortgage Corporation, et al</u> 1:13-cv-001518-GLR-ADC asserting the very issues that she has raised in her Motion to Stay  filed in the State Foreclosure Action. The District Court dismissed McCray's claims as to the the White Firm and Substitute Trustees and later after the appeal, as to Wells Fargo and Federal Home Loan Mortgage Corporation. McCray then appealed to the United States Court of Appeals for the Fourth Circuit.

The Federal Court of Appeals reversed as to the dismissal as to the law firm and  Substitute Trustees finding they were deemed debt collectors under the FDCPA, and remanded the case for further proceedings to determine if there had been a violation of the FDCPA by them in their capacity as a debt collector.

On remand, Ms. McCray then amended her Complaint for the 4th time expanding her damage claims. Once again, the instant federal claim is for money damages against the Defendants the White Firm and the Substitute Trustees for Fair Debt Collection Practices violations and the lack to verify the debt. Indeed, McCray's assertions in the instant Motion are disingenuous as her claims do not deal with the right of the secured party to foreclose, only a claim as to money damages.

During this action in anticipation of a foreclosure sale, Ms. McCray filed a Chapter 13 Bankruptcy Action Case No 13-26131  in the United States Bankruptcy Court for the District of Maryland, which was later converted  to a Chapter 7 liquidation. See

Exhibit B E- 032 Dkt No.43 Bankruptcy Court Docket. The action was filed on September 23, 2013 and Ms. McCray was discharged of her personal obligation of the debt on July 14, 2014. The lien still is secured against the Property.

Prior to her discharge, the United States  Bankruptcy Court  on May 21, 2014 Ordered that the automatic stay be lifted and the secured party  Wells Fargo was entitled to proceed with the foreclosure action and sale and that the successful purchaser would be entitled to possession thereafter. See Exhibit B E-026 Bankruptcy Docket 79 and Exhibit C E- 039 to 045 Court Order granting relief from the automatic stay.

When the sale was reset, McCray again filed for bankruptcy protection from creditors seeking to reopen the prior bankruptcy that had been closed. See E-State Foreclosure Action Dkt. 37/0.

McCray then went on a file in the State Foreclosure Action, Motions for Summary Judgments (See E-009-010 State Foreclosure Action Dkt 39/0) which was denied by Order date July 8 2015  (See E-010 State Foreclosure Action Dkt 39/2)  and additional Motions to Stay and Dismiss (See E-010 State Foreclosure Action Dkt 40) which was denied on August 6, 2015 (See E-010 State Foreclosure Action Dkt no 40/2). Thereafter the Circuit Court denied McCray's Motion for Reconsiderations on September 9, 2015 (See E-011 State Foreclosure Action Dkt No 41/3) as well as the denying her Notice of  Objection to the September 9, 2015 Order on October 8, 2015 (See E- 011 State Foreclosure Action Dkt. No. 41/6).

McCray  then noticed an appeal to the Maryland Court of Special Appeals (COSA) on September 4, 2015. McCray then filed a Motion to Hold the Appeal in Abeyance was deemed moot by the Court and dismissed the appeal. See Mandate Dkt No 51/0, E-012.

With the next foreclosure sale set, McCray filed yet again another bankruptcy action on March 25, 2015. After the sale was stopped due to the filing of bankruptcy, McCray filed a Request to dismiss the bankruptcy action which was then granted. See E- 013 State Foreclosure Action Dkt. No. 54/0.

McCray then went through a series of motions in the State Foreclosure Action. These too were denied by he State Circuit Court.

McCray then appealed the denials to COSA (E-014 State Foreclosure

Action Dkt. No. 63/0). She then dismissed the appeal on June 27, 2017 (E-015 State Foreclosure Action Dkt. No. 67/0)

Once again, McCray filed her next Motion to Stay (E-013 State Foreclosure Action Dkt No. 55) which the Court denied on May 16, 2016.

McCray then tried to remove the State Foreclosure Action to the United States District Court on June 2, 2016. The United States District Court remanded same.

