IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENEE L. MCCRAY, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: ADC-13-1518 |
| SAMUEL I. WHITE, P.C., et al., | * | |
| Defendants. | * | |

******

## MEMORANDUM OPINION

This case was referred to me for all proceedings on May 11, 2018 (ECF 128). The Plaintiff, *pro se*, has filed this action alleging Defendants as debt collectors violated the FDCPA, 15 U.S.C. §1692, *et seq.* In essence, Plaintiff complains that Defendants failed to comply with the FDCPA when they foreclosed and eventually sold real property secured by a defaulted loan. In the motion now being addressed by this Court (ECF 136), Plaintiff is seeking injunctive relief to restrain the Baltimore City Circuit Court's decision, confirmed on appeal by the Maryland Court of Special Appeals, approving the sale of the real property. Interestingly as well, the U.S. Bankruptcy Court has also found that the Defendants were entitled to proceed with the sale of the property when a stay of proceedings was lifted and Plaintiff was discharged of the debt. *In Re: Renee L. McCray* NVA 13-26131, *Docket No. 79.* For the reasons stated below, the Motion for Preliminary Injunction and Temporary Restraining Order will be DENIED.

The Plaintiff has pursued remedies in both state court and in this Court, including the U.S. Bankruptcy Court, *See ECF 142, 1-6.* In its simplest view, Plaintiff now seeks in this Court the same relief denied her in the Circuit Court for Baltimore City, on appeal to the Court of

1

of Special Appeals and the U.S. Bankruptcy Court – an injunction to prevent ratification of the sale of real property that secured a loan she defaulted.

Discussion

In order to prevail on a motion, the Fourth Circuit has applied the standard set forth in *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7 (2008). *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342, 345 (4th Cir. 2009).

> "In its recent opinion in *Winter*, the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, at 20. And all four requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 20.

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Id.* The Court will address each of these factors in the instant case.

In the present case, Plaintiff presents no credible evidence that she is likely to succeed on the merits. In fact, all of the evidence is to the contrary. In the litigation efforts of Plaintiff to prevent the foreclosure and sale of the property, Plaintiff has failed at every step. As Defendants point out in their response, Plaintiff filed multiple motions to stay proceedings and dismiss the foreclosure proceedings in the Circuit Court for Baltimore City (ECF 142-1,4). Plaintiff appealed those adverse rulings denying injunctive relief and on appeal, the denial of injunctive relief was

affirmed (ECF 142-4). Plaintiff presented no evidence whatsoever in her motion to support her claim that there is a strong likelihood that she will succeed on the merits. Instead Plaintiff just re-alleges the facts (ECF 136). As *Winter* dictates, Plaintiff must prevail on all four requirements in order to obtain injunctive relief. *Winter* at 346. On this basis alone, the Court clearly is able to DENY the motion.

Turning briefly, arguendo to address the other factors, the property has since been sold, and it is of note that Plaintiff's debt has been discharged in her bankruptcy proceedings (ECF 142-3), which according to Defendants' Response also precluded any injunctive relief when the stay of proceedings was lifted. *Id.* Plaintiff in this motion failed to present evidence of irreparable harm, in that the property has since been sold. Plaintiff is not precluded from seeking any relief to which she may be entitled under the FDCA, but any irreparable harm she alleged has already occurred after her unsuccessful but lengthy litigation in state court. There is no balance of equities in favor of Plaintiff in this case and she presented no evidence of such in her motion. In fact, there is no finding in any of the state court proceedings that even suggest inequity at all. While Plaintiff may argue that she is a victim and that there is a public interest in preventing homeowners from losing their homes, that is not the case before the Court. Plaintiff proceeded in litigation for five years in state court, following her default on a loan which lead to the forfeiture of her property. Plaintiff availed herself of every litigation opportunity in state court and in the United States Bankruptcy Court. She did not succeed, with the exception of discharge of her debts. All of those safeguards to protect the public interest were properly in place and she took advantage of every opportunity to have her day in court. She simply did not succeed. Based upon her pleadings and the Defendants' response it is clear that Plaintiff is not

entitled to injunctive relief in this action. She has failed to present evidence to satisfy the four elements required. *Winter, supra.*

Defendants raise other meritorious arguments in their response. The Court agrees that the doctrine of *res judicata* applies in this case. The parties are the same, the Plaintiff again relies on the validity of the foreclosure action, thus meeting the "transaction test," and the final judgment includes the adjudication of the injunctive relief sought in this case. *Community College of Cambridge Environmental Health and Community Development Group, et al., v. City of Cambridge*, 115 F.Supp.2d 550, 560 (D.Md. 2000). The Court finds that the doctrine of *res judicata* precludes injunctive relief sought in Plaintiff's motion.

Finally, Defendants argue that the Anti-Injunction Act, 28 U.S.C. §2283, precludes Plaintiff from injunctive relief. The Court agrees. In the present case, Plaintiff has diligently pursued her remedies in state court and in the United States Bankruptcy Court. She has been denied relief and that denial has been upheld in state court on appeal. The Anti-Injunction Act reads as follows:

> "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."
> 28 U.S.C. §2283.

In the present case, there is no express authorization by Congress to enjoin a state court, nor was there any federal jurisdiction at issue in the state court proceedings. That leaves only the third exception which is not available to Plaintiff since there was no federal court judgment to protect. *Bryan v. BellSouth Communications, Inc.*, 492 F.3d 231, 236 (4th Cir. 2007). The third exception, known as the "re-litigation exception" was designed to permit a federal court to prevent state litigation of an issue that was previously decided by the federal court." *Id.* It is

4

clear that is not what we have in the present case. Plaintiff's motion is denied as well based upon the Anti-Injunction Act. 28 U.S.C. §2283.

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is DENIED. A separate ORDER will follow.

_7 November 2018_
Date

_A. D. Copperthite_
A. David Copperthite
United States Magistrate Judge