IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Northern Division)

| | |
|---|---|
| RENEE L. McCRAY | : |
| Plaintiff | : |
| v. | : Case 1:13-cv-01518 -ADC |
| SAMUEL I WHITE P.C.  et al | : |
| Defendants | : |

**DEFENDANTS MOTION FOR RECONSIDERATION OF COURTS ORDER (#162)  GRANTING PLAINTIFFS MOTION TO COMPELL (#143) AND CLARIFICATION**

Comes now the Defendants, Samuel I. White, PC (the "White Firm"), and John E. Driscoll, III, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds (SIWPC and the individuals as "Substitute Trustees")(collectively hereinafter referred to as "the SIWPC Defendants), by and through undersigned counsel and moves the Court for Reconsideration pursuant to FRCP 60(b)(1) of its Order of December 3, 2018 (ECF 162 ) granting the Motion to Compel (ECF 143) which the Court previously denied (ECF 141), and states as follow:

1. The Defendants seek reconsideration of the Courts Order (ECF 162) compelling discovery of documents and other matters as a result of the confusion on the part of the Defendants relative to the Courts prior Order denying the Motion to Compel on November 2, 2018 (ECF 144).

2. The Defendants were under the belief that the Motion had been denied and thought McCray had sought reconsideration, such motions for reconsiderations are not responded to unless and until the Court requests same. In this case, the Defendants were not advised by the

Court to respond to same. If this is the wrong belief, the Defendants would have responded to same and would now ask for the opportunity to do so based upon the confusion created by M. McCray. Here the Motion for Reconsideration of the denial was also denied (See ECF 146).

3. Indeed the Courts Paperless Order (ECF 144) directed that the Motion was denied for failure to comply for her failure to comply with the Courts Order directing that a request must be made to the Court prior to the filing of the Motion. Indeed no refiled Motion was ever docketed by McCray after same was denied.

4. In this case McCray has barraged the Court and the undersigned with demands and correspondence none of which comply with the Courts 2 page requirement. As such the Defendants were under the reasonable belief that motions filed by the Plaintiff were not authorized by this Court and thus no response was required.

5. Indeed the based on the lack of direction from the Court as to what Motions had been authorized, Defendants believed that Motion was not authorized, as it was denied so no response was filed.

6. As such if the Court wishes for the Defendants to file an opposition to the denied Motion, they are willing to do so but ask that the Court allow them a brief opportunity to do so and that any response which the Defendants would seek to file be considered *nunc pro tunc*.

7. That pursuant to FRCP 60((b)(1) the Defendants should be permitted to correct a mistake arising from this oversight and or omission.

8. The Court should note that the very issues raised by the Plaintiff are previously adjudicated issues, hence Plaintiff will sustain no prejudice as the discovery sought is well beyond discoverable information and will not lead to discoverable or admissible evidence at trial. Factually McCray concedes that the discovery is sought for the right to foreclose issue this is the issue as she addressed in page 3 of 8 of her Motion (ECF 143), that she wants "[A]ll documents you contend supports you

have an attorney client privileged relationship with the alleged owner of the alleged debt Federal Home Loan Mortgage Corporation" and that Wells Fargo was authorized to appoint the substitute trustees.[1] Indeed the information sought is an attempt to confuse the record, This is not the basis for her complaint and if it is then McCray needs to clarify same to the Court. as the information sought deals with the matters surrounding the secured party Federal Home Loan Mortgage Corporations ownership of the loan and the servicing by Wells Fargo all of which have been amply adjudicated in the State foreclosure action, this Court prior to the matter being re-referred, McCray's own bankruptcy action, well as in the Court of Appeals for the Fourth Circuit, all of which was discussed by the Defendants in their recent opposition to McCray's Motion for Injunctive Relief.

9. Factually, as in the deposition taken by McCray, while counsel will not advise McCray how to undertake discovery, those documents should have been sought in prior litigation with those parties all of whom have been dismissed from this case. Indeed this Court had in the past suggest that McCray retain counsel but she has failed to do so she should not be permitted to use the *pro se* lack of knowledge excuse at this juncture.

10. Again, the information sought by McCray has nothing to do with the underlying claims as to verification of the debt or the issues which in any way mislead McCray and will not lead to admissible information or evidence for the establishment of same. The discovery sought only goes to the right of the secured party and the servicer to foreclose which as previously addressed to the Court has been addressed and most recently by the Maryland Court of Special Appeals in its

---

[1] The Defendants have provided the Plaintiff in discovery with the referral document from Wells Fargo Bank who is servicer for Federal Home Loan Mortgage Corporation, but has refused to provide any contractual agreements between them as counsel and Wells Fargo Bank and Federal Home Loan Mortgage Corporation as that is irrelevant to any issues before the Court.

decision.[2]

11. As such, the Defendants believed that the Motion had been denied so there was no need to respond, but if the Court directs otherwise , the Defendants request an opportunity to respond to the Motion in detail and that the Courts Order of December 3, 2012 be struck pending the Courts clarification.

WHEREFORE, for the reasons set forth herein as well as in the attached exhibit, the proposed Defendants opposition to the Motion to Compel which delineates the in greater detail the opposition to the specific discovery sought, the Defendants pray:

a. That the Court exercise its discretion and reconsider it Order of December 3, 2018 directing discovery sought by the Plaintiff, striking same.
b. That the Court  clarify the situation and if the Court so decides that a response should be filed that the Court direct same be filed by the Defendants and then accept the Defendants Opposition to the Plaintiff's Motion to Compel *nunc pro tunc* and reconsider the scope of the Motion.
c. For  such other and further relief that the Court deem just and proper.

Respectfully Submitted:
Samuel I. White, PC

/s/ Robert H. Hillman
Robert H. Hillman, MD 06910
611 Rockville Pike #100
Rockville, MD 20852
    301-804-3385
    Fax 301-838-1954
rhilllman@siwpc.com
Attorney for Samuel I White
P.C. and the SIWPC Individuals

---

[2] The undersigned has been advised that McCray has filed a petition for certiorari with the Maryland Court of Appeals in the interim which matter si being handled by separate counsel.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on December 3, 2018 I filed via CM/ECF and served by first class mail, postage prepaid, a copy of the foregoing to: Renee L. McCray, 109 North Edgewood Street, Baltimore, MD 21229, Plaintiff;

                                                  /s/ Robert H. Hillman
                                                  Robert H. Hillman