IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Northern Division)

| | |
|---|---|
| RENEE L. McCRAY | : |
| Plaintiff | : |
| v. | : Case 1:13-cv-01518 -ADC |
| SAMUEL I WHITE P.C.  et al | : |
| Defendants | : |

**DEFENDNATS RESPONSE TO COURT DIRECTION (ECF 155)**

   Comes now the Defendants, Samuel I. White, PC (the "White Firm"), and John E. Driscoll, III, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds (SIWPC and the individuals as "Substitute Trustees")(collectively hereinafter referred to as "the SIWPC Defendants), by and through undersigned counsel and responds to the Court (ECF 166)  concerning why there was non-compliance with  its direction (ECF 155)  and states as follows:

1. Initially as previously indicated  to the Court in its prior response, (ECF 163) Defendants were under the belief that the Motion to Compel (ECF  143)  and its corresponding motion for reconsideration were denied and the issue was complete. Clearly it was a mistaken conclusion.
2. In the present case Counsel for the Defendants responds by advising the Court that for some unexplainable reason, that he inadvertently and without any willfulness or intention, in his haste,  mis-read the Courts Order of November 14, 2018. There was no intent or other ulterior reason, it was that just that counsel mis-read the Order and did not realize that a response was required to the prior denied Order. Again as the prior response indicated , the Order and its reconsideration were denied by this Court and for some unexplainable reason the reading of the Order only registered as a

   change in the Courts Scheduling Order.

3. In this regard, as is more fully delineated in the response to the Motion to Compel a copy of which is attached hereto as Exhibit A and which is being filed contemporaneously herewith, there really is no prejudice sustained by the Plaintiff due to the delay, as the information that was sought in discovery is inappropriate, irrelevant, either beyond the scope of discovery or would not lead to admissible or probative evidence, as to the issues before the Court. Indeed, to the extent applicable and or relevant the information and documents have been provided repeatedly to Ms. McCray.

4. A reading of McCray's Motion indicated that she construes that what has been provided to her by way of documents and interrogatory answers are insufficiently responded to, when it is in fact all the documents that are relevant to the rather very narrow issue of validation of the debt. As discussed in the response to her Motion and as discussed with her in an attempt to resolve the discovery dispute, it appears that Ms. McCray actually is trying to obtain the additional information that goes to the ancillary issue of the foreclosure action itself, which is irrelevant to the instant cause of action. IN the State foreclosure action she is not entitled to discovery at this juncture of the proceedings so what she is trying to do is undertake discovery in this case for that matter. As the Court has seen as she professed in her Motion for Injunctive Relief, she is trying to collaterally attack the foreclosure action and its resulting sale.

5. With regard to the Courts question dealing with a failure to timely respond, yes the undersigned admits he did not respond to the Courts direction but the failure was a result of a an unconscious error without intent or malice, and the failure to reply should be construed as excusable neglect.

6. But counsel is fully aware, that merely establishing "excusable neglect" does not entitle one to relief from the filing deadline; even upon a showing of "excusable neglect,". Under the circumstances, whether to grant an enlargement of time still remains committed to the discretion of the district court. *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 532 (4th Cir. 1996); Cf. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 398–99, 113 S.Ct. 1489, 1500, 123

    L.Ed.2d 74 (1993) (O'Connor, J., dissenting) ("Thus, the court must at the threshold determine its authority to allow untimely action by asking whether the failure to meet the deadline resulted from excusable neglect; if the answer is yes, then the court should consider the equities and decide whether to excuse the error." ).

7. Here, McCray has had an extension of discovery in the past and if appropriate necessary, which the undersigned believes it is not, the Court can extend the discovery for a very limited purpose as the Court deems appropriate, thereby balancing the equities and her relative harm. Thus McCray has and is not prejudicially burdened as a result of the undersigns harmless error.

8. Again, while it is not an excuse to Defendants error, McCray has not only barraged the Court but the undersigned, with excessive piecemeal discovery correspondence and motions. When taken with the undersigned recent hearing calendar, and the thanksgiving holidays in which counsel was out of the office for several days on preplanned family matters, counsel has attempted to balance his time accordingly and in doing so may have acted in haste and not reviewed the Order as judiciously and carefully as he should have. Again, while it is no excuse to failing to timely respond to the Court's directive, counsel did want the Court to understand that it was not a willful or intentional omission, but merely an oversight  mistake,  by probably not reading the Order more carefully. With all candor, when I read the Order  for whatever the reason the only thing sticking out was that discovery was extended and dispositive motions time schedules were extended. In the end counsel missed the line requesting a response to the prior denied Motion to Compel (ECF 143) and the reconsideration this Court also denied after McCray wrote about. See, *In re South Atlantic Financial Corp.*, 767 F.2d 814, 819 (CA11 1985) (The focus of Bankruptcy Rule 9006 (computing and extending time, time for motions papers)  is on the omission and the reasons therefor rather than on the effect on others), cert. denied, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986).

Accordingly, the undersigned sincerely apologizes to the Court and to Ms. McCray   for any inconvenience this may have caused. In this regard, the undersign moves for permission to act, having missed a deadline and to have the Court exercise its equitable discretion under the circumstances and relative to the underlying issues and allow the response, a copy of which is

attached hereto, to be accepted *nunc pro tunc* as the failure to respond was the result of excusable neglect.

Wherefore the premises considered, the Defendants through counsel pray,

a. That the Court accept the Defendants response (ECF 155) as directed by the Court (ECF 166) provided in its explanation, with the undersigned's sincere apology; and
b. That the Court exercise its equitable discretion, and accept the Defendants response to the Plaintiff's Motion to Compel (ECF 143), *nunc pro tunc.*
c. For such other and further relief that the Court deem just and appropriate.

Respectfully Submitted:
Samuel I. White, PC

/s/ Robert H. Hillman
Robert H. Hillman, MD 06910
611 Rockville Pike #100
Rockville, MD 20852
301-804-3385
Fax 301-838-1954
rhilllman@siwpc.com
Attorney for Samuel I White
P.C. and the SIWPC Individuals

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2018 I filed via CM/ECF and served by first class mail, postage prepaid, a copy of the foregoing to: Renee L. McCray, 109 North Edgewood Street, Baltimore, MD 21229, Plaintiff;

/s/ Robert H. Hillman
Robert H. Hillman