IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Northern Division)

| | |
|---|---|
| RENEE L. McCRAY | : |
|    Plaintiff | : |
|       v. | : Case 1:13-cv-01518 -ADC |
| SAMUEL I WHITE P.C. et al | : |
|    Defendants | : |

DEFENDANTS RESPONSE TO MOTION TO COMPEL (ECF143)

Comes now the Defendants, Samuel I. White, PC (the "White Firm"), and John E. Driscoll, III, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds (SIWPC and the individuals as "Substitute Trustees")(collectively hereinafter referred to as "the SIWPC Defendants), by and through undersigned counsel and responds to the Plaintiffs Motion to Compel ((ECF 143) and states as follows

1. Initially the Defendants have previously produced all documents in the Defendants possession that are relevant and responsive to the issues before the Court to the Plaintiffs requests. Defendants have objected to certain sought documents including the legal retainers and retention contracts involving Samuel I White P.C. and Wells Fargo and Federal Home Loan Mortgage Corporation, Samuel I White PC corporate records as to appointing Robert H. Hillman an assistant vice president of the professional legal corporation, and documents indicating that the SIWPC Defendants attorney retention agreements with and for Federal Home Loan Mortgage Corporation in the State foreclosure Action, all of which are completely irrelevant to the instant FDCPA litigation debt validation and will not lead to admissible nor discoverable

evidence. In addition because of the repeated criminal and bar complaints filed by the Plaintiff such information cannot be provided and there is the presumption that it will be improperly disseminated or otherwise used by the Plaintiff. Indeed there is nothing in any of the documents which is relevant for the instant debt dispute litigation and McCray cannot and has not validated why she believes that same is relevant.

2. While McCray questions the authority of the SIWPC Defendants to act on behalf secured parties, there is a case referral acknowledgment from the secured parties and a recorded Deed of Substitution of Trustees signed by the servicer appointing the SIWPC Defendants to act on behalf of the secured party's. Secondly, Wells Fargo previously has verified that they are the servicer and that Federal Home Loan Mortgage Corporation is the investor independently of the verifications provided by the SIWPC Defendants as well as advising McCray in 2012 (Document bates stamped P-015) that the SIWPC was representing the secured parties in the collateral condemnation. Thirdly, the United States Bankruptcy Court made Findings and Conclusions in support of the Dismissal of the Amended Adversary Action filed by the Plaintiff in that Court and found that Wells Fargo was the holder of the note with authority provided by the investor to enforce the loan. Once again the SIWPC Defendants were representing the secured parties in that Court. As such the re-asserted documentation requested is irrelevant to the instant matter as this very issue has been decided, or validate by the Court or with documents already provided.

3. As for the documents produced, McCray admits that she has received 169 pages of documents . In addition she was provided with 27 exhibit documents at her

deposition. McCray already has all the documents and records of the State foreclosure case, the Bankruptcy litigation and the matters solely involving Wells Fargo.

4. While McCray contends that the documents provided were not responsive to her requests, the truth of the matter is that they were, and that she just is not satisfied with what she has received. She seems to believe that there is some smoking gun document when there really is not. In addition, all documents pertaining to referral for foreclosure were provided to the Plaintiff and are marked as P 116-118. Loan verification information from 2011 through 2013 from Wells Fargo the servicer was provided to her independently of this case. The verification letter of December 3, 2012 (P140) the Substitution of Trustee is signed by Wells Fargo (P 85-87). Additionally McCray received 27 exhibit documents at her deposition on August 2, 2017. Once more, the retainer agreements with the servicer is irrelevant and the referral document (P 116-118), the NOI, and the documents supplied to McCray prior to debt letter being sent all clearly reflect the name of the secured parties and that they would be represented by Samuel I White P.C. (See P24-25, 100-101,102 Copies attached as Exhibit 1).

