BALTIMORE-NIGHT BOX
2019 MAR -7 PM 5:34
U.S.
DISTRICT OF MARYLAND COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RENEE L. MCCRAY** | } | |
| *Plaintiff,* | } | |
| vs. | } | **Civil Action No.: ADC-13-CV-1518** |
| **SAMUEL I. WHITE, P.C., et al.** | } | FILED _____ ENTERED _____ LODGED _____ RECEIVED |
| *Defendants* | } | MAR 7 2019 |
| | } | CLERK U.S. DISTRICT COURT DISTRICT OF MARYLAND NIGHT DROP BOX |

## PLAINTIFF'S NOTICE OF OBJECTION TO THE COURT'S
## MEMORANDUM AND ORDER DATED 02/26/2019

Renee L. McCray, Plaintiff, in the above referenced case files this Notice of Objection to Magistrate Judge A. David Copperthite's Memorandum and Order dated February 26, 2019, and states the following:

### Notice of Objection

The Plaintiff is not in agreement with the Memorandum and Order that is factually and legally inaccurate. The Plaintiff will point out those areas and move the Court to reconsider it Order, before the Plaintiff files her appeal. Therefore, the Consumer states the following:

1. The Plaintiff objects to Magistrate Judge Coooerthite's granting the Defendants motion for summary judgment. When the Plaintiff filed the amended complaint, the Plaintiff requested a "Jury Trial". The Plaintiff is not aware nor did she knowingly waive any rights to a jury trial when she consented to this case being assigned to a magistrate judge. There are genuine issues of material facts in dispute and there is sufficient evidence that a reasonable trier of fact could resolve these issues in the Plaintiff's favor; therefore the Plaintiff objects to the granting of summary judgment to the Defendants and denial of the Plaintiff's motion for summary

judgment. A factual issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2. The Plaintiff also objects to the granting of summary judgment to the Defendants because the SIWPC Defendants refused to provide the Plaintiff the discovery sought in the motions to compel, in which the Court granted without opposition (Docs. 154 and 162). The Plaintiff objects to the court not responding to the Plaintiff's request to file a revised Motion to Compel Plaintiff's Third Set of Discovery Request for the Defendants (Doc. 161). The Plaintiff also objects to the Court stating the motions are moot and are "not relevant to the summary judgment motions before the Court." The Court granting the Defendants summary judgment would be grossly premature and improper at this time because the SIWPC Defendants have failed to comply with the Court's orders, as stated in the Plaintiff's Opposition (Doc. 178, pgs. 1-3). When the Defendants failed to comply with the Court's orders, sanctions should have been issued. The Court's action to moot the discovery is prejudicial to the Plaintiff and is denying the Plaintiff equal protection of law.

3. Plaintiff also object's to the Court's stating the 15 U.S.C. § 1692g(b) is the Plaintiff's only remaining violation of the FDCPA. On 11/13/2017, Plaintiff was granted permission by Judge Russell in his Memorandum to amend the complaint, which the Plaintiff did and asserted the violations stated in the amended complaint. It is the Plaintiff's understanding that when Judge Russell granted permission to amend the complaint, the Plaintiff could assert these FDCPA violations in the amended complaint and that the amended complaint was the operative complaint. The Plaintiff objects to the Court not addressing the violations stated in the amended complaint and summary judgment.

4. Plaintiff objects to the Court's conclusion that the "Defendants provided proper verification of the debt to the Plaintiff." The Plaintiff also objects that there is no admissible evidence to substantiate the Court's opinion that "there is no genuine issue of material fact with respect to the violation of 15 U.S.C. § 1692g(b)." The Plaintiff filed the following documents as evidence to support the Plaintiff's claim that the Defendants never verified and validated the alleged debt, violating 15 U.S.C. § 1692g(b): (1) a letter dated 07/08/2013 from the USPS Consumer Affairs stating that the USPS had no record of the certified mail number the SIWPC Defendant alleged was on the December 3, 2012 letter (Doc. 176, Exhibit I); (2) Plaintiff's letter dated

August 14, 2013 giving the Defendants an opportunity to remove the false document from the record (Doc. 176, Exhibit J), (3) a copy of the Attorney Grievance Complaint the Plaintiff filed against the SIWPC Defendant and its attorney for filing the fabricated document into the court record (Doc. 176, Exhibit L); (4) the Plaintiff also submitted two affidavits; one to support her motion for summary judgment and the other in support of her opposition to the Defendants motion for summary judgment, testifying with personal, first-hand knowledge that the December 3, 2012 letter was never received by the Plaintiff; and (5) the deposition of **Daniel Pesachowitz testifying to the fact that he has no personal, nor first-hand knowledge that the December 3, 2012 letter was ever mailed to the Plaintiff; and he testified that SIWPC does not have in its possession, a USPS certified mail receipt for the certified mail number stated on the December 3, 2012 letter, nor a USPS return mail receipt to verify that the Plaintiff received the document** (Doc. 178, Exhibit L).