McCray then once again sought to stay the State Foreclosure Action proceedings, but that stay in bankruptcy was lifted on July 18, 2017.

Unfazed that a sale was imminent, McCray again sought an Emergency Motion for Injunctive Relief on August 14, 2017 (E-015 State Foreclosure Action Dkt No71/1). The Motion was denied on August 28, 2017 (E-015 State Foreclosure Action Dkt No 71/1). This  and a multitude of other Motions to Dismiss were appealed to COSA on September 26, 2017. (E-016  State Foreclosure Action Dkt No73/0). The Appeal was ultimately decided on October 3, 2018 in which COSA affirmed the decisions of the Circuit Court in the State Foreclosure Action where all were denied. See Exhibit D E-COSA Opinion at E-046 to 051.

Subsequently, the foreclosure sale was duly noticed and finally occurred on November 15, 2017. The successful purchaser was Federal Home Loan Mortgage Corporation.

McCray then took exceptions to the sale on January 4, 2018. (E-017  State Foreclosure Action Dkt No 81/1). A response was filed and the Circuit Court denied and overruled the exceptions on March 2, 2018. McCray then filed Motions to Strike ministerial filings which too were denied by the Circuit Court.

On March 30, 2018 McCray sought injunctive relief once again pending her appeal. The Substitute Trustees filed motions to dismiss the appeal as being an impressible interlocutory appeal, which COSA granted. The Mandate was issued on August 17, 2018.

As referenced below, on October 3, 2018 the Court of Special Appeals in an unreported *per curiam* Opinion,  Case No 1463 September Term 2017  affirmed the Circuit Courts denial of McCray's multiple Motions to Stay or Dismiss she had previously filed. (Exhibit D at E-046 to 051 COSA  Opinion).

At the present time, McCray has now once again, sought injunctive relief in this Court on the very same grounds that she has repeatedly sought in the Circuit Court in the State Foreclosure Action,  all of which are without merit.

This Opposition is filed thereto.

## DISCUSSION

The present civil action is about whether the debt had been verified, and if not, whether there has been any statutory violation of FDCPA arising from that alleged lack of verification, or, whether there was sufficient verification, or, merely a harmless bona fide error. Inevitably, this is a damages case and independent of the *in rem* state foreclosure action pending in the Circuit Court; i.e., the "State Foreclosure Action" (John E. Driscoll III et al v Renee L. McCray Baltimore City Circuit Court of Maryland case No 24O13000528). What McCray seeks to do is to intertwine this alleged damage action with her foreclosure action which deals solely with whether she is in default of her debt such that the Substitute Trustees can foreclose the 'right of redemption' of any interested party in the Property which is the collateral of the loan. This issue has previously been fully adjudicated in the United States Bankruptcy Court (this Court, and the Fourth Circuit Court of Appeals) and in the State Circuit Court. See Bankruptcy Court Opinion *6 - *7 E-044 to 045. Those two actions though, while arising out of the same loan documents, are separate and distinct actions with different remedies.

Here, the Defendants suggest for the following reasons this Court must deny the relief now sought by McCray.

### a.  The Prior Actions Undertaken in the State Foreclosure Action Are Dispositive of a Lack of Entitlement for Injunctive Relief

Under Maryland law, interested parties are possessed of there (3) singular opportunities of challenging a foreclosure action; they may obtain a pre-sale injunction pursuant to Md. Rule 14-211, by filing post-sale exceptions to the ratification of the sale under Md. Rule 14-305(d), and by filing post-sale ratification exceptions to the auditor's statement of account pursuant to Md. Rule 2-543(g)and (h). Gordon on Foreclosures, § 21.01, at 655; see generally Greenbrier Condominium, *Phase I Counsel Of Unit Owners,*

*Inc. v. Brooks*, 387 Md. 683, 740-46, 878 A2d 528, 563-66 (2005).

Initially, McCray has previously pursued injunctive relief in the State Foreclosure Action, by filing her multiple Motions to Stay and Dismiss (she actually has filed 5, well beyond the one (1) permitted under the Rule) taken pursuant to Md. Rule 14-211(a) which all have been denied.  The foreclosure sale has now occurred in which the subject property has been sold.