5. As to McCray's Production of Documents issues raised, the Defendants responses are indicative of this issue:

   a. Production #1. She was provided all documents previously. There are no additional documents See P1-P169
   b. Production #2 P140 the December 3, 2012 Verification letter McCray claims she did not receive.
   c. Production #3 The Substitution of Trustee signed by Wells Fargo P 85-87
   d. Production #4 The Production requests a legal conclusion as to producing documents that " identify the Corporate Assignment of Deed of Trust [P81-84]as a "valid Assignment". The corporate assignment is recorded and the Bankruptcy

      Court in the Findings of Fact [P74-80] found the Assignment to be valid and that Wells Fargo was entitled to enforce the obligation

    e. Production #5 Requested Documents "that the alleged debt was assigned with the Corporate Assignment". This is a rather confusing issue as the Assignment [81-83] reads that there is an assignment of the deed of trust and " beneficial interest under the deed of trust" The document speaks for itself. Again the Bankruptcy Court and the State Court in the foreclosure already determined this fact.

    f. Production#6  Documents showing Federal Home Loan Mortgage Corp as investor. The Notice of Intent to foreclose sent to McCray that is recorded with the Md. Department of Labor Licensing and Regulation [P119-124] informs the state they are and the findings by the Bankruptcy Court [74-80] found they were.

    g. Production #7 The Foreclosure filed documents in McCray's possession indicate that. Clearly it would be an unduly cost prohibitive to again reproduce the entire foreclosure action file when McCray already has same. Additionally this issue is irrelevant. The question is the verification of the debt and that was done by the documents Wells Fargo provide in 2011 and 2012 plus documents numbered P15,16,24,25,71-80,84,98,99,100,101,102,103,106,107,116-118,119,120-124, 137-139

6. With regard to the validation of the debt, this was done by the law firm. The Substitute Trustees are named in Maryland as individuals need to be appointed, since corporate entities cannot act as trustees to foreclose. Thus the individual named substitute trustees are not obligated to verify anything. Here the verification occurred 3 months before the foreclosure action which has the Substitute Trustees and to act as party plaintiffs, was ever docketed. So McCray has confused who is obligated to do what and when.

7. Again the very information demanded by McCray is not reasonably calculated to lead to the discovery of admissible or relevant evidence, especially when that evidence deals not with whether a debt had been verified, but is sought in an attempt to collaterally attack the ancillary foreclosure action and sale.

8. As to the depositions, McCray unilaterally set the date of these depositions. Besides the dates conflicting with available dates of the undersigned, when counsel checked

4

with the witnesses (who are attorneys) they were not available on the date selected. Defendants then provided the Plaintiff with additional dates. The parties then agreed to September 18, the eve of the Jewish holidays which is celebrated by the undersigned and 2 of the deponent witnesses. Ms. McCray agreed to the September 18th date an then proceeded to send deposition notices for that date.

9. There was no discussion with regard to any documentation provided.

10. McCray then sent new deposition notices on August 20. No subpoena duces tecum was issued to any of the Defendants in conformity with any rule or Fed Rule 34.

11. As there was no 30 day notice provided relative to the witnesses, no documents were provided at the deposition. As Ms. McCray stated "[I}f the Plaintiff had known she would have requested a subpoena duecs tecum...". This was her mistake and there was no obligation on the part of counsel to school her in how to undertake discovery which was a concern broached by Judge Russell early in the litigation.

12. Invariably, what is occurring is an attempt to undertake discovery not as to the claim now before the Court, but in an attempt to collaterally attack the ancillary foreclosure action. That action has progressed to a sale occurring and has had the right to foreclose validated by the Maryland Court of Special Appeals and the Federal Courts. This decision mirrors that of the Bankruptcy Court which was affirmed not only by this Court but by the Fourth Circuit Court of Appeals. Accordingly, the documents and information sought are irrelevant and Plaintiff has been unable to date to validate any need or how they are germane in this case. Regardless all germane information and documents have been provided to the Plaintiff by the Defendants and the instant motion is without merit.

Wherefore the premises considered, the SIWPC Defendants through counsel pray,

a. That the Court accept the Defendants response to the direction of the Court (ECF 155); and,

b. That the Court exercise its discretion and accept the Defendants response to the Plaintiff's Motion to Compel (ECF 143), *nunc pro tunc,*

c. For such other and further relief that the Court deem just and appropriate.

Respectfully Submitted:

Samuel I. White, PC

/s/ Robert H. Hillman
Robert H. Hillman, MD 06910
611 Rockville Pike #100
Rockville, MD 20852
    301-804-3385
    Fax 301-838-1954
rhilllman@siwpc.com
Attorney for Samuel I White
P.C. and the SIWPC Individuals

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2018 I filed via CM/ECF and served by first class mail, postage prepaid, a copy of the foregoing to: Renee L. McCray, 109 North Edgewood Street, Baltimore, MD 21229, Plaintiff;

/s/ Robert H. Hillman
Robert H. Hillman