Further, Judge Russell's stated in his Memorandum dated 01/24/2014 that the Defendants could not use the December 3, 2012 letter because the Plaintiff challenged its authenticity. Judge Russell also stated the same in his orders dated 03/29/2017, 03/31/2017, and 11/13/2017. The Plaintiff objects to the Court allowing the document as admissible evidence in order to grant the Defendants summary judgment, after Judge Russell ruled the document could not be used. Also, the Defendants have not submitted an affidavit refuting the Plaintiff's supporting affidavits, nor have they submitted an affidavit from any individual from the SIWPC law firm that has personal, first-hand knowledge and can testify under oath, that the December 3, 2012 letter was mailed to the Plaintiff by "regular mail" or certified mail.

5. The Plaintiff also objects to the Court's conclusion that "if there was any violation of § 1692g(b), it was not intentional, and Defendants are entitled to the statutory defense of bona fide error." The Defendants have not proven any of the elements for bona fide error. It appears the Court did not consider any of the Plaintiff's arguments to the Defendants attempting to use a "bona fide error" excuse stated in the Plaintiff's opposition (see Doc. 178, pg. 20, ¶¶2 and 3), "this argument must fail because the SIWPC Defendants never validated the alleged debt and cannot provide any material fact evidence that the alleged December 3, 2012 letter was mailed to the Plaintiff before they filed the state 2013 non-judicial foreclosure action... As for the SIWPC Defendant now stating "bona fide error" must also fail for the SIWPC Defendants

trustees "collectively" as Plaintiffs in the foreclosure action never verified and validated the alleged debt as requested (see 4th Amended Complaint §§16-19)."

7. Plaintiff objects to the Court's stating the "Plaintiff has alleged no damages and no nexus to the foreclosure action already approved by the courts." First, the Plaintiff has submitted insurmountable evidence that the Defendant violated § 1692g(b), by not verifying and validating the alleged debt, and refusing to cease collection activity, the alleged substitute trustees violated federal law when they filed the 2013 non-judicial foreclosure action in their attempt to the collect the alleged debt. Further, the Plaintiff has simultaneously been fighting the illegally filed 2013 state foreclosure action and this federal case for over 6 years; the Plaintiff has proven she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Plaintiff has submitted significant evidence of the Defendants misrepresentation to the Maryland courts and has in her possession undisputed evidence that the counsel for the Defendants, Mr. Hillman, has committed a crime pursuant to Maryland Criminal Law Title 8, Subtitle 6 Counterfeiting of Private Instruments and Documents. As stated in Doc. 180, pgs. 6 and 7, "the Plaintiff recently received material fact evidence (video recording and documentation) that the Note that the SIWPC Defendants used in the Plaintiff's bankruptcy proceeding, was a counterfeit instrument. The Note presented in the court to the Plaintiff by Defendant Kimberly Lane in the bankruptcy 2014 relief from stay hearing and again by the SIWPC Defendants attorney, Mr. Hillman, was supposed to be an original instrument, when it was another false, misleading and deceptive, document. It was also a crime pursuant to Maryland Criminal Law Title 8, Subtitle 6 Counterfeiting of Private Instruments and Documents. The only reason the bankruptcy court stated Wells Fargo had authority to enforce the note was because the bankruptcy court presumed the note was an original instrument, when it was not. The bankruptcy findings should be void since it was obtained improperly. If the bankruptcy findings are not void from the SIWPC Defendants misrepresentation that the counterfeit instrument was the original note, the court's findings should be enjoined from trying to enforce it since the judgment was obtained improperly."

8. The Plaintiff also objects to the Court's presumption that the documents the Defendants submitted from Wells Fargo are accurate, neither the Plaintiff, nor any court in Maryland is in

receipt of any evidence that Federal Home Loan Mortgage Corporation is the Plaintiff's creditor, a secured party, an investor or an injured party to the alleged debt; and neither the Plaintiff, the Court, nor any court in Maryland are in receipt of any evidence to the contrary. The Defendants refuse to comply with this Court's orders to produce Plaintiff's discovery requests, that would prove beyond a reasonable doubt that the SIWPC Defendants do not represent a creditor of the Plaintiff, a secured party, an investor or an injured party to the alleged debt; and neither the Plaintiff, nor any court in Maryland are in receipt of any evidence to the contrary. Lastly, the FDCPA was designed to protect consumers from unscrupulous 'debt collectors' illegal conduct and behavior, whether or not there exists an alleged debt or not.

**THEREFORE**, for the reasons stated above, and others not mentioned, the Plaintiff objects to Magistrate Judge Copperthite's Memorandum and Order dated February 26, 2019.   After considering the Plaintiff's objections it is the Plaintiff's wish that the Court reconsider its Order granting the Defendants summary judgment and dismissing the Plaintiff's complaint.

All Rights Reserved Without Prejudice,

Renee L. McCray, Consumer
c/o 109 Edgewood Street
Baltimore, MD  21229
(410) 945-2424

## AFFIDAVIT

I, Renee L. McCray, Plaintiff, does hereby certify that the facts set forth in this Notice of Objection are true and correct to the best of my information, knowledge and belief.

Renee L. McCray

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of this Notice of Objection was sent to the following listed below by First Class Mail on March 7, 2019.

Robert H. Hillman
c/o SAMUEL I. WHITE P.C.
611 Rockville Pike, Suite 100
Rockville, MD  20852

Renee L. McCray