McCray's exceptions taken to the sale pursuant to Md. Rule 14-305(d), to the foreclosure sale, were denied by the Circuit Court for Baltimore City. E-018  Dkt No 081/3. But for the appeals and other repeated motions filed by McCray, delaying the process, the sale would have been ratified at this juncture. Yet the appeals to the Court of Special Appeals of Maryland which all have been adjudicated in favor of the Substitute Trustees and the secured party though they have inevitably have delayed the ratification of the sale and the audit from being reported.

As stated above, Md. Rule 14–211 allows homeowners to prevent a foreclosure sale by challenging, among other things, the "right of the [lender] to foreclose...." Md. Rule 14–211(a)(3)(B). As a result, a homeowner, who wishes to use the lender's failure as the basis of his or her claim, must do so through Rule 14–211's pre-sale injunctive relief apparatus. *Bates v. Cohn*, 417 Md. 309, 329, 9 A.3d 846, 858 (2010). The Rule speaks in the singular filing of a Motion to Stay or Dismiss (" (a) Motion to Stay and Dismiss. (1) Who May File. The borrower, a record owner, a party to the lien instrument, a person who claims under the borrower a right to or interest in the property that is subordinate to the lien being foreclosed, or a person who claims an equitable interest in the property **may file in the action a motion to stay** the sale of the property and dismiss the foreclosure action)(emphasis added)  Md. Rule 14-211(a)(1).

Here, McCray has already sought injunctive relief in the State Foreclosure Action, when she filed her multiple Md. Rule 14-211 Motions to Stay and or Dismisses (she filed 4 such motion between 2013 and 2017 E-047, in addition to filing an Emergency Motion for Injunctive Relief, and a Demand to Vacate Order dated March 31, 2017 and All Orders Denying McCray's Motions to Dismiss Foreclosure Action because the court lacked jurisdiction over the subject matter and Request for Hearing) in the State Foreclosure Action. In each case the Circuit Court for Baltimore City found that McCray

7

had failed to assert a defense to the right to foreclose.

Based upon these denials, McCray repeatedly appealed those holdings to the Maryland Court of Special Appeals. Though previously appealed, the most recent appeal affirmed the Circuit Court holding that the secured party had a right to foreclose and thus has become law of the case; Court of Special Appeals of Maryland Case No 1463 September Term 2017, <u>Renee L. McCray v John E. Driscoll III et al</u>.  The Court of Special Appeals of Maryland affirmed the decisions of the Circuit Court for Baltimore City in denying her stay. See Unpublished *per curiam* Opinion of October 3, 2018 Attached as E- 046 thru E-051.

Under Maryland law, McCray had the right to seek appellate review which she has, as noted above, as to the injunctive relief sought. The Appellate Court reviewed same and affirmed the right to have injunctive relief which is now law of the case and precludes McCray from seeking same in this Court. Indeed in the Appellate argument, McCray contended as she does here, that the Substitute Trustee violated the Fair Debt Collection Practices Act (FDCPA) as they were "debt collectors" they could not bring the action in the Circuit Court. The Court found first her fifth motion was untimely and despite McCray asserting that she had received "favorable rulings in her federal cases against the appellees [the Substitute Trustees] on the FDCPA claim, the court held she had not and that the court [this Court]rulings on the FDCPA had not resolve any factual issues. Opinion at E-049 (*3). Accordingly, this present Motion for Injunctive Relief besides being untimely, and seemingly barred by *res judicata* and law of the case.

## b. The Anti-Injunction Act Inhibits the Relief sought

The Anti–Injunction Act, first enacted in 1793, provides that:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

The Act broadly commands that those tribunals "shall remain free from interference by federal courts." *Atlantic Coast Line R. Co. v. Locomotive Engineers,* 398 U.S. 281, 282, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). Indeed, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in

favor of permitting the state courts to proceed." (underlined emphasis added) *Id.*, at 297, 90 S.Ct. 1739. The Anti–Injunction Act categorically prohibits injunctions of state court proceedings "unless [the injunction] falls within the reach" of one of the three specific exceptions outlined in the Act. *Bryan v. BellSouth Communications, Inc.,* 492 F.3d 231, 236 (2007); cf. *Nationwide Mut. Ins. Co. v. Burke*, 897 F.2d 734, 737 (4th Cir.1990) ("Before a federal court may enjoin a state court proceeding, the injunction must be based upon one of § 2283's three narrow exceptions.")

       This case involves the last of the Act's three exceptions, known as the re-litigation exception. That exception is designed to implement "well-recognized concepts" of claim and issue preclusion. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). The Anti–Injunction Act provides that a federal court may enjoin the proceedings of a state court "to protect or effectuate <u>its</u> judgments." 28 U.S.C.A. § 2283. Courts often refer to this exception to the general prohibition against injunctions of state court proceedings as the "re-litigation exception." " 'The re-litigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel.' " *Bryan*, 492 F.3d at 236 (quoting *Chick Kam Choo*, 486 U.S. at 147, 108 S.Ct. 1684). For a federal court to justify enjoining state proceedings under this exception, "the issue the federal court decided must be the same as the one presented in the state tribunal," and the party to be enjoined "must have been a party to the federal suit, or else must fall within one of a few discrete exceptions to the general rule against binding nonparties." *Smith v. Bayer Corp.*, ––––U.S. ––––, 131 S.Ct. 2368, 2376, 180 L.Ed.2d 341 (2011). As cited in *United States v. Purdue Frederick Co.*, 963 F. Supp. 2d 561, 568 (W.D. Va. 2013)

       Therefore, an injunction may issue under the re-litigation exception **only** if the claims or issues subject to the injunction have actually been decided by the federal court; the exception is inapplicable where an injunction is sought to prevent the litigation of claims or issues that could have been decided in the original action but were not. In this case there is no federal claim for the Court to protect and candidly it is the State decisions that occurred first and those very claims raised by McCray were actually decided and appealed in the State Foreclosure Action, in which the right to foreclose was

determined. AS the right to foreclose has been appealed and determined by theis Court and the Maryland Appellate Court, it is now law of the case and not subject to the narrow exception. *Bryan*, 492 F.3d at 236–37 (emphasis in original); see also *LCS Servs., Inc. v. Hamrick*, 925 F.2d 745, 750 (4th Cir.1991) ("The district court did not directly address any issue presently pending before the state court. Accordingly, we find that the re-litigation exception ... does not apply...."); *Nationwide*, 897 F.2d at 737 ("[T]he federal court must actually have decided the claims or issues which the federal injunction would insulate from state proceedings."). Once again, there is no prior federal decision to protect and any decision now would subsequent to the state courts denial of the Motion to Stay or Dismiss  pursuant to Md. Rule 14-211 as to the right to foreclose.

Therefore, the Anti–Injunction Act's re-litigation exception does not apply so this Court is now barred to grant the relief sought by McCray and the Anti–Injunction Act therefore forbids this Court to entertain McCray's Motion for injunctive relief.

### c. **Law of the Case Doctrine Vitiates the Relief Sought**

Law of the Case Doctrine posits that when an appellate court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). This doctrine "directs a court's discretion, it does not limit the tribunal's power." *Id* as cited in  *Pepper v. United States*, 562 U.S. 476, 506, 131 S. Ct. 1229, 1250, 179 L. Ed. 2d 196 (2011). Once a court has established the law of the case, "it must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal ... unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir.1999) (internal quotation marks omitted).

Here, the State Court denied McCray's right for injunctive relief sought under Md. Rule 14-211, stating that the foreclosure may proceed. This decision was appealed by McCray to COSA. There the Court affirmed the decision. See Exhibit D E-046. The effect of the affirmation is that the foreclosure action may and should proceed in

the ordinary course of the action. As the sale has occurred (as indicated by the Report of Sale E-017) and the exceptions to the foreclosure sale denied (E-018). Then this Court should not and may not interfere in that action as the right of the secured party to be able to proceed with its foreclosure has been determined and is now law of that case. As such, the Motion seeking Injunctive Relief must be denied.

    d. **Claim Preclusion – Res Judicata/Estoppel inhibits the Relief Sought**

      Though res judicata and estoppel are affirmative defenses (See Fed. R. Civ. P. 8(c)(1); see also *Georgia Pac. Consumer Prod., LP v. Von Drehle Corp*., 710 F.3d 527, 533 (4th Cir. 2013)), they are relevant to the application of the present relief sought relative to the prior proceeding was in a Maryland state court.  Indeed, this Court should and must apply Maryland law regarding res judicata. See *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 89279 L.Ed.2d 56 (1984).

      "Res judicata and collateral estoppel are based upon the judicial policy that the losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on issues raised, or that should have been raised." *Grady Mgmt., Inc. v. Epps*, 98 A.3d 457, 472 (Md. Ct. Spec. App. 2014). "Res judicata . . . bars a party from re-litigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel Co. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) (citing *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). When a federal court litigant asserts *res judicata* based on a state court judgment, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra*, 465 U.S. at 81. Here we have the State Court decision as to the 14-211 Motion to Stay or Dismiss and the United States Bankruptcy Courts  decision finding Wells Fargo had a right to foreclose. This is relevant as McCray's basis for the stay as well as her  revised Motion for an Extension of Discovery deals with deposing Wells Fargo to assert they had no right to foreclose.

      Under Maryland law, res judicata, or claim preclusion, "applies when (1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits." *Capel v. Countrywide Home Loans, Inc.,* No.

WDQ-09-2374, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010) (citing *Anne Arundel County Bd. of Educ. v. Norville,* 887 A.2d 1029, 1037 (Md. 2005)).

Regarding the first prong, it is undisputed that this case involves the same parties as in the state action or ones in privity with the state-action parties. See *Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *2 (D. Md. Nov. 28, 2016) (citing *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (finding that "because all defendants share a mutuality of interest with respect to the validity of the foreclosure judgment, the first element of the claim preclusion test is met")).

"Privity for res judicata purposes involves a person so identified in interest with another that he represents the same legal right." *FWB Bank v. Richman*, 354 Md. 472, 498, 731 A.2d 916, 928 (1999) (quoting *In re Matter of Wilcher*, 56 B.R. 428, 438 (Bankr. N.D. Ill. 1985)). Here we have the same parties in both cases thus the first element is met.

As to the second prong, Maryland uses the transaction test to determine whether the claims in this case are identical to those in the prior proceeding. See *Kent Cnty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987). "Under the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank*)). In this case, the State Foreclosure Action and the present case involves the same Note and Deed of Trust on the Property, and Plaintiff's motion to stay or dismiss the foreclosure proceeding in state court was grounded in the same claims that she raises in this case. It deals with a verification of the loans debt, which has been confirmed in the other actions as properly due and owing. Thus, the second prong is satisfied. See *McCreary v. Benificial Mortg. Co. of Maryland*, No. AW-11-CV-01674, 2011 WL 4985437,at *4 (D. Md. Oct. 18, 2011) (dismissing on res judicata grounds plaintiff's common law claims, inter alia, for fraud, fraudulent misrepresentation, intentional infliction of emotional distress, and gross negligence because "Plaintiff had a fair opportunity to present claims against Defendants during the prior foreclosure proceedings").

"With regard to the [third] element, 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect,' based on factors such as whether the parties were heard in the issue and whether the decision was appealable." *Graves v. OneWest Bank, FSB*, No. PWG-14-1995, 2015 WL 2452418, at *5 (D. Md. May 20, 2015) (quoting *Morgan v. Morgan*, 68 Md. App. 85, 92 (Md. Ct. Spec. App. 1986) (quoting Rest. 2d (Judgments) § 13 (emphasis in *Morgan*))). "In a foreclosure proceeding, . . . if the defendant indeed does challenge the right to sell prior to the sale and the court actually determines that right after a proper hearing, that **issue cannot be relitigated** in a subsequent phase of the action." *Id.* (quoting *Morgan*, 68 Md. App. at 92). Accordingly, the Circuit Court's denial of Plaintiff's motion to dismiss the foreclosure proceeding constitutes a final judgment for res judicata purposes as does the United States Bankruptcy Courts decision in its findings that Wells Fargo had a right to foreclose and the amount due was due. See Exhibit C. *Also see Morgan*, 510 A.2d at 270; cf. *Talley v. Ocwen Loan Servicing*, No. 16-CV-389, 2016 WL 1321427, at *2 (D. Md. Apr. 5, 2016), (finding res judicata applicable in a pending foreclosure action where "the state court has already permitted the parties to schedule a foreclosure sale and denied Plaintiff's objections"), *aff'd in part*, vacated in part on other grounds, remanded sub nom.). Accordingly, the third and final prong is satisfied, and McCray's injunctive claims in this case are barred under the doctrine of res judicata.

In fact to grant a TRO or even a preliminary injunction would be  contrary to the doctrine especially in light that the issue has been addressed by a Maryland appellate court which affirmed the right of the secured party to proceed with its sale and to foreclose the right of redemption of all interested parties. See Exhibit D COSA Opinion.

Accordingly, res judicata of the appellate decisions affirming the denying of McCray's Motion to Stay or Dismiss the Foreclosure Action bars this Court from pursuing the relief McCray now seeks.

**e.  General Principles of Winter Governing Preliminary Injunctions Inhibit the Relief Sought**

Even assuming arguendo that the Court feels that claim preclusions does not apply which would inhibit McCray from seeking injunctive relief,  the Plaintiff's Motion must still must be denied.

Under *Winter v. Natural Resources Defense Council, Inc*. 555 U.S. 7, 129 S.Ct. 365 (2008) in order to obtain a preliminary injunction a plaintiff must satisfy four (4) requirements, **each of which must be satisfied**, in order for the Court to grant injunctive relief. A party seeking a preliminary injunction must establish that he is likely to succeed on the merits, likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Id* 555 U.S. at 20, 129 S.Ct. at 374 (citations omitted). "A request for injunctive relief does not constitute an independent cause of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in the ... substantive counts." *Pinnacle Min. Co., LLC v. Bluestone Coal Corp*., 624 F.Supp.2d 530, 539–40 (S.D.W.Va.2009) (citing *Fare Deals Ltd. v. World Choice Travel.Com, Inc*., 180 F.Supp.2d 678, 682 n. 1 (D.Md.2001)). The request for injunctive relief can only stand as a remedy for a cause of action. Here McCray's cause of action is for monetary relief  whereas the foreclosure is an *in rem* action seeking no monetary relief  but merely equitable relief terminating McCray and others subordinate interest holders interests in the Property. Since that action is different from the instant action no relief can be granted. Therefore we review each of the elements to determine if any prevent the relief sought.

1. Likelihood of Success on the Merits

*Winter* requires that the plaintiff clearly demonstrate that it will likely succeed on the merits. 129 S.Ct. at 374, 376. In this case, McCray seeks a preliminary injunction prohibiting the State Foreclosure  Action  from proceeding. As stated above, the Circuit Court  has denied her motions to stay and dismiss which has been affirmed by Maryland's intermediate Appellate Court, finding that she has failed to  provide a defense to the right of the secured party and the Substitute Trustees to foreclose. This very issue has been litigated in the State Circuit Court and the United States Bankruptcy Court in McCray's bankruptcy action ( See opinion of the Court Exhibit C) which the United States District Court thereafter accepted  and affirmed, In all these cases they found that

Wells Fargo was the servicer of the loan and Federal Home Loan Mortgage Corporation ("FHLMC" or "Freddie Mac") was the investor. As the secured parties as defined under Maryland law, Wells Fargo had the right to proceed with the foreclosure  and to engage the Substitute Trustees.

Subsequently, McCray's exceptions to the sale were denied by the State Circuit Court, found there to be no procedural irregularity in how the sale was conducted, such that the only thing left for the Circuit Court to do is to ratify the sale. Thus there is no reason for this Court intervene in that action by staying the sale that has already occurred and been validated by the Circuit Court. irrespective of whether debt had been verified. Indeed. McCray has not made  and obviously cannot make a factual clear showing that she is likely to succeed on the merits in the instant case and she cannot do so with regard to the foreclosure case as the sale has occurred and is merely awaiting ratification,  once the case is returned from COSA. Again the burden is on the movant and she has not met and cannot met that burden.

As such, as discussed above there is no likelihood of any success on the merits as to the issues concerning the secured party's right to foreclose as same has already been adjudicated by COSA, which determined that the secured party has the right to proceed. Insofar as the is the instant case is for damages for alleged statutory violations of the FDCPA and the other case, the State Foreclosure Action which is merely to condemn the collateral of the loan then there is nothing to warrant any success on the merits that this case would remotely impact the State Foreclosure Action. According the first element is not met and the relief sought must be denied.

2. Irreparable Harm in the Absence of Preliminary Relief

The second element of the general review under *Winter v. Natural Resources Defense Council, Inc.* "requires that the plaintiff make a clear showing that it is likely to be irreparably harmed absent preliminary relief." *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342, 347 (2009) (citing *Winter* 129 S.Ct. at 374–76). In this case, McCray's complaint nor her motion includes no facts in support of the argument that the plaintiffs are likely to be irreparably harmed absent preliminary injunctive relief. In their response in opposition, it is presumed that McCray will  state

that they seek an injunction in order to prevent such harm.

But irreparable harm to McCray must be actual and imminent, not remote and speculative. See *Mylan Pharmaceuticals, Inc. v. Thompson*, 207 F.Supp.2d 476, 484 (N.D.W.Va.2001).. Here the reality of the facts are that McCray defaulted on a refinance loan. She has been discharged of personal liability for the debt but the lien remains secured against the Property. As she has not cured the default and continues to reside since 2012 free of any mortgage payment, payment of insurance or real estate taxes she cannot state that she will be harmed, except that she will invariably be obligated to move to a place where she presumably will have some obligation for the payment of her use and occupancy. Regardless, there is no imminent harm which McCray would endure.

Here McCray, has not alleged any specific harm  (besides the loss of her home which has resulted from her payment default) she has or could sustain from the conclusion of the State Foreclosure Action. The essential fact being that the United States Bankruptcy Court in McCray's Chapter 7 discharge and the State Circuit Court have both determined that the secured party has a right to foreclose and that McCray has not met her burden to substantiate any defense to that right. Accordingly, the second element of Winters has also not been satisfied and the relief sought must be denied.


3. Balance of Equities

When weighing the parties' respective injuries and balancing the equities to determine whether a preliminary injunction should issue, the Court should consider: (1) the relative importance of the rights asserted and the act sought to be enjoined; (2) the preservation of the status quo; and (3) the balancing of damage and convenience generally. See *Sinclair Refining Co. v. Midland Oil Co*., 55 F.2d 42, 45 (4th Cir.1932). In this case, McCray appears to allege that the secured party has no right to foreclose and despite the prior rulings, she contends once again, arguably for dilatory reasons, that this issue needs to be addressed once again in this case.

Unfortunately, that ship has sailed. The United States Bankruptcy Court decided that issue in her bankruptcy. See Exhibit C. Based upon this the automatic stay was lifted and the foreclosure sale invariably occurred almost a year ago.  The State Circuit Court and the Maryland Court of Special Appeals has also determined that she

failed to timely raise any defense to the secured party's right to foreclose. In this regard the sale has occurred and the is awaiting ratification.

In the interim McCray has lived in the Property without paying anything for her use and occupancy of the premises, no real estate taxes nor has she maintained any property and casualty insurance on the Property. These have been at the expense of the secured party who continues to endure these expenses and loses. As such, if the Court were to maintain the status quo, McCray would have had to pay her fair share for her use and occupancy since 2012, irrespective of the claim she maintains.

Once again, this action is merely an action arising out of an alleged statutory violation of the FDCPA with limited statutory damages, as she argues her *pro se* action. Undeniably, as McCray has asserted, her damages, if any she has, arise from the foreclosure action, and not from the alleged failure to verify the debt. She did not allege she paid the wrong party nor does she contend that anyone else is making or has made any demands against her for the loan payments. Once more, McCray cannot meet her burden to show she is entitled to anything more than arguably the limited statutory damages,  if there was actually was an intentional violation of the FDCPA as what she wishes to do is to bundle all her expense in defending the foreclosure action (which was docketed after the alleged FDCPA violation)    into the instant action. Accordingly, it would be improper for this Court to grant any relief sought  in her Motion as to do so misapplies the balancing of equities.


4. Public Interest

In *Winter*, "the Supreme Court emphasized the public interest requirement, stating, '[I]n exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.' " *Real Truth About Obama*, 575 F.3d at 347 (quoting *Winter*, 129 S.Ct. at 376–77). Here the State Court has decided that McCray's injunctive relief had no merit and that there was no public interest in allowing her to retain the Property. Once again the Property has been sold and is pending ratification. It is undisputed that McCray defaulted and that she was indebted but that she has had personal liability of the debt extinguished such that the lien is limited to the collateralized property. She made her payments on the

loan for some seven years before defaulting, and according to her even utilized several foreclosure avoidance schemes she found online in an attempt to avoid the loan obligation.

*Winter* articulates four requirements, each of which must be satisfied as enunciated, and allows requirements to be conditionally redefined as other requirements are more fully satisfied so that "grant[ing] or deny[ing] a preliminary injunction depends upon a 'flexible interplay' among all the factors considered ... for all four [factors] are intertwined and each affects in degree all the others. *Real Truth About Obama*, 575 F.3d at 347  In the end, this Court should determine  (1) McCray is not likely to succeed on the merits; (2) McCray will not be irreparably harmed if the injunction is denied; and (3) that the injunction requested would not be in the public interest. In the ned, in balancing the equites, such balancing does not warrant the granting of the relief sought at the continued expense of the secured party.  Accordingly McCray's Motion must fail and be denied.


Conclusion

In the present case, McCray is attempting to do what she can to delay the outcome of the State Foreclosure Action from being concluded. She has been successful to date by filing repeated motions, bankruptcies and appeals all which have in the end been denied, dismissed  or which have affirmed the ruling of the Circuit Court. In the end all support the finding that the secured party had a right to foreclose, did in fact foreclose and that there were no procedural irregulars in how the foreclosure sale occurred. Courts so ruling have been courts of competent jurisdiction and their decisions have been affirmed on appeal. These decisions are now law of the case or should be deem preclusive under the doctrine of *res judicata*.

Regardless, the federal Anti Injunction Act inhibits this Court from pursuing the remedies sought. Even assuming arguendo, is deemed not applicable, McCray has not met the burdens imposed upon the Court under the Supreme Courts decision in *Winter*.  Obviously, to justify an injunction before trial on the merits, it is incumbent upon McCray to make a clear showing that it is likely to succeed on the merits and she cannot factually or even legally do so.

Accordingly, for the reasons more fully set forth above, this Court must

deny the injunctive relief sought by Ms. McCray.

Respectfully Submitted:
Samuel I. White, PC

/s/ Robert H. Hillman
Robert H. Hillman, MD 06910
611 Rockville Pike #100
Rockville, MD 20852
    301-804-3385
    Fax 301-838-1954
rhilllman@siwpc.com
Attorney for Samuel I White
P.C. and the SIWPC Individuals

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on October 31, 2018 I filed via CM/ECF and served  by first class mail, postage prepaid, a copy of the foregoing to: Renee L. McCray, 109 North Edgewood Street, Baltimore, MD 21229, Plaintiff;

/s/ Robert H. Hillman
Robert H. Hillman